CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
*in propria persona*
CARLWSOJ@GMAIL.COM
+1 936 937 2688

FILED
JUL 25 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## DISTRICT OF CALIFORNIA
## NORTHERN DISTRICT

| | |
|---|---|
| CARL A. WESCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>FREDERICK C. FIECHTER, IV;<br><br>DAVID M. ZEFF, ESQ.;<br><br>ROBERT N. WEAVER, ESQ.<br><br>Defendants.<br><br>+ DOES 1 through 25 | Civil Action No. CV22-4288<br><br>**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT**<br><br>JURY TRIAL REQUESTED |

Plaintiff Carl Wescott, proceeding *pro se*, complains against Defendants Frederick C. Fiechter, IV, Mr. David M. Zeff, esq., and Mr. Robert N. Weaver, esq. and in support of his complaint, the Plaintiff states as follows:

**PARTIES**

1. The Plaintiff, Carl Wescott is an individual residing in Scottsdale, Arizona.

2. Defendant Frederick C. Fiechter, IV ("Fiechter") is an individual residing in San Francisco, California.

3. Defendant David M. Zeff ("Zeff") is a licensed attorney and a resident of the San Francisco metropolitan area. Zeff operates a law office that specializes in "commercial disputes and collections", as his own web site and marketing states. Indeed, the Plaintiff first encountered Mr. Zeff in his attempt to collect on a debt for Defendant Mr. Fiechter, from he and his ex-wife Ms. Monette R. Stephens, after he and his ex-wife had declared chapter 7 bankruptcy.

4. Defendant Robert N. Weaver is a licensed attorney and a resident of the San Francisco Bay Area. Mr, Weaver operates a law office under the name/brand of "Law Office of Robert N. Weaver". According to the California Bar, Mr. Weaver's office is at 1388 Sutter Street, Suite 810, in San Francisco.

## JURISDICTION and VENUE

5. This is an action for damages pursuant to 91 Stat. 874 and 15 U.S. Code § 1692-1692p based upon the violations of the Plaintiff's rights and the resulting damages.

6. Jurisdiction in the United States District Court exists pursuant to 28 U.S.C. § 1331 and 1343 based on 91 Stat. 874 and 15 U.S. Code § 1692-1692p and questions of federal law.

7. This particular Court has jurisdiction over these federal law issues due to these Defendants' violations of federal law in this district, specifically the rights the auspices of 91 Stat. 874 and 15 U.S. Code § 1692-1692p. This Court can therefore assert jurisdiction.

8. As stated above, the instant case qualifies for United States District Court with its federal issues of law, under the FDCPA (Fair Debt Collection Practices Act). This Court can therefore assert jurisdiction over these Defendants.

PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA
(FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT.
874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

9. The Fair Debt Collection Practices Act ("FDCPA"), Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on September 20, 1977 is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act. It was enacted by the 95th United States Congress, amending the Consumer Credit Protection Act with the intent to prohibit abusive practices by debt collectors.

10. The FDCPA is public law Pub.L. 95–109, is embodied in statutes at large at 91 Stat. 874, amended Title 15, and is further codified in our federal United States Code at 15 U.S.C. §§ 1692–1692p.

11. Conjunctively and alternatively, the case at bar also qualifies for federal court under 28 USC 1332, with its complete diversity of citizenship, and well over $75,000 of damages.

12. With all three Defendants being citizens of this district, this Court is also an appropriate venue.

13. Continuing on with the second way the instant case qualifies for federal subject matter jurisdiction, with damages of $75,000 and the diversity of citizenship of Plaintiff and Defendants, the Plaintiff's legal complaint would qualify for United States District Court under 28 U.S. Code § 1332(a)(1):

> DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS
>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;   *(28 U.S. Code § 1332 (a)(1))*

14. The Plaintiff resides in Arizona and the three defendants are citizens of California.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;**

15. Thus, in addition to the damages well over $75k, the parties have complete diversity of citizenship as well.

16. Supplemental jurisdiction over the Plaintiff's California state law claims is pursuant to 28 U.S. Code § 1367(a) and the facts that the individual defendants live and work in this district, and the tortious acts, non-acts, and negligence complained of herein occurred here, too.

**FURTHER ALLEGATIONS REGARDING CONSPIRACY**

17. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Mr. Fiechter, Mr. Zeff, and Mr. Weaver, in addition to acting for themselves, as well as for the benefit of their marital communities (if any), are and were acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

18. Upon information and belief, there are individuals besides Fiechter, Zeff, and Weaver, who, in addition to acting for himself/herself and on his/her own behalf individually, as well as for the benefit of his or her marital community (if any), also were and are acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

19. Plaintiff further alleges on information and belief that the acts and non-acts of each of the individual Defendants were fully ratified by each and all the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

20. In addition, upon information and belief, there exist one or more nefarious corporate or LLC or other entity type Defendants involved in these conspiracies, currently unknown to Plaintiff. They shall emerge with the benefit of legal discovery.

21. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, any and all such corporate entities, in addition to acting for itself/themselves and for its/their own behalf, was and were acting as the agent, servant, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

22. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

5
PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

## NARRATIVE, FACTS, AND ALLEGATIONS

23. From 2003 through 2011, the Plaintiff had staked out a unique position for himself as a residential real estate developer in Central and South America.

24. The Plaintiff took the money he had previously made in the technology industry in Silicon Valley and invested it mainly in residential real estate and then later, in real estate development.

25. The Plaintiff often obtained a high multiple of his original cash investment. The Plaintiff's model proved to be successful generating significant profits and high internal rates of return.

26. At one point, the Plaintiff had accumulated a personal fortune over one hundred million dollars of assets, with total equity approaching US $100 million.

27. However, when the Plaintiff became more asset-heavy and cash-light he began to borrow money to meet his obligations.

28. Later, the Plaintiff purchased a home in Tahoe from Defendant Mr. Fiechter, and borrowed US $1,050,000 from Mr. Fiechter for that transaction. Indeed, the entire household purchase of $1,050,000 was borrowed from Mr. Fiechter on a promissory note.

29. Liquidity issues then caused the Plaintiff to experience difficulty in repaying debt to Mr. Fiechter and to other investors who lent the Plaintiff money.

30. The Plaintiff possessed assets that were a significant multiple of his personal debt.

31. In late 2009, after the credit crunch of September 2008, the Plaintiff tried to reach out to Fiechter to fairly and reasonably restructure his debt.

32. Fiechter refused to enter good faith negotiations, broke off contact, and sued the Plaintiff in the Superior Court of San Francisco, case number CGC-10-496091 ("the Case") in January 2010.

33. While Fiechter, via his agents, had the Plaintiff's ex-wife Monette Stephens personally served, for some reason, Fiechter and his attorneys never bothered to serve the Plaintiff for the Case.

34. The Plaintiff and his ex-wife Monette Stephens declared chapter 7 bankruptcy on January 17th, 2012, and the Case was put on hold for some time.

35. Mr. Guy Kornblum, Mr. Weaver, and Mr. Zeff were the three main Fiechter attorneys pursuing their client's debt collection via legal complaints, and also the credit side of the Plaintiff's chapter 7 bankruptcy.

36. Mr. Weaver and Mr. Zeff are regularly in the business of debt collection; indeed, Mr. Zeff specializes in this area among others (e.g., also, attorney-client fee disputes).

37. Indeed, it was the attorneys' specialty in this area that caused them to advise Fiechter to add allegations of fraud to his legal complaint to "bankrupt-proof" his then-future-judgment.

38. Ironically, it was these allegations of fraud that were false.

39. In 2015, Fiechter and his attorney Mr. Zeff continued the Case, filing a Third Amended Complaint.

40. Fiechter was required to serve the Plaintiff at that point, so that he was aware of the legal proceedings and could Answer the complaint and defend himself.

41. Utilizing the skillful but unscrupulous services of Defendant Zeff, Feichter obtained a Default judgment by "serving" the Plaintiff by mailing the Plaintiff "care of" the *city* of San Pedro Honduras while electronically copying an obsolete email address.

42. The Plaintiff attaches the "proof of service" as Exhibit "A" hereto.

7
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;**

43. Fiechter's "service" of the Plaintiff, via his agent Zeff, was entirely fraudulent and designed by Zeff to circumvent the legal process and the Plaintiff's rights to defend himself.

44. To wit, Mr. Zeff's novel attempt at service blatantly violated CCP 1013.

45. Further, even if the email address had not been obsolete Mr. Zeff's email service would have required the Plaintiff's consent, as per California Rule of Court 2.251.

46. Ironically, Fiechter's judgment for (civil) fraud was in itself fraudulent.

47. Had the Plaintiff had the opportunity to rebut Fiechter's false allegations, that cause of action would have failed.

48. As per the Declaration of Mr. Zeff (filed in the Case docket) on the Ides of March in 2021 (March 15th, 2021), Fiechter's July 14th, 2015 judgment was for $1,490,032.31.

49. The great majority of the $1,490,032.31 owed by the Plaintiff was the US $1,050,000 borrowed from Fiechter for the purchase of his Tahoe house, plus interest thereunder.

50. With a judgment obtained by extrinsic fraud and improper service, Feichter and Zeff undertook a scorched earth campaign of collection.

51. The Plaintiff informed Zeff (and through Zeff, Feichter) that the Judgment was invalid by reason of extrinsic fraud and subject to being vacated under CCP 473 and the Court's inherent equitable power.

52. Zeff responded by accelerating improper and unlawful collection methods.

53. Zeff's improper collection methods included, but were not limited to, attempting to garnish revenues from the Plaintiff's business counter-parties and improperly obtaining privileged and confidential information about the Plaintiff's assets and business plans.

8

PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

54. But, more fundamentally, the Judgment hung over the Plaintiff and his business dealings like the sword of Damocles at all times.

55. The Plaintiff was ethically required to disclose the existence of the Judgment to prospective lenders, clients and counter-parties which essentially shackled the Plaintiff's ability to do business since the aggressive and intrusive Mr. Zeff was poised to subpoena, levy, and/or otherwise harass any business contact the Plaintiff approached.

56. Indeed, Zeff did exactly that.

57. It is the Plaintiff's position that the Judgment was obtained as a direct result of an extrinsic fraud on the San Francisco Court. The Plaintiff does not call into question the facial validity of the Court's ruling but rather seeks damages proximately caused by that extrinsic fraud. *Kougasian v. TMSL*, Inc. 359 F.3rd 1136 (9th Cir. 2004).

**The SparkLabs Group**

58. The largest source of harm caused to the Plaintiff lay in Fiechter's false allegations of fraud, which resulted in that fraudulent judgment for fraud.

59. On October 26th, 2017 the Plaintiff accepted a full-time position as the Managing Director of a fund, the SparkLabs Smart City and IoT Fund ("SparkLabs IoT").

60. In March 2019, the Plaintiff was asked to scale back his responsibilities at the fund, as his partners at the SparkLabs Group had found out about the judgment for fraud.

61. What was really happening behind the scenes is that the Plaintiff had discovered securities fraud at the SparkLabs Group and had insisted on it being cleaned up.

9
PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA
(FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT.
874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

62. The Plaintiff had threatened to whistleblow to the SEC, and indeed, he did whistleblow to the SEC.
63. The Plaintiff believes he was actually fired in retaliation for his whistleblowing, and that the explanation of the fraudulent judgment for fraud was just a cove, one of two cited by Mr. Bernard Moon as reasons the Plaintiff was being pushed out and terminated.
64. Indeed, the Plaintiff believes that having engaged in fraud, and having those allegations of fraud be proven in a civil or criminal court, should be a valid reason to fire the Managing Director of a fund.
65. The judgment for fraud gave SparkLabs the legal cover for the SparkLabs Group along with its attorneys at Cooley LLP to "legally" fire the Plaintiff when in fact there was no valid legal reason to do so.
66. Whistleblowers are in a protected class and cannot be terminated for their whistleblowing.
67. Thus, Fiechter, Zeff, and Weaver's fraudulent judgment for fraud is on of the reasons the Plaintiff has lost many hundreds of thousands of dollars in salary and much larger amounts in performance-based compensation.
68. The Plaintiff has written to Zeff, Weaver, and Fiechter on multiple occasions, imploring them to correct the injustices of their fraudulent judgment, including its untrue allegations of fraud.
69. The Plaintiff believes in the Greek ideals of truth, beauty, good, and justice.
70. Despite what is occurring now in the United States, the Plaintiff still believes in the legal foundations of our society, and in law and order; he knows that the scales of justice shall be properly righted.

10
PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE FDCPA
(FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT.
874, 15 U.S.C. § 1692-1692p and VIOLATIONS OF THE ROSENTHAL ACT;

71. We cannot change the past, but the Plaintiff deserves to be properly compensated for the harm inflicted upon him by the Defendants.

72. He seeks his day in Court.

73. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights. (Also, as per *Fed. R. Civ. P 38(b)*).

74. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

## Count I - Violations of the FDCPA

75. The Plaintiff realleges paragraphs 1-74 as if fully set out herein.

76. This Count is brought under the FDCPA, the Fair Debt Collection Practices Act, Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on September 20, 1977.

77. The FDCPA is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act.

78. At all relevant times Defendants Weaver and Zeff were acting as "debt collectors" (and as agents for Fiechter) attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

79. The Defendants' acts abusing the legal process, presently an invalid proof of service to the court, fraudulently concealing that and the related legal process and the resulting judgment were deceptive acts within the meaning of 1788.30.

80. The Defendants' later acts to bribe the law office of opposing legal counsel to steal confidential and privileged information were further such deceptive acts.

81. The Defendants' illegal and tortious acts harmed the Plaintiff.

82. All allegations and the full extent of the damages shall be fully proven at jury trial.

### Count II - Violations of Rosenthal Act

83. The Plaintiff realleges paragraphs 1-74 as if fully set out herein.

84. This Count is brought under the Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788 et seq.

85. At all relevant times the Defendants were acting as "debt collectors" attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

86. The Defendants' acts of abetting fiduciary breach, fraudulent concealment, invasion or privacy and abuse of process were deceptive acts within the meaning of 1788.30.

87. The Defendants' illegal and tortious acts harmed the Plaintiff.

88. All allegations and damages to be fully proven at jury trial.

WHEREFORE, Plaintiff prays

(a) As to Count I for damages under the FDCPA, the Federal Debt Collection Practices Act including all direct and consequential damages caused by the Defendants' violations of the FDCPA, attorney's fees, costs and statutory penalties.

(b) As to Count II for damages under California Civil Code 1788.62 including all direct and consequential damages caused by the Defendants violations of the Rosenthal Act, attorney's fees, costs and statutory penalties.

(c) For all costs of Court and litigation including future attorneys' fees.

(d) For a reasonable value for the Plaintiff's time while he is forced to represent himself, unable to afford an attorney partially due to Defendants' thefts (*quantum meruit*)

(e) For such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED on July 13th, 2022

_____
CARL A. WESCOTT, *pro se*

# VERIFICATION

I, Carl A. Wescott, under penalties provided by law pursuant to sections §446 and §2015.5 of the Code of Civil Procedure, as well as the federal laws and statutes of the United States of America, including 28 U.S.C. § 1746, certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ CA Wescott*

*Exhibit A*

| | POS-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>David M. Zeff, Esq.   (Bar # 63289)<br>Law Offices of David M. Zeff<br>1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939<br>TELEPHONE NO.: (415) 923-1380   FAX NO. (Optional): (415) 923-1382<br>E-MAIL ADDRESS (Optional): dmz@zefflaw.com<br>ATTORNEY FOR (Name): Frederick C. Fiechter, Plaintiff | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**FEB 13 2015**<br>Clerk of the Court<br>BY: MICHAEL RAYRAY<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street, Room 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civil | |
| PLAINTIFF/PETITIONER: Frederick C. Fiechter<br>DEFENDANT/RESPONDENT: Carl Wescott | CASE NUMBER:<br>CGC-10-496091 |
| **PROOF OF SERVICE OF SUMMONS**<br>On Third Amended Complaint | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons On Third Amended Complaint
   b. [X] complaint Third Amended Complaint filed 11.1.2011
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents): Errata to Third Amended Complaint filed January 3, 2012.

3. a. Party served (specify name of party as shown on documents served):
      Carl Wescott
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served: San Pedro Sula, Honduras and PO Box 191273, San Francisco, CA 94119

5. I served the party (check proper box)
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):   (2) at (time):
   b. [ ] **by substituted service.** On (date):   at (time):   I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):   from (city):   or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>LexisNexis® Automated California Judicial Council Forms |

| PLAINTIFF/PETITIONER: Frederick C. Fiechter | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Carl Wescott | CGC-10-496091 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                        (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☒ **by other means** *(specify means of service and authorizing code section)*:
   By first-class mail, postage prepaid and email to c@carlwescott.com

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
   a. Name: David M. Zeff
   b. Address: 1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939
   c. Telephone number: (415) 923-1380
   d. **The fee** for service was: $ 0.00
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: February 11, 2015

David M. Zeff
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶ *(signature)*  (SIGNATURE)