1    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
     ALEX A. GRAFT, SB# 239647
2       E-Mail: Alex.Graft@lewisbrisbois.com
     45 Fremont Street, Suite 3000
3    San Francisco, California 94105
     Telephone: 415.362.2580
4    Facsimile:  415.434.0882

5    Attorneys for Defendant
     ROBERT N. WEAVER, ESQ.

6

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11   CARL A. WESCOTT,                      Case No. CV22-4288-AGT

12            Plaintiff,                   **DECLARATION OF ALEX A. GRAFT IN
                                           SUPPORT OF SPECIAL MOTION TO
13        vs.                              STRIKE (ANTI-SLAPP) PLAINTIFF'S
                                           COMPLAINT PURSUANT TO CAL.
14   FREDERICK C. FIECHTER, IV;            CODE OF CIVIL PROCEDURE § 425.16**
     DAVID M. ZEFF, ESQ.;
15   ROBERT N. WEAVER, ESQ. + DOES 1       Date:        December 16, 2022
     through 25,                           Time:        10:00 a.m.
16                                         Courtroom: A - 15th Floor
              Defendants.                  Magistrate Judge Alex G. Tse
17

18                    **DECLARATION OF ALEX A. GRAFT**

19        I, Alex A. Graft, declare as follows:

20        1.       I am an attorney duly admitted to practice in all of the courts of the State of

21   California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for

22   Defendant ROBERT N. WEAVER, ESQ. ("Attorney Weaver") herein.  The facts set forth herein

23   are of my own personal knowledge, and if sworn I could and would competently testify thereto.

24        2.       Attached hereto as **Exhibit A**, for which I request judicial notice in support of the

25   special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

26   of the Third Amended Complaint, filed November 1, 2011, in San Francisco Superior Court, Case

27   No. CGC-10-496091 ("San Francisco Action").

28        3.       Attached hereto as **Exhibit B**, for which I request judicial notice in support of the

1  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

2  of the order dismissing Plaintiff's initial bankruptcy petition.

3      4.      Attached hereto as **Exhibit C**, for which I request judicial notice in support of the

4  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

5  of the Adversary Complaint filed by Attorney Weaver in United States Bankruptcy Court,

6  Northern District of California, Case No. 12-30143 DM ("Underlying Bankruptcy Action II").

7      5.      Attached hereto as **Exhibit D**, for which I request judicial notice in support of the

8  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

9  of the Adversary Complaint filed by the bankruptcy trustee in the Underlying Bankruptcy Action

10  II.

11      6.      Attached hereto as **Exhibit E**, for which I request judicial notice in support of the

12  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

13  of the order granting summary judgment to the bankruptcy trustee in the Underlying Bankruptcy

14  Action II.

15      7.      Attached hereto as **Exhibit F**, for which I request judicial notice in support of the

16  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

17  of the judgment denying discharged entered in Underlying Bankruptcy Action II.

18      8.      Attached hereto as **Exhibit G**, for which I request judicial notice in support of the

19  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

20  of the order authorizing withdrawal of counsel for Plaintiff in the San Francisco Action.

21      9.      Attached hereto as **Exhibit H**, for which I request judicial notice in support of the

22  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

23  of the order continuing case management conference in the San Francisco Action.

24      10.      Attached hereto as **Exhibit I**, for which I request judicial notice in support of the

25  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

26  excerpt of the register of actions in the San Francisco Action.

27      11.      Attached hereto as **Exhibit J**, for which I request judicial notice in support of the

28  special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1    of the request for default filed in the San Francisco Action.

2        12.    Attached hereto as **Exhibit K**, for which I request judicial notice in support of the

3    special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

4    of the notice of entry of default judgment in the San Francisco Action.

5        13.    Attached hereto as **Exhibit L**, for which I request judicial notice in support of the

6    special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

7    of both the request to set aside the judgment entered in the San Francisco Action and supplemental

8    briefing filed by Plaintiff.

9        14.    Attached hereto as **Exhibit M**, for which I request judicial notice in support of the

10   special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

11   of the order denying Plaintiff's request to set aside the default judgment entered in the San

12   Francisco Action.

13       15.    Attached hereto as **Exhibit N**, for which I request judicial notice in support of the

14   special motion to strike under Code of Civil Procedure section 425.16, is a true and correct copy

15   of the judgment vacating discharge order in United States Bankruptcy Court, Northern District of

16   California, Case No. 16-10975 HLB7 ("Underlying Bankruptcy Action III").

17       I declare under penalty of perjury under the laws of the United States of America that the

18   foregoing is true and correct and that this declaration was executed on this 16th day of November,

19   2022, at Danville, California.

20

21

22   Alex A. Graft

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

# Exhibit A

**PLD-C-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Dan G. Berris                269479<br>GUY KORNBLUM & ASSOCIATES<br>1388 Sutter Street, Suite 820<br>San Francisco, CA 94109<br>TELEPHONE NO.: (415) 440-7800    FAX NO.*(Optional):* (415) 440-7898<br>E-MAIL ADDRESS *(Optional):* dberris@kornblumlaw.com<br>ATTORNEY FOR *(Name):* Frederick C. Fiechter, Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>San Francisco County Superior Court<br><br>NOV 01 2011<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil Superior

PLAINTIFF: Frederick C. Fiechter

DEFENDANT: Carl Wescott; Monette Stephens, individually and as Trustee of the
Wescott-Stephens Family Trust; Pook Snook Dook, LP; and

[X] DOES 1 TO 25

| CONTRACT | |
|---|---|
| [ ] COMPLAINT | [X] AMENDED COMPLAINT *(Number):* Third |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

| | CASE NUMBER: |
|---|---|
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded [ ] does not exceed $10,000<br>                    [ ] exceeds $10,000 but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CGC-10-496091 |

1. Plaintiff* *(name or names):* Frederick C. Fiechter

   alleges causes of action against defendant* *(name or names):* Carl Wescott; Monette Stephens, individually and as trustee of the Wescott-Stephens Family Trust; Pook Snook Dook LP; and DOES 1 to 25.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 16

3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name):*
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe):*
          (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [ ] except defendant *(name):*                          [ ] except defendant *(name):*
          (1) [ ] a business organization, form unknown          (1) [ ] a business organization, form unknown
          (2) [ ] a corporation                                  (2) [ ] a corporation
          (3) [ ] an unincorporated entity *(describe):*         (3) [ ] an unincorporated entity *(describe):*

          (4) [ ] a public entity *(describe):*                  (4) [ ] a public entity *(describe):*

          (5) [ ] other *(specify):*                            (5) [ ] other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    Page 1 of 2

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Fiechter v. Wescott, et al. | CGC-10-496091 |

4. **(Continued)**
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☒ Doe defendants *(specify Doe numbers)*:   1-10   were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers)*:   11-25   are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

6. ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☒ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   ☒ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify)*:   Fraud
                          Fraudulent Conveyance

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☒ damages of: $ 619,516.44
   b. ☒ interest on the damages
      (1) ☐ according to proof
      (2) ☒ at the rate of *(specify)*: 10 percent per year from *(date)*: May 7, 2008
   c. ☒ attorney's fees
      (1) ☐ of: $
      (2) ☒ according to proof.
   d. ☒ other *(specify)*:   Issuance of a pre-judgment writ of attachment; imposition of an equitable lien on real property; and such other further relief as the court deems just.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: September 29, 2011

Dan G. Berris
_____
*(TYPE OR PRINT NAME)*

▶ _____
*(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT - Contract**

Page 2 of 2

Martin Dean's
ESSENTIAL FORMS™

Fiechter v. Wescott, et al.

PLD-C-001(2)

| SHORT TITLE:<br>Fiechter v. Wescott, et al. | CASE NUMBER:<br>CGC-10-496091 |
|---|---|

SECOND _____  **CAUSE OF ACTION-Common Counts**
(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff (name): **Frederick C. Fiechter**

alleges that defendant (name):  **Carl Wescott; and DOES 1 to 25**

became indebted to  ☒ plaintiff   ☐ other (name):

a. ☐ within the last four years
  (1) ☐ on an open book account for money due.
  (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. ☒ within the last ☒ two years  ☐ four years
  (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
  (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff.
    ☐ the sum of $
    ☐ the reasonable value.
  (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
    ☐ the sum of $
    ☐ the reasonable value.
  (4) ☒ for money lent by plaintiff to defendant at defendant's request.
  (5) ☒ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
  (6) ☐ other (specify):

CC-2. $ *619,516.44* , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest ☐ according to proof ☒ at the rate of *10.00* percent per year from (date): **July 15, 2008**

CC-3. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
    ☐ of $
    ☒ according to proof.

CC-4. ☐ Other:

Page 4

Page 1 of 1

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Fiechter v. Wescott, et al. | CGC-10-496091 |

<u>THIRD</u> _____
(number)

## CAUSE OF ACTION-Fraud

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*:   Frederick C. Fiechter

alleges that defendant *(name)*:  Carl Wescott; and DOES 1 to 25

on or about *(date)*:  May 7, 2008        defrauded plaintiff as follows:

FR-2. ☒ **Intentional or Negligent Misrepresentation**
a. Defendant made representations of material fact ☐ as stated in Attachment FR-2.a ☒ as follows:
Wescott represented to Plaintiff as follows: 1) that Wescott had provided to Plaintiff a true and accurate personal balance sheet stating his assets, liabilities and accounts receivable; and 2) that Wescott had a net worth of over $28 Million.

b. These representations were in fact false. The truth was ☐ as stated in Attachment FR-2.b ☒ as follows:

Wescott provided to Plaintiff a personal balance sheet which falsely portrayed and did not accurately state his assets, liabilities or accounts receivable.

c. When defendant made the representations,
☒ defendant knew they were false, or
☐ defendant had no reasonable ground for believing the representations were true.
d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☒ **Concealment**
a. Defendant concealed or suppressed material facts ☐ as stated in Attachment FR-3.a ☒ as follows:
Wescott concealed his true financial worth and failed to disclose debts and obligations he had to others that reflected on the nature, extent and value of his assets.
b. Defendant concealed or suppressed material facts
☐ defendant was bound to disclose.
☒ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.
c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page 5 _____

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]
☒ Martin Dean's
ESSENTIAL FORMS™

**CAUSE OF ACTION-Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Fiechter v. Wescott, et al.

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Fiechter v. Wescott, et al. | CGC-10-496091 |

THIRD_____            **CAUSE OF ACTION-Fraud**
(number)

FR-4. [X] **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated
    in Attachment FR-4.a [X] as follows:

At the time Wescott executed the May 7, 2008 promissory
note in favor of Plaintiff, he did not have any
intention of performing his obligation to repay
Plaintiff under the terms of the Note.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and in-
    duce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was
    unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon
    the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5
    [X] as follows:

Wescott induced Plaintiff to loan him money by promising
Plaintiff that he would repay the principal amount of the
loan together with interest and by providing Plaintiff
with a personal balance sheet that inaccurately reflected
Wescott's net worth to be over $28 Million. Wescott
concealed his true financial worth and failed to disclose
debts and obligations he had to others that reflected on
the nature, extent and value of his assets. Plaintiff
would not have made the loan to Wescott if he had known
Wescott's true financial worth.

FR-6   Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in
    Attachment FR-6 [X] as follows:

$619,516.44 with interest on the unpaid principal balance to
accrue from the date of the Note at the rate of 10.0% simple
interest per annum.

FR-7.  Other:

**Page** 6_____

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Fiechter v. Wescott, et al. | CGC-10-496091 |

**ATTACHMENT** *(Number)* : 1
*(This Attachment may be used with any Judicial Council form.)*

FOURTH CAUSE OF ACTION
FRAUDULENT CONVEYANCE
(Against Carl Wescott; Monette Stephens, individually and as
trustee of the Wescott-Stephens Family Trust; Pook Snook Dook LP;
and DOES 1 to 25)

While married to Monette Stephens, on May 7, 2008, Wescott executed the
promissory note attached as Exhibit A in favor of Plaintiff and offered
community assets as security for the loan.  Moreover, the funds were
loaned for use by the Wescott-Stephens marital community and Plaintiff
relied on the credit of the community estate for repayment.

After Plaintiff filed his initial lawsuit against Wescott for breach of
the May 7, 2008 promissory note, on February 13, 2010, Wescott entered
into a transmutation agreement with Stephens consisting mainly of
community assets.  The transmutation agreement transferred Wescott's
interest in all community assets held within the United States to
Stephens to be held as her sole and separate property.  Stephens
thereafter transferred many, if not all, of the assets listed in the
transmutation agreement to the Wescott-Stephens Family Trust and/or
Pook Snook Dook LP, a limited partnership that Wescott formed under
the laws of the state of Arizona after Plaintiff filed his initial
Complaint.

The transfers from Wescott to Stephens, and from Stephens to the
Wescott-Stephens Family Trust and/or Pook Snook Dook LP, were done with
actual intent to hinder, delay or defraud Plaintiff from collecting on
said Note.  Notwithstanding, the community property interests of both
Wescott and Stephens are liable for the debts incurred by Wescott while
married to Stephens.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page 7 of 7
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]
Martin Dean's

ESSENTIAL FORMS™

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

Fiechter v. Wescott, et al.

**Exhibit A**

## SECURED PROMISSORY NOTE

San Francisco, CA                                                                May 7, 2008

This agreement renegotiates the terms of and combines the Secured Promissory Notes between Carl Wescott and Frederick C. Fiechter, dated March 20, 2007 and February 14, 2008 into this new Secured Promissory Note Agreement[1]. Therefore in consideration the parties agree:

1.  The undersigned, Carl Wescott ("Debtor"), and Frederick C. Fiechter ("Creditor") agree to combine monies owed under the Promissory Note Agreements dated March 20, 2007 and February 14, 2008 into this new Secured Promissory Note Agreement.

    The Debtor, for value received, promises to pay Frederick C. Fiechter ("Creditor"), the principle sum of $550,000.00 together with interest carried forward from previous notes in the amount of $19,901.33, and all future accrued interest, no later than July 15th, 2008.

2.  Interest on the unpaid balance will accrue from the date of the note at an annual rate equal to 18.5% per annum. Accrued interest shall be payable monthly, at the end of the period, by the 7th. For purposes of calculating monthly interest payments, interest shall be calculated on a complex compounded monthly basis. All interest calculations involving daily calculations will be calculated using complex compounded daily interest calculations, using 365 days per year.

3.  In the event the Debtor is unable to pay the principle and all accrued interest by the agreed upon termination date, the interest rate on the note shall increase to 30% per annum.

4.  Each payment under this Note shall be credited in the following order: (a) costs, fees, charges and advances paid or incurred by the Creditor or payable to the Creditor and interest under any provision of this Note, in such order as Creditor, in its sole and absolute discretion, elects; (b) interest payable under this Note; and (c) principle under this Note.

5.  Payments of both principle and interest are to be made in lawful money of the United States of America in immediately available funds. Checks

---

[1] See accounting for these agreements in Appendix A.

Secured Promissory Note                                              - Page 1 of 8 -
Confidential

constitute payment only when collected.

6. Prior to the Maturity Date, at the option of the Creditor, this Note shall be accelerated and all remaining unpaid principle and accrued and unpaid interest shall become due and payable immediately upon the earlier of: (a) Debtor's filing of any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium lay or any other law for relief of, or relating to, debtors now or hereafter in effect or making any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing; or (b) the filing of an involuntary petition against Debtor under any bankruptcy statute now or hereafter in effect or the appointment of a custodian, receiver, trustee or assignee for the benefit of creditors (or similar official) to take possession, custody or control of any property of Debtor; or (c) Debtor being more that ten (10) business days late on any owed payment to Creditor.

7. In addition, prior to the Maturity Date, any time that Debtor sells or otherwise transfers the property subject to the Third Deed of Trust, as described in Section 11, below, this Note shall be accelerated and the remaining unpaid principle, and any accrued and unpaid interest, shall become due and payable immediately upon such sale or transfer.

8. The Debtor acknowledges that the default in the payment of any sum due under this Note will result in losses and additional expenses to the Creditor in servicing the indebtedness evidenced by this Note, handling such delinquent payments, and meeting its other financial obligations. Debtor further acknowledges that the extent of such loss and additional expenses is difficult and impractical to ascertain. Debtor therefore agrees that, if any payment due under this Note, except the final termination payments not made within ten (10) business days when due, Debtor shall pay a Late Charge of the greater of $500 or 1.5% of the amount due, to the Creditor as liquidated damages to cover expenses incurred in handling such delinquent payment.

9. Pre-payment penalty: There is no pre-payment penalty on this note.

10. Debtor agrees to pay the following costs. Expenses and attorney fees paid or incurred by Creditor, or adjudged by a court: (a) reasonable costs of collections and costs, expenses, and attorney fees paid or incurred in the connection with the collection of enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorney fees paid or incurred in connection with representing Creditor in a claim under this Note; (c) reasonable costs, expenses, and attorney fees incurred to protect

the lien of the Second Deed of Trust; and (d) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

11.  This Note is secured by that certain Third, or better, Deed of Trusts in the following properties referenced by the Debtor's Balance Sheet[2], made by the Debtor for benefit of the Creditor, as beneficiary.  This Third Deed of Trust may be recorded only if Debtor is in default under this Note.

- 4175 W. Dry Creek
- 1083 Mississippi Street
- 19504 Sweetwater, 2nd Deed of Trust
- 20195 Sweetwater, 2nd Deed of Trust
- 7950 Hearst, 2nd Deed of Trust
- 3886 Noriega, 2nd Deed of Trust
- 9575 Venturi, 2nd Deed of Trust
- Bradshaw, Deed of Trust
- Dyer Mountain LLC, Convertible Debt
- 11385 East Rd
- 120 Marin View
- 1720 High Street
- 30901 Sherwood Rd.
- 430 Scenic Ave. – 84% Equity
- 555 4th St., #411
- 5700 Robinson Creek
- 5760 Chemise Rd.
- 853 Ashbury St., SF, CA 94117
- 9501 Lane Drive
- Oroville Industrial Park
- Atwater Retail, LLC
- Bradshaw Urban Development, LLC
- Granada, Nicaragua Property
- Rocha, Uruguay Property
- La Ceiba, Honduras Property
- Ecuador Property (HSJ), 663 Acres
- Ecuador Property (Sunrise)
- Panama Property Bayano, 1000 Acres
- Panama Property Centro Madrono, 9000 Acres

12.  Carl Wescott absolutely, unconditionally and irrevocably personally guarantees to Debtor the due and punctual payment of all sums due under

---

[2] See Appendix B

Secured Promissory Note                                    - Page 3 of 8 -
Confidential

this Note.

13. Debtor, Guarantors, endorsers, and all other persons liable or to become liable on this Note waive presentment, protest, and demand; notice of protest, demand of dishonor; and all other notices or matters of a like nature

14. Any notice required to be provided in this Note shall be given in writing and sent by: (a) first class certified United States mail, postage prepaid, return receipt requested; or (b) a nationally recognized overnight courier service, marked for next day delivery. All notices shall be deemed effective on the earliest of (a) actual receipt; (b) rejection of delivery; (c) if sent my certified mail, the third day on which regular United States mail delivery service is provided after the day of mailing or, if sent by overnight delivery service, on the next day in which such service makes next-business-day deliveries after the day of sending.

15. If Creditor delays in exercising or fails to exercise any of its rights under this Note, that delay or failure shall not constitute a waiver of any Creditor rights or any breach, default, or failure of condition under this Note.

16. This note shall inure to and bind the heirs, legal representatives, successors, and assigns of Creditor. Creditor may assign this Note or any proceeds of it or assign or delegate any of its rights or obligations, upon five (5) business day's prior written notice to the other party. Debtor must obtain written permission from creditor to assign this note.

17. If any provision of the Note, or the application of it to any party or circumstance is held void, invalid, or unenforceable by a court of competent jurisdiction, the remainder of the Note, and application of such provision to other parties or circumstances shall not be affected thereby, the provision of this Note being severable in any such instance.

18. No provision of this Note may be waived or modified orally, but only in writing signed by both Debtor and Creditor.

19. The terms of this Note shall be interpreted and construed in accordance with the laws of the State of California, excluding any choice of law rules that may direct the application of the laws of another jurisdiction. The Debtor, Creditor, and the Guarantors submit to the jurisdiction of any State or Federal Court sitting in the State of California, in any action or proceeding arising out of or relating to this Note.

20. The Debitor agrees to pay all wire transfer fees on both sides for any payment or repayment of monies associated with this Note.

Carl Wescott ("DEBTOR")

Dated: 5/7/2008

Address: 853 Ashbury Street
San Francisco, CA 94117

Frederick C. Fiechter ("CREDITOR")

Dated: 5/7/2008

Address: 1896 Pacific Ave.; #502
San Francisco, CA 94109

**Appendix A**

Accounting of Loans from 3/20/2007 and 2/14/2008

| Summary of Feb 14th, 2008 Loan to Carl | | Date | Amount |
|---|---|---|---|
| | | | |
| Amount Loaned | $400,000 | | |
| Interest | 18.50% | | |
| | | 02/14/08 | $400,000 |
| | | | |
| Initial Loan | $415,741 | | |
| | | | |
| **Calculated Total as of:** | **5/7/08** | | |



## Summary of Mar 20th, 2007 Loan to Carl

| | | |
|---|---|---|
| Amount Loaned | $400,000 | |
| Interest | 18.50% | |
| | | (3 months, March 20th - |
| Period 1 Interest | $17,340 | June 20th) |
| | | (On June 20th) |
| Amount Returned | ($250,000) | (Rent through end of |
| Interest Forgiven | ($5,500) | November) |

| Carried as of 6/20 | $161,839.58 |
|---|---|

| | | Date | Amount |
|---|---|---|---|
| Amount Carried | $187,983 | | $161,839.58 |
| Forgiven Interest (1st-Desktop) | ($2,708) | 06/20/07 | ($2,502.42) |
| Forgiven Interest (2nd-laptop) | ($2,287) | 11/19/07 | ($2,141.49) |
| Forgiven Interest (rent through end of March) | ($2,106) | 12/18/07 | ($2,000.00) |
| Forgiven Interest (3rd-Mac Air) | ($2,421) | 1/17/08 | ($2,314.89) |
| Cash ($5000) | ($5,197) | 2/1/08 | ($5,000.00) |
| Cash ($17000) | ($17,579) | 2/14/08 | ($17,000.00) |
| Forgiven Interest (rent through end of June) | ($1,526) | 2/25/08 | ($1,500.00) |
| | | 3/31/08 | |

| Calculated Total as of: | 5/7/08 |
|---|---|

| TOTAL | $154,159.86 |
|---|---|

**Appendix B**

Balance Sheet of Carl Wescott

## Carl Wescott
### Balance Sheet
### 4/17/2003

**Assets**

**Current Assets**

| | |
|---|---:|
| Cash in Bank | $35,861 |
| Accounts Receivable (Rents) | $717,072 |
| Accounts Receivable (Deeds of Trust) | $292,213 |
| **Total Current Assets** | **$1,045,196** |

**Fixed Assets**

| | |
|---|---:|
| 1083 Mississippi Street | $797,000 |
| 1138S East Road | $840,000 |
| 428 Main View | $209,922 |
| 1720 High Street | $413,680 |
| 16504 Sweetwater 2nd Deed of Trust | $674,981 |
| 20185 Sweetwater 2nd Deed of Trust | $425,000 |
| 30801 Sherwood Road | $1,570,000 |
| 3888 Noriega 2nd Deed of Trust | $110,000 |
| 4176 W. Dry Creek | $2,500,000 |
| 490 Sonoma Avenue - 84% Equity | $750,000 |
| 535 4th St. #411 | $355,000 |
| 6700 Robinson Crest | $1,700,000 |
| 5760 Chamise Rd. | $2,850,000 |
| 7800 Heurat 2nd Deed of Trust | $975,000 |
| 9591 Asbury | $2,650,000 |
| 9575 Veehat 2nd Deed of Trust | $650,000 |
| Braintree Deed of Trust | $770,590 |
| Dyer Mountain LLC - Convertible Debt | $2,642,550 |
| Oroville Industrial Park | $315,000 |
| Atwater Retail, LLC | $4,350,000 |
| Braintree Ocean Development, LLC | $320,000 |
| Granada Vineyard Property-20ac | $692,739 |
| Roche, Unaussy Property-400 hectares | $185,000 |
| La Ceiba, Honduras Property-571 acres | $980,000 |
| Ecuador Property (65.0) - 665 acres | $1,230,000 |
| Ecuador Property (Bonaire) | $3,165,000 |
| Panama Properties Bayano- 1000 acres | $1,700,000 |
| Panama Properties Centro Maduro-9100 acres* | $975,000 |
| **Total Assets** | **$39,461,276** |

**Liabilities**

**Current Liabilities**

| | |
|---|---:|
| Credit Cards Payable, Bank | $234,700 |
| Notes Payable, Bank | $778,205 |
| **Total Current Liabilities** | **$1,012,905** |

**Long-term Liabilities**

| | |
|---|---:|
| Notes Payable, Bank | $595,265 |
| 1083 Mississippi St Loans | $700,000 |
| 11990 East Road Loan | $1,844,335 |
| 4176 W. Dry Creek Loans | $488,940 |
| 490 Sonaic Loans | $1,022,513 |
| 5700 Robinson Loans | $1,457,178 |
| 5760 Chamise Rd. Loan | $541,073 |
| 5601 Lane Dr. Loans | $2,204,078 |
| 995 Ashbury Loans | $404,514 |
| 555 4th St LLC | $907,478 |
| 30301 Sherwood Loans | |
| **Total Liabilities** | **$11,185,195** |

| | |
|---|---:|
| **Net Worth** | **$28,285,119** |
| **Total Liabilities and Net Worth** | **$39,461,276** |

*See attached spreadsheet titled 'Panama Properties Breakdown'

# Exhibit B

**Notice to all attorneys:** Mandatory electronic filing began January 1, 2005. See www.canb.uscourts.gov for details.

Form NDC

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

| | |
|---|---|
| In Re: Carl Alexander Wescott | Case No.: 11−34426 DM 7 |
| Debtor(s) | Chapter: 7 |

## ORDER AND NOTICE OF DISMISSAL
## FOR FAILURE TO COMPLY

   **Notice is given** the debtor(s) having failed to comply with this court's Order For Individual(s) In Chapter 7 And Chapter 13 Cases To File Required Documents And Notice Re Automatic Dismissal , filed on 12/15/2011 , it is ordered that this case is hereby **dismissed**.

Dated: <u>12/30/11</u>                    By the Court:


                                                 Dennis Montali
                                                 United States Bankruptcy Judge

# Notice Recipients

District/Off: 0971–3          User: rwong                     Date Created: 12/30/2011

Case: 11–34426               Form ID: NDC                   Total: 93

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ust | Office of the U.S. Trustee / SF | USTPRegion17.SF.ECF@usdoj.gov |
| tr | Barry Milgrom | barrymilgrom@gmail.com |
| aty | Jonathan J. Damen | bknotice@rcolegal.com |
| aty | Neil Ison | isonlaw@yahoo.com |
| aty | Robert N. Weaver | rnweaver@pacbell.net |

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      Carl Alexander Wescott       853 Ashbury Street       San Francisco, CA 94117
cr      HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt–A
        Securities Mortgage Loan Trust, Series 2006–AR3, through its servicing agent America's      Routh Crabtree
        Olsen      1241 E. Dyer Rd. Ste.250      Santa Ana, CA 92705
cr      Frederick Charles Fiechter      Less &Weaver      1388 Sutter Street      San Francisco      San Francisco,
        CA 94109
smg     Chief Tax Collection Section      Employment Development Section      P.O. Box 826203      Sacrament, CA
        94230
smg     CA Employment Development Dept.      Bankruptcy Group MIC 92E      P.O. Box 826880      Sacramento,
        CA 94280–0001
smg     CA Franchise Tax Board      Special Procedures Bankruptcy Unit      P.O. Box 2952      Sacramento, CA
        95812–2952
12352386   ADVANTA BUSINESS SERVICES      11850 S. ELECTION DR      DRAPER, UT 84020
12352388   AMERICA'S SERVICING COMPANY      7495 NEW HORIZON WAY      FREDERICK, MD 21703
12352389   AMERICA'S SERVICING COMPANY      PO Box 60768      Los Angeles, CA 90060
12352387   AMERICAN GENERAL FINANCE      PO BOX 31016      CHARLESTON SC 29417
12352390   AMEX      P O BOX 7871      FORT LAUDERDALE, FL 33329
12352391   Arthur Silverman and Nancy Oakes      15 Elm      San Anselmo CA 94960
12352392   BANK OF CALIFORNIA      640 BATTERY ST      SAN FRANCISCO CA 94111–1807
12352393   BANK ONE      NORTH 54 W      13600 WOODALE      MENOMONEE FALLS, WI 53051
12352394   BANK ONE, NA      N 54 W      13600 WOODALE DR      MENNOMONEE, WI 53051
12352395   BANKAMERICA      4066      1825 E BUCKEYE RD      PHOENIX, AZ 85034
12352396   BANKONE NA      201 N WALNUT ST      WILMINGTON, DE 19801
12352397   BARCLAYS BANK DELAWARE      Card Services      PO Box 8801      Wilmington, DE
        19899–8801
12352399   BPG      2747 San Pablo Avenue      Berkeley, CA 94702
12352402   BUSINESS AND PROFESSIONAL SERVICES      816 S CENTER ST      RENO, NV 89501
12352398   Blythe Klein      PO Box 1158      Cobb, CA 95426
12352400   Brian Reed      1085 Mississippi Street      San Francisco, CA 94107
12352401   Broadway Atwater Properties LLC      45 Mitchell Blvd. 14      San Rafael, CA 94903
12352403   CCI Funding I LLC      8101 E Prentice Avenue      Greenwood Village, CO 80111
12352433   CITI CARDS CBSDNA      POB 6241      SIOUX FALLS, SD 57117
12352431   CITIBANK      General Correspondence      P.O. Box 6500      Sioux Falls, SD 57117
12352434   CITIBANK N. A.      15851 Clayton Road MS–301      Ballwin, MO 63011
12352436   CITIMORTGAGE INC      15851 Clayton Road      Ballwin, MO 63011
12352424   Chase      1400 E NEWPORT CENTER DRIVE      DEERFIELD BEACH, FL 33442
12352404   Chase      PO Box 78148      Phoenix AZ 85062
12352427   Chase Manhattan Mortgage      200 OLD WILSON BRD      WORTHINGTON, OH 43085
12352429   Chase Manhattan Mortgage      802 DELAWARE AVENUE 8TH FL      WILMINGTON, DE 19801
12352428   Chase Manhattan Mortgage      PO BOX 24696      COLUMBUS, OH 43224
12352425   Chase Manhattan Mortgage      PO BOX 509011      10790 RANCHO BERNARDO RD      SAN DIEGO, CA
        92510
12352430   Chase Manhattan Mortgage      POB 31098      TAMPA, FL 33631
12352432   Citi      PO BOX 6500      SIOUX FALLS SD 57117
12352435   Citibank      PO Box 9438      Gaithersburg, MD 20898
12352437   Commercial Capital Inc.      8101 E Prentice Avenue      Greenwood Village, CO 80111
12352438   David Nevraumont      23 Blanca Drive      Novato CA 94947
12352439   David and Leigh Kirk      855 Folsom Street, 734      San Francisco CA 94107
12352440   Donecker Consulting, Inc.      2939 Rockwell Court      Davis, CA 95616
12352441   Doug Gladstone      621 Boulevard Way      Piedmont CA 94610
12352442   Eric Reisner      1504 haverford Way      McKinney, TX 75071
12352446   FIRST USA      PO Box 8650      Wilmington, DE 19899
12352448   FIRST USA BANK      1001 Jefferson Plaza      Wilmington, DE 19801
12352447   FIRST USA BANK      2500 Westfield Road      Elgin, IL 60123
12352449   FIRST USA BANK      2500 Westfield Road Suite 6      Elgin, IL 60123
12352444   First Data      5565 Glenridge Connector NE, 2000      Atlanta, GA 30342
12352443   Frederick Charles Fiechter,Mary Yates      1896 Pacific Avenue 502      San Francisco, CA 94109
12352450   GEMB MERV GENERAL MOTORS MTG COR      3451 Hammond Avenue      PO Box 780      Waterloo,
        IA 50702

12352452    GMAC Mortgage      PO Box 4622      Waterloo, IA 50704
12352451    Gina Perry      1060 Mississippi St. A      San Francisco, CA 94107
12352453    Gold Line Investment Group, LLC      216 N. East St.      Woodland C 95776
12352454    Ionian 36, LLC      45 Mitchell Blvd. 14      San Rafael, CA 94903
12378457    JPMorgan Chase Bank, N.A.      c/o Shermeta, Adams &Von Allmen, P.C.      P.O. Box 80908      Rochester Hills, MI 48308–0908
12352455    Jacobszoon Forestry Services      PO Box 225      Cazadero, CA 95470
12352458    Jason Schwager      45 Mitchell Blvd. 14      San Rafael, CA 94903
12352456    Joe Martin and Leigh Martin      4321 Timothy Drive      Merritt Island, FL 32593
12352459    Joe Stowe      1636 Nina Court      Santa Rosa Ca 95403
12352457    John Schrader and Nyra Krstovich      297C Kansas Street      San Francisco, CA 94103
12352460    Kooi Hong and Leong Cheong      668 Blair Avenue      Piedmont, CA 94611
12352461    Krista and Steve Donecker      2939 Rockwell Court      Davis CA 95618
12352462    Lafayette Capital Group      270 Lafayette Circle      Lafayette, CA 94549
12352463    Laurence Andrews      PO Box 2636      Vacaville CA 95696
12352464    Magnate Fund LLC      1355 Willow Way, Suite 261      Concord, CA 94520
12352465    Michael Dequine      2295 Gateway Oaks Dr. 140      Sacramento, CA 95833
12352466    Mike Gill      216 N. East St.      Woodland CA 95776
12352467    Nichole Cheline      Paseo de las Primaveras 33      Rancho contento      45222 Zapopan      Jalisco, Mexico
12352468    Noel Knight      2616 Harrison St. 1      Oakland, CA 94612
12352469    Nor Cal Investment Group, LLC      216 N. East St.      Woodland CA 95776
12352470    Nova Designs      297C Kansas Street      San Francisco, CA 94103
12352471    Palms Owners Association      555 4th Street      San Francisco, CA
12352472    Peng Leong and Kooi Hong Leong Cheong      Also as Trustees DSTL Family Trust      668 Blair Avenue      Piedmont, CA 94611
12352473    Quality Housing Solutions, LLC      1900 GRASS VALLEY HWY      AUBURN CA 95603
12352474    Randy Jacobszoon      PO Box 225      Cazadero, CA 95470
12352475    Rob Lonsdale      PO Box 394      Woodacre CA 94973
12352476    S. C. Anderson Inc.      2160 Mars Court      Bakersfield CA 93380–1747
12352477    SMR      45 Mitchell Blvd. 14      San Rafael, CA 94903
12352478    Sterling Pacific      1205 Freedom Blvd. Suite 2      Watsonville CA 95076
12352479    Suneet Singal      101 Barnhart Circle      Sacramento CA 95835
12352480    Susan McShannock      45 Mitchell Blvd. 14      San Rafael, CA 94903–2011
12352482    TNX Capital      1896 Pacific Avenue #502      San Francisco, CA 94109
12352481    Tim Schick      2747 San Pablo Avenue      Berkeley, CA 94702
12352483    UNLV CITI      549113033677      P.O. Box 6241      Sioux Falls, SD 57117
12352487    WELLS FARGO HOME MORTGAGE      3476 STATEVIEW BLVD      FORT MILL, SC 29715
12352484    Weeks Well Drilling      6100 Highway 12      Sebastopol, CA 95472
12352485    Wells Fargo      P. O. Box 536205      Atlanta, GA 30353
12352488    Woody Marin      2802 Marlow Road      Santa Rosa, CA 95403

TOTAL: 88

# Exhibit C

1  ROBERT N. WEAVER, ESQ. (SBN 78528)

2  **LESS & WEAVER**
   **ATTORNEYS AT LAW**
3  SUTTER PLAZA
   1388 SUTTER STREET, SUITE 800
4  SAN FRANCISCO, CALIFORNIA  94109-5453
   TEL 415/398-9800 ● FAX 415/989-0841
5
   GUY KORNBLUM, ESQ. (SBN 39974)
6  DAN G. BERRIS, ESQ. (SBN 269479)
   Guy Kornblum & Associates
7  1388 Sutter Street, Suite 820
   San Francisco, CA 94109
8
   Attorneys for
9  FREDERICK C. FIECHTER

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  In re:                          ) Case No.  12-30143 DM
                                    ) Chapter 7
14  Carl Alexander Wescott and      )
    Monette Rosemarie Stephens      ) Hon. Dennis Montali
15                                  )
              Debtors               )
16                                  )
    _____ )
17                                  ) Adversary Proceeding No. _____
    Frederick C. Fiechter          )
18                                  )
              Plaintiff             ) **COMPLAINT TO DETERMINE**
19        v.                        ) **DISCHARGEABILITY OF DEBT**
                                    )
20  Carl Alexander Wescott and      ) (11 U.S.C. §§ 523(a)(2)(B) & 523(a)(4))
    Monette Rosemarie Stephens      )
21                                  )
              Defendants.           )
22  _____ )

23

24         Frederick C. Fiechter, a creditor herein, now files his complaint to determine

25  dischargeability of debt and to seek denial of discharge and states as follows:

26

27              **JURISDICTION AND VENUE**

28         1.    Jurisdiction is vested in this Court by provisions of 28 U.S.C. §157, 28 U.S.C.

    §1334(b), and 11 U.S.C. §523.

2.     This is a core proceeding related to the determination of dischargeability of debt pursuant to 28 U.S.C. §157(b)(2)(I), and seeking the denial of discharge pursuant to 28 U.S.C. §157(b)(2)(J).

3.     Plaintiff holds claims against the debtor and defendants.

4.     Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.     The debtors, Carl Alexander Wescott and Monette Rosemarie Stephens, are, and at all times relevant herein were, husband and wife residing in San Francisco, California.

6.     At all times hereinmentioned, and in doing the things complained of, Debtor Carl Alexander Wescott (**"Wescott"**) was a real estate broker licensed by the State of California and/or held himself out to Plaintiff as a licensed real estate broker and as a licensed securities sales person with broker dealer licenses (Series 22, 63, 24).

7.     Plaintiff Frederick C. Fiechter (**"Fiechter"**) is a creditor of the Debtors and owed money pursuant to a judgment entered in his favor against Debtor Carl Alexander Wescott in the amount of $1,275,573.31 (plus additional interest from June 15, 2011) by the District Court of the State of Nevada, Douglas County, on August 5, 2011, and later entered as a sister-state judgment in the California Superior Court, in and for San Francisco, on August 26, 2011 in the amount of $1,305,058.  The judgment is based on a transaction whereby Fiechter was induced by Wescott to transfer 162 Glen Court, Stateline, Nevada to Wescott in exchange for promises and an unsecured promissory note from Wescott in the amount of $1,050,000.

8.     Plaintiff Frederick C. Fiechter is a further creditor of the Debtors and owed additional money as follows: $564,516 principal pursuant to a Promissory Note dated May 7, 2008 with accrued interest (at 10% simple) of $186,490; and a $55,000 profit share from a joint venture loan retained by Wescott on or about September 2, 2008 with accrued interest (at 10% simple) of $19,954.

9.     Plaintiff Fiechter is, and at all times relevant was, a resident of San Francisco, California.

- 2 -

**FACTUAL BACKGROUND**

10.    Fiechter was introduced to Wescott in 2006 while Fiechter was searching for a second home in Sonoma County.  Wescott acted as Fiechter's real estate broker and earned a commission on the sale during or about November 2006.  Wescott subsequently acted as Fiechter's broker and earned a second commission when Fiechter purchased a home in San Francisco.  At all times mentioned herein, Wescott held himself out as a wealthy and successful investor with substantial real estate holdings and income adequate to repay Fiechter for debts incurred as stated below in more detail.

11.    In the course of representing Fiechter and closing the Sonoma County purchase, Wescott advised and represented to Fiechter that he was involved in other business and development ventures and that the ventures presented investment opportunities to Fiechter.  In particular, in November 2006 Wescott approached Fiechter for a $200,000 loan to fund various real estate projects at an 18.5% interest rate, which was the same rate Wescott indicated was being paid to him on money owed to him.  The loan was made and the principal and interest were paid in full on February 20, 2007.

12.    Less than a month later, Wescott approached Fiechter for a second loan, this time for $400,000 and once again at an 18.5% interest rate.  Fiechter made the loan and took back a note dated March 20, 2007, due and payable June 2007 (**the "March 2007 Note"**).  Wescott repaid $250,000 of the principal but the remaining principal of $150,000 was unpaid along with all the interest.  Eventually interest or $33,246 was paid, but no further principal or interest was ever paid.

13.    In November 2007 Wescott proposed that Fiechter fund a loan (or investment) of $110,000 to a developer in Florida with Wescott acting as licensed real estate professional.  As proposed by Wescott, after repayment of principal additional proceeds would be shared 50/50.  Fiechter funded the loan and it was presumably paid to the Florida developer on terms negotiated by Wescott.  On or about May 2008 the Florida developer repaid $250,000 to Wescott, who repaid Fiechter the principal amount of $110,000, $15,000 of Fiechter's $70,000 profit split and gave Fiechter a check for the balance the profit split ($55,000).  Before Fiechter was able to negotiate the

- 3 -

1  check, Wescott advised Fiechter that he had spent the money and that it was not available to

2  Fiechter.  The $55,000 profit split (hereinafter, **the "Florida Profit Split"**) has never been paid.

3      14.    In February 2008 Wescott approached Fiechter to borrow an additional $400,000 from

4  Fiechter and offered to pay 18.5% interest, and advised Fiechter that the rate was identical to what

5  Wescott was collecting on money owed to him on other investments or loans.  Concurrently with

6  the request, or shortly thereafter, and at Fiechter's request, Wescott gave Fiechter a **first written**

7  **statement of assets** wherein he represented, in writing, that he had "over 70 properties free and

8  clear overseas [valued] over $10 mil." and "U.S. Properties for over $12.5 mil. equity" with a total

9  "real estate equity of over $22.5 mil."  In reliance on the representation of financial wealth, and

10  Wescott's represented ability to repay Fiechter's loans, Fiechter loaned Wescott an additional

11  $400,000 on or about February 14, 2008 and was given a promissory note payable on or before

12  March 31, 2008 with interest at 18.5% per annum (**the "February 2008 Note"**).  No payment has

13  ever been made on the February 2008 Note.

14      15.    During May 2008 Fiechter entered negotiations with Wescott to address the

15  outstanding balance owed on the March 2007 Note and the unpaid February 2008 Note.  In the

16  course of these negotiations Wescott gave Fiechter a **second written financial statement**, this one

17  dated April 17, 2008.  This statement showed numerous assets with a total value of $39,461,275,

18  and liabilities of $11,198,156 for a net worth of $28,253,119.  At the request of Wescott, and in

19  reliance on his representation of a net worth in excess of $28 million, Fiechter agreed to extend

20  Wescott additional time to repay the March 2007 Note and February 2008 Note and renewed the

21  debt by means of a new promissory note dated May 7, 2008 (**the "Consolidated Note"**) for the

22  combined unpaid principal of $550,000 and accrued interest to the date of the Consolidated Note

23  in the additional amount of $19,901.  The Consolidated Note for $569,901 was payable in full on

24  July 15, 2008. $5,385 of the principal has been paid on the Consolidated Note, reducing principal

25  to $564,516, and partial interest payments were made from May 2008 through December 2008

26  totaling $36,703.   The Consolidated Note provides, *inter alia*, that reasonable attorneys fees and

27  costs incurred in connection with the collection or enforcement of the Note are recoverable.

28

16. On or about July 3, 2008 Wescott gave Fiechter a **third written financial statement**. This statement was dated May 14, 2008 and listed numerous assets, both domestic and foreign, with a purported value of $87,764,190, and liabilities of $36,417,357, for a total net worth of $51,346,834. Attached to the written financial statement, Wescott also provided a "Real Estate Cash Flow Statement" which showed that Wescott estimated his 2008 net income to be $3,987,151.

17. At or about the time the Consolidated Note matured on July 15, 2008, Wescott assured Fiechter that it would be paid in the "near future" and that Fiechter should not be concerned because of Wescott's substantial assets and income. Wescott also assured Fiechter that he would continue to receive interest. At or about that time, Wescott provided Fiechter with the May 14, 2008 written financial statement which Fiechter believed to be accurate and more than adequate to assure repayment of the money borrowed by Wescott. In reliance on Wescott's assurances of payment and on the accuracy of the May 14, 2008 financial statement, the previous financial statements and the "Real Estate Cash Flow Statement," Fiechter informally extended the payment date on the Consolidated Note to an indefinite future date.

18. During or about September 2008, when Wescott advised Fiechter that $55,000 of Fiechter's Florida Profit Split had been spent by Wescott and could not be paid, Wescott indicated to Fiechter that the sum would be added to the Consolidated Note and paid when the note was paid in full. In reliance on the continued assurances of repayment and on the written financial statements received from Wescott, Fiechter accepted the proposal.

19. On or about January 20, 2009 Wescott gave Fiechter a **fourth written financial statement**. This Statement was dated September 30, 2008 and listed numerous assets, both domestic and foreign, with a purported value of $109,910,620, and liabilities of $47,234,790, for a total net worth of $62,675,831.

20. Before October 2008 Fiechter owned and sold 162 Glen Court, Stateline, Nevada to a third party and took back a secured promissory note for around $1 million. In October 2008 the third party had defaulted on the note and Fiechter and the buyer were in discussion on how to address the debt and property. Fiechter eventually took ownership, and did so free and clear of any debt. Fiechter approached Wescott, as his real estate broker, to advise him concerning taking title

- 5 -

1    and re-selling to two individuals under a tenant in common strategy proposed by them, selling to

2    one of the two interested individuals, listing the property for sale on the open market, renting it as

3    a Tahoe vacation rental, or holding it for resale when the market was better.

4        21.    Wescott suggested and advised Fiechter of an alternative strategy for 162 Glen Court

5    whereby Fiechter wouldn't have to take the risk of managing the property or holding it until the

6    market got better. Wescott proposed that Fiechter transfer ownership to him and he would hold the

7    property for resale at a convenient time, guaranty payment to Fiechter of $1,050,000 within one

8    year, and that if he was able to obtain financing on the property after ownership was transferred the

9    financing proceeds would be shared with Fiechter receiving 25% of the net proceeds which would

10   be applied as partial payment of the $1,050,000. Fiechter was assured by Wescott that the strategy

11   was in his best interest and that he would be assured of payment because of Wescott's high net

12   worth and ability to pay $1,050,000 even if Wescott had to hold ownership of 162 Glen Court

13   beyond one year. Based on the Wescott strategy, and in reliance on the written financial

14   representations Wescott had previously made to Fiechter, including the September 30, 2008

15   financial statement given to Fiechter on or about January 20, 2009 showing Wescott's net worth

16   to be over $62 million, Fiechter transferred ownership of 162 Glen Court to Wescott on or about

17   January 27, 2009 and took back an unsecured promissory note for $1,050,000 (**the "Glen Court**

18   **Note"**). Wescott paid no cash to Fiechter for the transfer of ownership. The Glen Court Note

19   provides, *inter alia*, that reasonable attorneys fees and costs incurred in connection with the

20   collection or enforcement of the Note are recoverable.

21       22.    On or about April 10, 2009, Wescott obtained a hard-money loan for $600,000

22   secured by 162 Glen Court. Wescott paid Fiechter $140,134 in April 2009 and the Glen Court Note

23   was reduced accordingly.  Wescott eventually defaulted on the hard-money loan secured by 162

24   Glen Court and, Fiechter is informed and believes, transferred ownership to the lender in lieu of

25   foreclosure. Wescott kept the loan proceeds of approximately $450,000 and never made further

26   payment on the Glen Court Note to Fiechter.

27       23.    On September 20, 2009 Wescott gave Fiechter a **fifth written financial**

28

- 6 -

statement. This Statement was dated August 20, 2009 and listed numerous assets, both domestic and foreign, with a purported value of $132,549,957, and liabilities of $76,559,891, for a total net worth of $76,559,891.

24.    On November 7, 2009 Fiechter made formal written demand that Wescott immediately repay the Consolidated Note and the Glen Court Note. Wescott failed to make payment of either.

25.    On October 25, 2010 Fiechter brought suit in Nevada to collect the balance owing on the Glen Court Note, alleging, among other things, fraud and breach of contract. Default judgement was entered against Wescott in the amount of $921,174.24 principal, $338,907.80 interest, $8,865 costs, and $6,626.25 attorneys fees. The Nevada judgment was entered as a sister-state judgment in the California Superior Court in and for San Francisco on September 6, 2011 in the total amount of $1,3050,058. No portion of this judgment has been paid.

26.    On January 15, 2010 Fiechter brought suit in the California Superior Court in and for San Francisco to collect on the Consolidated Note, alleging, among other things, fraud and fraudulent conveyance of assets. This case was set for trial on February 27, 2012. The proceedings have been stayed by application of the automatic stay in effect as a consequence of the bankruptcy petition filed by Wescott and Stephens on January 17, 2012.

### FIRST CLAIM FOR RELIEF
**11 U.S.C. § 523 (a) (2)(B)**
**(Obtaining Money By Materially False Statements**
**in Writing - The Consolidated Note)**

27.    By this reference, Fiechter incorporates the allegations of Paragraphs 1 - 26 above as though fully stated herein.

28.    On February 25, 2008 Wescott, and Stephens as her community property, obtained $400,000 from Fiechter and gave him the February 2008 Note in return.

29.    The aforementioned $400,000 was obtained by means of a statement in writing, namely the February 2008 written statement of assets provided to Fiechter by Wescott as referenced

above in Paragraph 14 representing that Wescott and Stephens had real estate equity of over $22.5 million.

30.    On May 7, 2008 Wescott, and Stephens as her community property, obtained an extension, renewal and refinancing of the $400,000 February 2008 Note and the balance owed on the March 2007 Note, and caused Fiechter to accept the Consolidated Note for $550,000 principal and $19,901 interest.

31.    The aforementioned extension, renewal and refinancing, and the Consolidated Note, were obtained by means of statements in writing, namely: (i)  the February 2008 written statement of assets as referenced in Paragraph 14 above that Wescott and Stephens had real estate equity of $22.5 million; and, (ii) the April 17, 2008 financial statement as referenced in Paragraph 15 above that Wescott and Stephens had a net worth  of $28,253,119.

32.    At or about the time the Consolidated Note matured on July 15, 2008, Wescott, and Stephens as her community property, obtained an indefinite extension of payment on the Consolidated Note and caused Fiechter to not demand that it be paid on the maturity date.

33.    The aforementioned extension of the Consolidated Note due date was obtained by means of statements in writing, namely: (i)  the February 2008 written statement of assets as referenced in Paragraph 14 above that Wescott and Stephens had real estate equity of $22.5 million; (ii) the April 17,2008 financial statement as referenced in Paragraph 15 above that Wescott and Stephens had a net worth of $28,253,119;  (iii) the May 14, 2008 financial statement given to Fiechter on July 3, 3008 as referenced in Paragraph 16 above that Wescott and Stephens had a net worth of $51,346,834; (iv) the September 20, 2008 financial statement given to Fiechter on January 20, 2009 as referenced in Paragraph 19 above that Wescott and Stephens had a net worth of $62,675,831; and, (v) the August 20, 2009 financial statement as referenced above in Paragraph 23 above that Wescott and Stephens had a net worth of $76,559,891.

34.    Fiechter is informed and believes, and thereon alleges, that each of the five financial statements are materially false, and were materially false when made, in overstating the value of assets, not disclosing liabilities (actual and contingent) attributable to listed assets and otherwise

1  materially inflated the purported net worth of Wescott and Stephens at the time the financial

2  statements were given to Fiechter.

3      35.    The Debtors knew that the financial statements were false and inflated  when made,

4  and further knew that Fiechter accepted the statements as true and made with honest intent, and

5  further knew that Fiechter relied on the statements in making loans and extending payment dates

6  as stated herein.

7      36.    Fiechter reasonably relied on the financial statements in making the February 25, 2008

8  loan, consolidating the February 2008 Note with the March 2007 Note balance in the Consolidated

9  Note and in extending the payment date of the Consolidated Note indefinitely after July 15, 2008.

10     37.    The debt owed to Fiechter on account of the Consolidated Note is $564,516 principal,

11 and unpaid interest in the amount of $186,490 at the legal rate of 10%.

12     38.    The Debtors obtained the debt owed on account of the Consolidated Note, and

13 extensions, renewal and refinancing as alleged above, by making materially false written statements

14 concerning their financial condition, made with the intent to deceive, on which Fiechter reasonably

15 relied in making the loans, extensions, renewals and refinancing as alleged above, making the

16 Debtors' indebtedness on the Consolidated Note non-dischargeable in bankruptcy pursuant to 11

17 U.S.C. §523(a)(2)(B).

18

19                    **SECOND CLAIM FOR RELIEF**
                   **11 U.S.C. § 523 (a) (2)(B) and (a)(4)**
20           **(For Fraud While Acting in a Fiduciary Capacity, Embezzlement,**
                   **and Obtaining Money By Materially False**
21                 **Statements in Writing - The Florida Profit Split)**

22     39.    By this reference, Fiechter incorporates the allegations of Paragraphs 1 - 38 above as

23 though fully stated herein.

24     40.    At all times mentioned herein, Wescott acted as a real estate broker in arranging for

25 the loan transaction to the Florida developer as alleged above in Paragraph 13 and at all times

26 mentioned therein was a fiduciary of Fiechter by reason of his real estate broker status and by

27 further reason of his complete control of the funds advanced by Fiechter and receipt of the

28

- 9 -

1   repayment from the Florida developer of principal and excess funds to be split 50/50 by Fiechter
2   and Wescott.

3       41.    Wescott breached his fiduciary duty to Fiechter by willfully and maliciously ignoring
4   his agreement with Fiechter when payment was made by the Florida developer, by spending
5   $55,000 of the Florida Profit Split attributable and distributable to Fiechter without Fiechter's
6   knowledge, consent or agreement.

7       42.    Wescott was permitted by Fiechter and entrusted to directly receive payment from
8   the Florida developer and then divide payment of such funds to Fiechter and Wescott pursuant to
9   their agreement whereby Fiechter would first receive the principal amount advanced and then split
10  profits 50/50. Instead of splitting the money in his possession and control in accordance with the
11  agreement, Wescott embezzled and took an excess profit share of $55,000 for his own account and
12  failed to pay Fiechter his full profit share.

13      43.    The excess profit share of $55,000 was obtained by means of a breach of fiduciary duty
14  and embezzlement for the benefit of both Wescott and Stephens as their community property, and
15  has not been repaid to Fiechter.

16      44.    Wescott, and Stephens as her community property, obtained an extension of the
17  payment date of the Florida Profit Share, by means of the materially false financial statements as
18  stated in Paragraphs 33, 34 and 35 above, and Fiechter consented to receiving payment with
19  payment of the Consolidated Note relying on the truthfulness and accuracy of the financial
20  statements.

21      45.    The Debtors took Fiechter's Florida Profit Share of $55,000 by means of fraud and
22  intentional acts while Wescott was acting as a fiduciary, and by further means of embezzlement of
23  funds entrusted to Wescott for distribution to Fiechter; and Debtors obtained extensions, renewals
24  and refinancing of the Florida Profit Share payable to Feichter by making materially false written
25  statements concerning their financial condition, made with the intent to deceive, on which Fiechter
26  reasonably relied as alleged above, making the Debtors' indebtedness to Fiechter on the Florida
27  Profit Share non-dischargeable in bankruptcy pursuant to 11 U.S.C. §§523(a)(2)(B) and 523(a)(4).

28

### THIRD CLAIM FOR RELIEF
### 11 U.S.C. § 523 (a) (2)(B) and (a)(4)
### (For Fraud While Acting in a Fiduciary Capacity, Embezzlement, and
### Obtaining Money By Materially False Statements in Writing - Glen Court Note)

46.    By this reference, Fiechter incorporates the allegations of Paragraphs 1 - 45 above as though fully stated herein.

47.    On or about January 27, 2009, with Wescott acting as his real estate broker, fiduciary and advisor, Fiechter transferred ownership of 162 Glen Court to Wescott without any cash compensation and in exchange for an unsecured Promissory Note payable in one year in the principal amount of $1,050,000 with the promise that if financing was obtained by Wescott that the proceeds would be shared with 25% going to reduce the Glen Court Note.

48.    Fiechter transferred ownership of 162 Glen Court in direct reliance on the representation of Wescott that the transfer was in the best interests of Fiechter and was the best real estate strategy to maximize Fiechter's income from the property instead of Fiechter selling, listing, renting or simply holding the property for future sale.  In agreeing to the real estate strategy devised by Wescott, Fiechter relied on Wescott as a licensed real estate broker and as his fiduciary,  and further relied on the materially false written financial statements of Wescott, including, but not limited to, the September 30, 2008 financial statement given to him by Wescott on or about January 20, 2009 which showed that Wescott and Stephens had a total net worth of over $62 million.

49.    Wescott obtained a hard-money loan for $600,000 in April 2009 secured by 162 Glen Court and retained approximately $450,000 of the funds.  Fiechter was paid $140,134 from the loan proceeds, but never received anything further on account of transferring 162 Glen Court to Wescott and Wescott eventually lost the property when he defaulted on the loan either by foreclosure or a transfer to the hard-money lender in lieu of foreclosure.

50.    By means of the "real estate strategy" devised by Wescott, Wescott was able to obtain real property as a fiduciary of Fiechter at no cost, obtain borrowed funds of approximately $450,000, and allowed the property entrusted to him by Fiechter to be lost to foreclosure without repayment of the Glen Court Note and without payment even of the $450,000 loan proceeds received by Wescott.  By obtaining possession and ownership of 162 Glen Court in the manner

- 11 -

1  devised by Wescott, Wescott embezzled the ownership from Fiechter and converted the value of

2  162 Glen Court for his own benefit and to the detriment of Fiechter and at no cost to Wescott.

3      51.  The Debtors took Fiechter's 162 Glen Court property by means of fraud while acting

4  in a fiduciary capacity and by means of embezzlement, and converted the use of the property for

5  their own purposes and obtained financing proceeds of approximately $450,000 at not cost, and did

6  so by making materially false written statements concerning their financial condition, made with

7  the intent to deceive, on which Fiechter reasonably relied as alleged above, making the Debtors'

8  indebtedness to Fiechter on the Glen Court Note non-dischargeable in bankruptcy pursuant to 11

9  U.S.C. §§523(a)(4) and 523(a)(2)(B).

11      **WHEREFORE,** Frederick C. Fiechter requests judgment under the above counts as follows

12  that:

14  1.  The debt of $564,516 pursuant to a Promissory Note dated May 7, 2008 (the

15      Consolidated Note) with accrued interest at the legal rate of 10% through the

16      date of this complaint of $186,490, and interest thereafter at the legal rate, is

17      non-dischargeable, and that Plaintiff Fiechter have judgment in said amount

18      against Defendants.

19  2.  The debt of  $55,000 for Plaintiff's profit share from a joint venture loan

20      retained by Wescott on or about September 2, 2008 with accrued interest

21      through the date of this complaint of  $19,954, and interest thereafter at the

22      legal rate, is non-dischargeable, and that Plaintiff Fiechter have judgment in

23      said amount against Defendants.

24  3.  The debt of $1,305,058, plus interest at the legal rate of 10% from August 26,

25      2011 (the date judgment was entered in The Superior Court of California in

26      and for San Francisco) of $84,739 on account of the Glen Court Note is non-

27      dischargeable, and that Plaintiff Fiechter have judgment in said amount against

28      Defendants.

- 12 -

1        4.     Reasonable attorneys fees incurred by Plaintiff Fiechter in the enforcement

2             and collection of sums due and owing pursuant to the Consolidated Note and

3             the Glen Court Note be awarded to Plaintiff.

4        5.     Such other and further relief as is just and appropriate, including reasonable

5             costs incurred herein be ordered.

6

7  Dated:  April 19, 2012

8                              LESS & WEAVER

9                              GUY KORNBLUM & ASSOCIATES

10

11

12

13                              By:  Robert N. Weaver, Esq.
                                 Attorneys for Frederick Charles Fiechter

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

# Exhibit D

1   MacCONAGHY & BARNIER, PLC
    JOHN H. MacCONAGHY, SBN 83684
2   JEAN BARNIER, SBN 231683
    MONIQUE JEWETT-BREWSTER, SBN 217792
3   645 First St. West, Suite D
    Sonoma, California 95476
4   Telephone: (707) 935-3205
    Email:    macclaw@macbarlaw.com
5
    Attorneys for Plaintiff,
6   JANINA M. HOSKINS

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| In re | Case No. 12-30143 DM |
| CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS, | (Chapter 7) |
| | A.P. No. _____ |
| Debtors. | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**S |
| JANINA M. HOSKINS, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS, | |
| Plaintiff, | |
| v. | |
| POOK SNOOK DOOK LIMITED PARTNERSHIP, a purported limited partnership; CARL A. WESCOTT and MONETTE R. STEPHENS, as Trustees of the WESCOTT-STEPHENS FAMILY TRUST aka POOK SNOOK DOOK TRUST; LODMELL & LODMELL, P.C., a Professional corporation; | |
| Defendants. | |

/ / /

1   Plaintiff alleges:

2                         JURISDICTION AND VENUE

3       1.      On January 17, 2012, Debtors Carl Alexander Wescott and Monette Rosemarie

4   Stephens filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code

5   in the above-entitled Court.  Thereafter, Janina M. Hoskins was duly appointed as Chapter 7

6   Trustee in Bankruptcy therein.

7       2.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

8   §§ 157, 1334 and 11 U.S.C. § 548.  This matter is a "core proceeding" as defined by 28 U.S.C. §

9   157(b)(2)(A), (H), and (O) .  Alternatively, Plaintiff consents to final judgment of the Bankruptcy

10  Court pursuant to the provision of 28 U.S.C. § 157(c)(2).  Venue is proper here pursuant to the

11  provisions of 28 U.S.C. § 1409.

12                                  PARTIES

13      3.      Plaintiff Janina M. Hoskins is the duly appointed Chapter 7 Trustee of the Estate

14  of Carl Alexander Wescott and Monette Rosemarie Stephens.  Plaintiff does not have personal

15  knowledge of the facts alleged in this Complaint that arose prior to her appointment, and

16  therefore alleges all of those facts on information and belief.  Plaintiff reserves her right to amend

17  this Complaint to allege additional claims against Defendants which may be discovered by her

18  ongoing investigation.

19      4.      Defendant Pook Snook Dook Limited Partnership is a purported limited

20  partnership allegedly organized under the laws of the State of Arizona, and at all relevant times

21  under the control of the Debtors and doing business in the State of California.

22      5.      Defendants Carl A. Wescott and Monette R. Stephens are the purported Trustees of

23  the Wescott-Stephens Family Trust also known as the Pook Snook Dook Trust, dated June 5,

24  2010, and are sued herein in that capacity.

25      6.      Plaintiff is informed and believes and on that basis alleges that Defendant Lodmell

26  & Lodmell, P.C., is a professional corporation organized and existing under the laws of the State

1  of Arizona and engaged in the practice of law, specifically purporting to be "...the nation's leading

2  legal asset protection lawyers...".   Plaintiff is further informed and believes and on that basis

3  alleges that, notwithstanding the fact that no attorney at Defendant Lodmell & Lodmell P.C. is

4  licensed to practice law in the State of California, Defendant Lodmell & Lodmell P.C.

5  aggressively solicits clients throughout the United States, including California, through a

6  sophisticated internet marketing scheme, regularly represents clients in the State of California, and

7  engages in the unauthorized practice of law in the State of California in that connection.

8                                          GENERAL ALLEGATIONS

9          7.      Commencing no later than 2005, the Debtors engaged in the business of promoting

10  and syndicating various speculative, high-risk, and fraudulent real estate investment schemes.

11  These included extensive highly leveraged land holdings in areas of the North Coast region of

12  California -and flawed land development schemes in Uruguay, Honduras, and Ecuador, all still

13  under investigation by the Plaintiff.

14         8.       Virtually all of these investment schemes collapsed, leaving unpaid creditors

15  holding claims against the Debtors in excess of $40,000,000 as of the filing of the petition for

16  relief.

17         9.      Plaintiff is informed and believes and on that basis alleges that the Debtors used a

18  substantial portion of the investor proceeds they raised to make personal investments and maintain

19  a lavish personal lifestyle, including purchases of premium sports tickets, luxury travel,

20  expensive jewelry, and artwork, all of which has allegedly disappeared.

21         10.     Plaintiff is further informed and believes and on that basis alleges that no later than

22  the year 2009, it became apparent to the Debtors that the likely value of their assets was greatly

23  exceeded by the expected amount of their liabilities, and that they would be subject to numerous

24  legitimate 7 and 8 figure claims from defrauded investors and other bona fide creditors.

25         11.     Rather than make a good faith effort to liquidate or reorganize their assets for the

26  benefit of their legitimate creditors, the Debtors embarked on a fraudulent scheme to shield assets

1  from legitimate creditor claims through a series of bogus transfers and shell entities, concocted in

2  part by the Defendant Lodmell & Lodmell, P.C., who solicited the Debtors in California through

3  slick internet advertising.

4      12.    On or about February 13, 2010, the Debtors executed a document entitled

5  "Transmutation Agreement of Carl Wescott and Monette Stephens" in which they purported to

6  convert all of their community property into the separate property of one spouse or the other,

7  pursuant to the laws of the State of California.

8      13.    On or about June 5, 2010, the Debtors executed a document prepared by Defendant

9  Lodmell & Lodmell, P.C. entitled "Revocable Living Trust" whereby they purported to convey all

10 of their respective assets into the Wescott-Stephens Family Trust and to re-characterize all such

11 assets as community property, pursuant to the laws of the State of California.  Plaintiff is informed

12 and believes and on that basis alleges that at some time after June 5, 2010, this Trust was amended,

13 *inter alia,* to change its name to the Pook Dook Snook Trust.

14     14.    Also on or about June 5, 2010,  the Debtors, with the assistance and advice of

15 Defendant Lodmell & Lodmell, P.C., purported to organize Defendant Pook Snook Dook Limited

16 Partnership, "an Arizona Asset Management Limited Partnership".  Initially the Debtors named

17 themselves as general partners and named  the Wescott-Stephens Family Trust as the "primary

18 beneficiary" of that entity.

19     15.    On our about September 10, 2010,   with the assistance and advice of Defendant

20 Lodmell & Lodmell, P.C., the Debtors conveyed various valuable assets to Defendant Pook Snook

21 Dook Limited Partnership, including assets previously conveyed to themselves as Trustees of the

22 Wescott-Stephens Family Trust.  On April 11, 2011, again with the assistance and advice of

23 Defendant Lodmell & Lodmell, P.C., the Debtors further concealed their beneficial interest in these

24 assets by amending the certificate of limited partnership of Pook Dook Snook Limited Partnership

25 to name a shell Nevada limited liability company, Ivy League Charters, LLC,  as the new general

26 partner and the Pook Snook Dook Trust as the 97% limited partner.

1

**FIRST CLAIM FOR RELIEF**
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(A))
(Against All Defendants Except Lodmell & Lodmell, P.C.)

2

3      16.     Plaintiff realleges and incorporate the allegations contained in Paragraphs 1

4  through 15, inclusive.

5      17.     On or about September 4, 2010, a date within two years before the petition date, the

6  Debtors voluntarily transferred various valuable assets to Defendant Pook Snook Dook Limited

7  Partnership and/or the Wescott-Stephens Family Trust, including without limitation the assets

8  shown on the attached Exhibits 1 & 2.

9      18.     The Debtors made these transfers with the actual intent to hinder, delay or defraud

10 their then-existing and future creditors.

11     19.     The Debtors' actual fraudulent intent is inferred from the presence of a number of

12 the so-called "badges of fraud".  These include the facts that (a) Defendant Pook Snook Dook

13 Limited Partnership  is wholly owned beneficially by the Debtors, (b) the Debtors were being

14 pursued by a number of creditors at the time of the transfers, (c) the Debtors make the transfers as

15 part of an admitted "asset protection" scheme,  (d) the Debtors were insolvent at the time of the

16 transfers, (e) the Debtors concocted various layers of shell entities to conceal their beneficial

17 ownership in the Pook Snook Dook entity, including registering a shell, defunct Nevada

18 corporation as the general partner, and (f) there was wholly inadequate consideration for the

19 transfers.

20     20.     Plaintiff is therefore entitled to have these transfers avoided pursuant to the

21 provisions of 11 U.S.C. § 548(a)(1)(A), and preserved for the benefit of the Estate pursuant to 11

22 U.S.C. § 551.

23     WHEREFORE, Plaintiff prays for judgment as set forth below.

24 / / /

25 / / /

26 / / /

SECOND CLAIM FOR RELIEF
(Avoidance of Constructively Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))
(Against All Defendants Except Lodmell & Lodmell, P.C.)

21.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 20, inclusive.

22.    On or about September 4, 2010, a date within two years before the petition date, the Debtors voluntarily transferred various valuable assets to Defendant Pook Snook Dook Limited Partnership and/or the Wescott-Stephens Family Trust, including without limitation the assets shown on the attached Exhibit 1.

23.    The Debtors received less than a reasonably equivalent value in exchange for these transfers.

24.    The Debtors were insolvent at the time of these transfers, or were rendered insolvent as a result of these transfers.

25.    At the time of these  transfers, the Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital.

26.    At the time of these transfers, the Debtors intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

27.    Plaintiff is therefore entitled to have this transfer avoided pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

THIRD CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(A))
(Against  Defendant Lodmell & Lodmell, P.C.)

28.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 27, inclusive.

29.    Plaintiff is informed and believes and on that basis alleges that sometime after

1    January 17, 2010,  a date within two years before the petition date, the Debtors voluntarily

2    transferred to Defendant Lodmell & Lodmell, P.C., a sum in excess of $20,000.00.

3        30.    The Debtors made this transfer with the actual intent to hinder, delay or defraud

4    their then-existing and future creditors, and  specifically to perpetrate their unlawful debt

5    avoidance scheme as alleged herein.

6        31.    The Debtors' actual fraudulent intent is inferred from the presence of a number of

7    the so-called "badges of fraud".  These include the facts that (a) the Debtors were being pursued by

8    a number of creditors at the time of the transfer, (c) the Debtors make this transfer as part of an

9    admitted "asset protection" scheme,  (d) the Debtors were insolvent at the time of the transfer, and

10   (e) there was wholly inadequate consideration for the transfer.

11       32.    Plaintiff is therefore entitled to have this transfer avoided pursuant to the

12   provisions of 11 U.S.C. § 548(a)(1)(A), and preserved for the benefit of the Estate pursuant to 11

13   U.S.C. § 551.

14       WHEREFORE, Plaintiff prays for judgment as set forth below.

15

16                    FOURTH  CLAIM FOR RELIEF
          (Avoidance of Constructively Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))
17                (Against  Defendant Lodmell & Lodmell, P.C.)

18       33.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1

19   through 32, inclusive.

20       34.    Plaintiff is informed and believes and on that basis alleges that sometime after

21   January 17, 2010,  a date within two years before the petition date, the Debtors voluntarily

22   transferred to Defendant Lodmell & Lodmell, P.C.,  sums in excess of $20,000.00.

23       35.    The Debtors received less than a reasonably equivalent value in exchange for this

24   transfers. Specifically, the Debtors paid these monies for purported legal services, which legal

25   services constituted (1) the unauthorized practice of law in the State of California and (2) advice

26   and assistance to the Debtors in the commission of a crime; to wit, a violation of California Penal

1    Code Section 531.

2          36.    The Debtors were insolvent at the time of this transfer.

3          37.    At the time of this  transfer, the Debtors were engaged in business or a transaction,

4    or were about to engage in business or a transaction, for which any property remaining with the

5    Debtors was an unreasonably small capital.

6          38.    At the time of this transfers, the Debtors intended to incur, or believed that they

7    would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

8          39.    Plaintiff is therefore entitled to have this transfer avoided pursuant to the

9    provisions of 11 U.S.C. § 548(a)(1)(B), and preserved for the benefit of the Estate pursuant to 11

10   U.S.C. § 551.

11         WHEREFORE, Plaintiff prays for judgment as set forth below.

12                          FIFTH CLAIM FOR RELIEF
                 (Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 544)
13                   (Against  Defendant Lodmell & Lodmell, P.C.)

14         40.    Plaintiff realleges and incorporate the allegations contained in Paragraphs 1

15   through 38, inclusive.

16         41.    Among the rights and powers of Plaintiff as the duly appointed Trustee in

17   Bankruptcy of the Debtors are all of the avoidance rights of actual creditors of the Debtors existing

18   as of the filing of the petition for relief and all of the rights and powers of hypothetical execution

19   and judgment lien creditors of the Debtors as of the filing of the petition for relief.

20         42.     Plaintiff is informed and believes and on that basis alleges that sometime after

21   January 17, 2010,  a date within two years before the petition date, the Debtors voluntarily

22   transferred to Defendant Lodmell & Lodmell, P.C., a sum in excess of $20,000.00.

23         43.    The Debtors made this transfers with the actual intent to hinder, delay or defraud

24   their then-existing and future creditors, and specifically to perpetrate their unlawful debt avoidance

25   scheme as alleged herein.

26         44.    The Debtors' actual fraudulent intent is inferred from the presence of a number of

1   the so-called "badges of fraud".  These include the facts that (a) the Debtors were being pursued by

2   a number of creditors at the time of the transfer, (c) the Debtors make this transfer as part of an

3   admitted "asset protection" scheme,  (d) the Debtors were insolvent at the time of the transfer, and

4   (e) there was wholly inadequate consideration for the transfer.

5       45.     Defendant Lodmell & Lodmell, P.C. acted wilfully, fraudulently, and maliciously in

6   counseling the Debtors regarding this transfer and in encouraging the Debtors to enact this

7   fraudulent "asset protection" scheme.  Among other things, Defendant Lodmell & Lodmell

8   engaged in  the unauthorized practice of law in the State of California and counseled  the Debtors

9   in the commission of a crime; to wit, a violation of California Penal Code Section 531.

10      46.     There exist actual and hypothetical lien creditors with the rights and powers under

11  the laws of the State of California to avoid this transfer and to recover exemplary and punitive

12  damages against Defendant Lodmell & Lodmell, P.C., pursuant to the provisions of California

13  Civil Code Section 3294

14      47.     Plaintiff is therefore entitled to have this transfers avoided pursuant to the

15  provisions of 11 U.S.C. § 544, and preserved for the benefit of the Estate pursuant to 11 U.S.C. §

16  551, and to recover punitive and exemplary damages according to proof.

17                              <u>PRAYER FOR RELIEF</u>

18      WHEREFORE, Plaintiff prays for judgment as follows:

19      1.      For an order avoiding the transfers set forth in Exhibits 1 & 2, and preserving these

20  transfers for the benefit of the Estate;

21      2.      For an award of compensatory money damages against Defendant Lodmell &

22  Lodmell, P.C., in the amount of not less than $20,000.00, according to proof, plus interest thereon

23  at the legal rate;

24      3.      For an award of punitive and exemplary damages against Defendant Lodmell &

25  Lodmell, P.C., according to proof;

26      4.      For  costs of suit incurred herein; and

1        5.      For such other and further relief as the Court deems proper.

2

3    Dated: May 18 , 2012                    MacConaghy & Barnier, PLC

4

5                                           /s/ Jean Barnier
                                            By: Jean Barnier
6                                           Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Exhibit E

Entered on Docket
May 03, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
2 | JEAN BARNIER, State Bar No.231683
645 First Street West, Suite D
3 | Sonoma, CA 95476
Telephone:  (707) 935-3205
4 | Email:  jbarnier@macbarlaw.com

**Signed and Filed: May 2, 2013**



**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

5 | Attorneys for Plaintiff,
Janina M. Hoskins, Trustee in Bankruptcy

6

7

8 |            UNITED STATES BANKRUPTCY COURT

9 |            NORTHERN DISTRICT OF CALIFORNIA

10 | In re                                    ) Case No.: 12-30143 DM
                                            ) (Chapter 7)
11 | CARL ALEXANDER WESCOTT and              )
    MONETTE ROSEMARIE STEPHENS,             )
12 |                                         ) AP No. 12-3148
                        Debtors.            )
13 | ———————————————————                     )
    JANINA M. HOSKINS, Trustee in           ) **ORDER GRANTING SUMMARY**
14 | Bankruptcy of the Estate of Carl Alexander ) **JUDGMENT**
    Wescott and Monette Rosemarie Stephens, )
15 |                                         )
                        Plaintiff,          )
16 |                                         )
    v.                                      )
17 |                                         )
    CARL ALEXANDER WESCOTT and              )
18 | MONETTE ROSEMARIE STEPHENS,             )
                                            )
19 |                        Defendants.      )

20 |         The Trustee's Motion for Summary Judgment to Deny Discharge of the Debtors came on

21 | for hearing on April 26, 2013 before the Hon. Dennis Montali, United States Bankruptcy Judge.

22 | Jean Barnier of MacConaghy & Barnier, PLC appeared for the Trustee; Sheila Gropper Nelson,

23 | Esq. appeared for Monette Rosemarie Stephens.   Carl Alexander Wescott, pro per, did not appear.

24 | On consideration of the oral and written arguments of counsel, and the Court having set forth the

25 | basis for its decision on the record, in particular that no material facts are in dispute as to the

26 | claims for relief which are subject to the motion, and good cause appearing:

27 |         IT IS HEREBY ORDERED that the Motion is granted.

28 |                        **END OF ORDER**

1

2    APPROVED AS TO FORM:

3

　　　/s/ Sheila Gropper Nelson                      Dated:  May 1, 2013
4    Sheila Gropper Nelson
　　Attorney for Monette Rosemarie Stephens
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit F

**Entered on Docket**
**May 03, 2013**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1    MacCONAGHY & BARNIER, PLC
     JOHN H. MacCONAGHY, State Bar No. 83684 Signed and Filed: May 2, 2013
2    JEAN BARNIER, State Bar No.231683
     645 First Street West, Suite D
3    Sonoma, CA 95476
     Telephone: (707) 935-3205
4    Email: jbarnier@macbarlaw.com

                     DENNIS MONTALI
5    Attorneys for Plaintiff,      U.S. Bankruptcy Judge
     Janina M. Hoskins, Trustee in Bankruptcy.

6

7

8                   UNITED STATES BANKRUPTCY COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10    In re                   )     Case No.: 12-30143 DM
                          )     (Chapter 7)
11    CARL ALEXANDER WESCOTT and    )
     MONETTE ROSEMARIE STEPHENS,    )     AP No. 12-3148
12                          )
          Debtors.           )
13    _____ )    **JUDGMENT DENYING DISCHARGE**
                         )     **OF DEBTORS**
14    JANINA M. HOSKINS, Trustee in     )
     Bankruptcy of the Estate of Carl Alexander )
15    Wescott and Monette Rosemarie Stephens, )
                         )
16           Plaintiff,          )
                         )
17    v.                    )
                         )
18    CARL ALEXANDER WESCOTT and    )
     MONETTE ROSEMARIE STEPHENS,    )
19    _____ )
          Defendants.      )

20         The Court having granted the Trustee's Motion for Summary Judgment to Deny

21    Discharge of the Debtors and good cause appearing:

22         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the discharge of Carl

23    Alexander Wescott and the discharge of Monette Rosemarie Stephens are denied pursuant to the

24    provisions of 11 U.S.C. § 727(a).

25                       **END OF ORDER**

26

27

28

   Case: 12-03148    Doc# 55    Filed: 05/02/13    Entered: 05/03/13 08:23:09    Page 1 of 3

1

2   APPROVED AS TO FORM:

3
     _/s/ Sheila Gropper Nelson_                    Dated:  May 1, 2013
4   Sheila Gropper Nelson
     Attorney for Monette Rosemarie Stephens
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22                                                                    .

23

24

25

26

27

28



**Entered on Docket**
**July 18, 2013**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Sheila Gropper Nelson, S.B.N. 85031
2  Law Office of Sheila Gropper Nelson       Signed and Filed: July 17, 2013
   55 Francisco St., Suite 600
3  San Francisco, CA 94133
   Telephone:  (415) 362-2221
4  Facsimile:   (4150 576-1422
   Email:       SheDoesBkLaw@ao
5  Attorney for Monette Rosemarie            DENNIS MONTALI
                                             U.S. Bankruptcy Judge
6

7

8

9                    IN THE UNITED STATES BANKRUPTCY COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                          (San Francisco Division)

12
                                      Chapter 7
13   In re:
                                      Bankruptcy Case No.  12-30143
14   Carl Alexander Wescott &         APN            12-03148
     Monette Rosemarie Stephens
15                                    Order Granting  Stephens' Motion to
     Debtors_____/      Vacate Entry of  Order Denying Stephens'
16   JANINA M. HOSKINS, TRUSTEE IN    Discharge Pursuant to FRCP 59 et seq.
     BANKRUPTCY OF THE ESTATE OF
17   CARL ALEXANDER WESCOTT &
     MONETTE ROSEMARIE STEPHENS,      Date:      July 12, 2013
18                                    Time:      10:00 a.m.
     Plaintiff,
19                                    Dept.:     22nd Floor
     v.
20
     CARL ALEXANDER WESCOTT &
21   MONETTE ROSEMARIE STEPHENS,

22   Defendants_____/

23
         Debtor/defendant Monette Rosemarie Stephens' Motion to Vacate Entry of Order
24
     Denying her Discharge  came on for hearing as being duly noticed, before the Honorable
25
     Dennis Montali, presiding.
26
         Appearances were as stated on the record.
27

28

     12-30143/12-03148/Order Granting Motion to Vacate                    Page 1 of  2

1        The Court having reviewed all of the pleadings, papers and evidence submitted and

2 oral argument as presented and for good cause shown

3        IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

4       1.     The Motion to Vacate the Judgment to Deny Monette Stephens' Discharge is

5              Granted for all of the reasons stated by the Court on the record.

6       2.     Adversary Action  APN 13-0148  is reinstated to the rolls.

7       3.     A trial date of October 2, 2013 is set.

8

9

10                      ** End of Order **

11

12

13 Approved as to form:

14

15 By: /s/ Jean Barnier

16 Jean Barnier, Esq.
MacConaghy & Barnier

17 Attorneys for Janina M. Hoskins,
Trustee in Bankruptcy of the Estate of

18 Carl Alexander Wescott &
Monette Rosemarie Stephens

19

20

21

22

23

24

25

26

27

28

12-30143/12-03148/Order Granting Motion to Vacate        Page 2 of 2

# Exhibit G

MC–053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
JAMES ROBERTS, SBN 98804/SHARMI SHAH, SBN 233110
ROBERTS & ELLIOTT, LLP
150 Almaden Boulevard
Suite 950
San Jose, CA  95113
TELEPHONE NO.: (408) 275-9800    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: C. Wescott, M. Stephens, Pook Snook Dook LP

**FILED**
San Francisco County Superior Court

JUN 1 8 2013

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| CASE NAME:
Fiechter v. Carl Wescott, et. al. | |
|---|---|

| ORDER GRANTING ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL | CASE NUMBER:
CGC 10-496091 |
|---|---|
| | HEARING DATE: June 18, 2013 |
| | DEPT.: 302    TIME: 9:30 A.M. |
| | BEFORE HON.: Marla J. Miller |
| | DATE ACTION FILED: January 15, 2010 |
| | TRIAL DATE: Not Set |

1. The motion of *(name of attorney)*: James Roberts, Sharmi Shah, Roberts & Elliott, LLP
   to be relieved as counsel of record for *(name of client)*: Carl Wescott ~~and Pook Snook Dook, LP~~
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

## FINDINGS

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☑ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court,
      rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought
   a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

## ORDER

5. Attorney is relieved as counsel of record for client
   a. ☑ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☐ effective on *(specify date)*:

6. The client's ☐ current ☑ last known    address and telephone number:
   As to Carl Wescott - San Pedro Sula, Honduras and c@carlwescott.com
   ~~As to Pook Snook Dook LP - c/o Lodmell & Lodmell, P.C., 1631 E. Cheery Lynn Rd., Phoenix, AZ 85016~~
   If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item
   13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of
   the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*:
      September 25, 2013 at 10:30 AM in Department 610
   b. The hearing will concern *(subject matter)*:
      Case Management

| NOTICE TO CLIENT
You or your new attorney, if any, must prepare for and attend this hearing. | Page 1 of 2 |
|---|---|

| Form Adopted for Mandatory Use
Judicial Council of California
MC-053 [Rev. January 1, 2007] | ORDER GRANTING ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL | Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov |
|---|---|---|

MC–053

| CASE NAME: | CASE NUMBER: |
|---|---|
| Fiechter v. Carl Wescott, et. al. | CGC 10-496091 |

8.  The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each):*

9.  The trial in this action or proceeding:
    a. ☑ is not yet set.
    b. ☐ is set for *(specify date, time, and place):*

10. Client is hereby notified of the following effects this order may have upon parties.

---

**NOTICE TO CLIENT**

**Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY    if you are one of those parties, YOU SHOULD IMMEDIATELY

# Exhibit H

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| FREDERICK C FIECHTER | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-10-496091** |
| CARL WESCOTT et al | |
| | **Order Continuing Case** |
| DEFENDANT (S) | **Management Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Sep-25-2013 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Nov-27-2013 in Department 610 at 10:30 am for status report re bankruptcy.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: SEP-10-2013                    CYNTHIA M. LEE

                                       JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on SEP-10-2013 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : SEP-10-2013                    By: DARLENE LUM


GUY ORVILLE KORNBLUM (039974)
GUY O KORNBLUM & ASSOCIATES
1388 SUTTER ST, SUITE 820
SAN FRANCISCO, CA  94109


DAVID M ZEFF (063289)
LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER ST. STE. 820
SAN FRANCISCO     , CA 941090000


JAMES KENNETH ROBERTS (098804)
150 ALMADEN BLVD, STE 950
SAN JOSE, CA  95113


CARL A. WESCOTT
SAN PEDRO SULA
HONDURAS
HONDURAS


AMERICAN CONTRACTORS INDEMNITY COMPANY
9841 AIRPORT BLVD, 9TH FLOOR
LOS ANGELES, CA  90045


MONETTE STEPHENS
853 ASHBURY ST
SAN FRANCISCO, CA  94117


POOK SNOOK DOOK LP
C/O LODMELL & LODMELL, P.C.
1631 E. CHEERY LYNN RD.
PHOENIX, AZ  85016

# Exhibit I

Contact Us

**THE SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SAN FRANCISCO

Case Number: CGC10496091
Title: FREDERICK C FIECHTER VS. CARL WESCOTT et al
Cause of Action: CONTRACT/WARRANTY
Generated: 2022-11-11 4:47 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

**Please Note: The "View" document links on this web page are valid until 4:57:04 pm**
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show 10 ⌄ entries                                                                    Search: [        ]

| Date ▼ | Proceedings | Document ⇅ | Fee ⇅ |
|--------|-------------|------------|-------|
| 2015-11-02 | ABSTRACT OF JUDGMENT ISSUED TO PLAINTIFF FIECHTER, FREDERICK C | | $25.00 |
| 2015-07-27 | NOTICE OF ENTRY OF JUDGMENT (TRANSACTION ID # 15207034) | View | |
| 2015-07-14 | THE COURT ORDERED THE FOLLOWING JUDGMENT ENTERED: JUDGMENT FOR PLAILNTIFF AND AGAISNT DEFAULTED DEFENDANT CARL WESCOTT, AKA CARL A. WESCOTT SEE SCANNED DOCUMENT | View | |
| 2015-07-14 | COURT TRIAL ON JUL-27-2015 OFF CALENDAR - DEFAULT PROVE-UP HEARING HELD ON JUNE 29, 2015. COURT ORDERED DEFAULT JUDGMENT ENTERED IN FAVOR OF PLAINTIFF FREDERICK C. FIECHTER AND AGAINST DEFAULTED DEFENDANT CARL WESCOTT, AKA CARL A. WESCOTT. ORIGINAL SECURED PROMISSORY NOTE DATED MAY 7, 2008 IS CANCELLED AND RETURNED TO COUNSEL FOR PLAINTIFF FOR THE CARE AND CUSTODY OF THE COURT. PROCEEDINGS NOT REPORTED. (514) | | |
| 2015-07-01 | DECLARATION IN SUPPORT OF JUDGMENT FOR PLAITNIFF AND AGAINST DEFT CARL WESCOTT AKA CARLA A. WESCOTT (TRANSACTION ID # 15181085) FILED BY PLAINTIFF FIECHTER, FREDERICK C | View | |
| 2015-07-01 | REQUEST FOR JUDICIAL NOTICE (TRANSACTION ID # 15181069) FILED BY PLAINTIFF FIECHTER, FREDERICK C | View | |
| 2015-07-01 | DECLARATION OF DAVID M. ZEFF IN SUPP OF ENTRY OF JUDGMENT (TRANSACTION ID # 15181069) FILED BY PLAINTIFF FIECHTER, FREDERICK C | View | |
| 2015-06-30 | DISMISSAL WITHOUT PREJUDICE (TRANSACTION ID # 15180050) AS TO DEFENDANT DOES 1 TO 25 | View | |
| 2015-06-29 | COURT TRIAL SET FOR JUN-29-2015 CONTINUED TO JUL-27-2015 AT 9:00 AM IN 514, FOR DEFAULT PROVE UP AGAINST DEFAULTED DEFENDANT CARL WESCOTT. NEW HEARING WILL BE VACATED BY THE CLERK WHEN JUDGMENT IS SIGNED AND ENTERED AND ORIGINAL PROMISSORY NOTE IS CANCELLED AND VOID BY THE ENTRY OF JUDGMENT. PROCEEDINGS REPORTED BY: MITCH LYON , CSR#6840. (514) | | |
| 2015-06-29 | MINI MINUTES FOR JUN-29-2015 09:45 AM FOR DEPT 514 | | |

Showing 51 to 60 of 281 entries                    Previous    1    ...    5    **6**    7    ...    29    Next

Contact Us

**THE SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SAN FRANCISCO

Case Number: CGC10496091
Title: FREDERICK C FIECHTER VS. CARL WESCOTT et al
Cause of Action: CONTRACT/WARRANTY
Generated: 2022-11-11 4:47 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

**Please Note: The "View" document links on this web page are valid until 4:57:04 pm**
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show 10 ∨ entries                                                                                    Search:

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2015-06-29 | COURT REPORTING SERVICES LESS THAN 1 HOUR FILED BY PLAINTIFF FIECHTER, FREDERICK C | | $30.00 |
| 2015-06-29 | MASTER SHORT CAUSE CALENDAR OF JUN-29-2015 ASSIGNED TO COURT TRIAL CALENDAR ON JUN-29-2015 AT 9:45 AM IN DEPT. 514, JUDGE CHARLES CROMPTON, FOR DEFAULT PROVE-UP HEARING, ON THE COMPLAINT. THE CROSS-COMPLAINT IS DISMISSED FOR NON-APPEARANCE OF CROSS COMPLAINANT CARL WESCOTT AT TRIAL CALL. JUDGE: JOHN K. STEWART; CLERK: JIROQUE; COURT REPORTER: MATTER NOT REPORTED. (206) | | |
| 2015-03-20 | REQUEST FOR ENTRY OF DEFAULT/DEFAULT ENTERED, DECLARATION OF NON-MILITARY STATUS (TRANSACTION ID # 15078024) AS TO DEFENDANT WESCOTT, CARL | View | |
| 2015-03-19 | REQUEST FOR DEFAULT REJECTED, E-FILING REJECT, (TRANSACTION ID # 15077169) SUBMITTED BY PLAINTIFF FIECHTER, FREDERICK C AS TO DEFENDANT WESCOTT, CARL | View | |
| 2015-02-24 | DISMISSAL WITHOUT PREJUDICE OF 3RD AMENDED COMPLAINT (TRANSACTION ID # 15054033) AS TO DEFENDANT POOK SNOOK DOOK LP | View | |
| 2015-02-24 | DISMISSAL WITHOUT PREJUDICE OF 3RD AMENDED COMPLAINT (TRANSACTION ID # 15054033) AS TO DEFENDANT STEPHENS, MONETTE | View | |
| 2015-02-13 | PROOF OF SERVICE OF SUMMONS ON THIRD AMENDED COMPLAINT (TRANSACTION ID # 56769531) FILED BY PLAINTIFF FIECHTER, FREDERICK C | View | |
| 2015-02-11 | NOTICE OF TIME AND PLACE OF TRIAL, SHORT CAUSE TRIAL SET FOR JUN-29-2015 AT 9:30 AM IN DEPT. 206. CASE MANAGEMENT CONFERENCE ON FEB-25-2015 IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| 2015-01-27 | CASE MANAGEMENT STATEMENT (TRANSACTION ID # 15026014) FILED BY PLAINTIFF FIECHTER, FREDERICK C ESTIMATED TIME FOR TRIAL: 1.0 DAYS | View | |
| 2014-12-08 | REQUEST TO ADVANCE CASE MANAGEMENT CONFERENCE AND/ OR SET MATTER FOR TRIAL (TRANSACTION ID # 14341207) FILED BY PLAINTIFF FIECHTER, FREDERICK C | View | |

Showing 61 to 70 of 281 entries                          Previous   1   ...   6   **7**   8   ...   29   Next

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| FREDERICK C FIECHTER | **Case Management Department 610**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-10-496091** |
| CARL WESCOTT et al | |
| | **Notice of Time and Place of Trial** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-25-2015 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY NOTIFIED that this case is set for Short Cause TRIAL on Jun-29-2015 at 9:30 am in Department 206.

If any party objects to this order, written notice of the objection must be filed with the Court; a courtesy copy must be delivered to Department 610 and served on all parties; and all counsel must appear for an objection hearing on Feb-25-2015 in Department 610 at 10:30 am.

After Feb-25-2015, ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206, 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514.

If an Interpreter has been requested, contact the Interpreter Coordinator at InterpreterRequests@sftc.org. If you do not have access to email please call 415-551-0654.

DATED:  FEB-11-2015                          JOHN K. STEWART
_____

JUDGE OF THE SUPERIOR COURT

Notice of Time and Place of Trial
Form 000001

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on FEB-11-2015 I served the attached Notice of Time and Place of Trial by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  FEB-11-2015                    By: DARLENE LUM


GUY ORVILLE KORNBLUM (039974)
GUY O KORNBLUM & ASSOCIATES
1388 SUTTER ST, SUITE 820
SAN FRANCISCO, CA  94109


DAVID M ZEFF (063289)
1100 LARKSPUR LANDING CIRCLE
SUITE 200
LARKSPUR, CA  94939


JAMES KENNETH ROBERTS (096804)
150 ALMADEN BLVD, STE 950
SAN JOSE, CA  95113


CARL A. WESCOTT
SAN PEDRO SULA
HONDURAS
HONDURAS


AMERICAN CONTRACTORS INDEMNITY COMPANY
601 S. FIGUEROA ST., STE 1600
LOS ANGELES, CA  90017


MONETTE STEPHENS
853 ASHBURY ST
SAN FRANCISCO, CA  94117


POOK SNOOK DOOK LP
C/O LODMELL & LODMELL, P.C.
1631 E. CHEERY LYNN RD.
PHOENIX, AZ  85016

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David M. Zeff    (Bar # 63289)<br>Law Offices of David M. Zeff<br>1100 Larkspur Landing Circle, Suite 200<br>Larkspur, CA 94939<br>TELEPHONE NO.: (415) 923-1380    FAX NO. (Optional): (415) 923-1382<br>E-MAIL ADDRESS (Optional): dmz@zefflaw.com<br>ATTORNEY FOR (Name): FREDERICK C. FIECHTER, Plaintiff | DEFAULT ENTERED<br>AS REQUESTED<br><br>ELECTRONICALLY<br>FILED<br>Superior Court of California,<br>County of San Francisco<br>03/20/2015<br>Clerk of the Court<br>BY: NADITA MASON<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Frederick C. Fiechter

DEFENDANT/RESPONDENT: Carl Wescott

| REQUEST FOR<br>(Application) | [X] Entry of Default    [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER<br>CGC 10 496091 |
|---|---|---|

1  TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 1 Nov 2011 [Third Amended Complaint]
   b. by (name): Frederick C. Fiechter
   c. [X] Enter default of defendant (names): Carl Wescott

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code
      Civ. Proc., § 585(d).)
   e. [ ] Enter clerk's judgment
     (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section
         1174(c) does not apply (Code Civ. Proc., § 1169.)
        [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The
           Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section
           415.46.
     (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the
         reverse (item 5).)
     (3) [ ] for default previously entered on (date):

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . | $ | $ | $ |
| b. Statement of damages *<br>  (1) Special . . . . . . . . . . . . | $ | $ | $ |
|   (2) General . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs (see reverse) . . . . . . . . . . . | $ | $ | $ |
| e. Attorney fees . . . . . . . . . . . . | $ | $ | $ |
| f. TOTALS . . . . . . . . . . . . . | $ | $ | $ |

   g. Daily damages were demanded in complaint at the rate of: $                    per day beginning (date):
   (* Personal injury or wrongful death actions, Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on
   the reverse (complete item 4).

Date: March 19, 2015

David M. Zeff
(TYPE OR PRINT NAME)                                                    ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [X] Default entered as requested on (date): 3/20/15<br>(2) [ ] Default NOT entered as requested (state reason):<br><br>Clerk, by _____, Deputy |
|---|---|

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]
**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)
Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

CIV-100

| PLAINTIFF/PETITIONER: Frederick C. Fiechter | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Carl Wescott | CGC 10 496091 |

4  Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☐ did not   for compensation give advice or assistance with this form.
   *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state)*

   a.  Assistant's name:                                        c.  Telephone no.:
   b.  Street address, city, and zip code.                      d.  County of registration:
                                                                e.  Registration no.:
                                                                f.  Expires on (date):

5. ☒ Declaration under Code of Civil Procedure Section 585.5 *(required for entry of default under Code Civ. Proc., § 585(a))*.
   This action
   a. ☐ is ☒ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not   on a conditional sales contract subject to Civ Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. Declaration of mailing (Code Civ, Proc., § 587). A copy of this *Request for Entry of Default* was
   a  ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. ☒ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date)*:                    (2) To *(specify names and addresses shown on the envelopes)*:
       March 19, 2015              Carl Wescott, San Pedro Sula, Honduras
       March 19, 2015              Carl Wescott P.O. Box 191273, San Francisco, CA 94119

I declare under penalty of perjury under the laws of the State of California that the foregoing Items 4, 5, and 6 are true and correct.
Date: March 19, 2015

David M. Zeff                          ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF DECLARANT)

7  Memorandum of costs *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a  Clerk's filing fees    . . . . . . . . . . . . .  $
   b.  Process server's fees   . . . . . . . . . . . . . .  $
   c.  Other *(specify)*:   . . . . . . . . . . . . .  $
   d.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $
   e.  TOTAL . . . . . .  . . . . . . . . . . . .  $ _____
   f.  ☐ Costs and disbursements are waived.
   9.  I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct
Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

8  ☒ Declaration of nonmilitary status *(required for a judgment)*. No defendant named in Item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: March 19, 2015
David M. Zeff                          ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]                 **REQUEST FOR ENTRY OF DEFAULT**          Page 2 of 2
                                              **(Application to Enter Default)**
                                        LexisNexis Automated California Judicial Council Forms

# Exhibit J

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David M. Zeff   (Bar # 63289)<br>Law Offices of David M. Zeff<br>1100 Larkspur Landing Circle, Suite 200<br>Larkspur, CA 94939<br>TELEPHONE NO.: (415) 923-1380   FAX NO. (Optional): (415) 923-1382<br>E-MAIL ADDRESS (Optional): dmz@zefflaw.com<br>ATTORNEY FOR (Name): FREDERICK C. FIECHTER, Plaintiff | **DEFAULT ENTERED**<br>**AS REQUESTED**<br><br>**ELECTRONICALLY**<br># FILED<br>Superior Court of California,<br>County of San Francisco<br>**03/20/2015**<br>**Clerk of the Court**<br>BY:NADITA MASON<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Frederick C. Fiechter

DEFENDANT/RESPONDENT: Carl Wescott

| REQUEST FOR<br>(Application) | [ X ] Entry of Default   [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>CGC 10 496091 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 1 Nov 2011 [Third Amended Complaint]
   b. by (name): Frederick C. Fiechter
   c. [ X ] Enter default of defendant (names): Carl Wescott

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code
      Civ. Proc., § 585(d).)
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section
         1174(c) does not apply (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The
         Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section
         415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the
         reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. Judgment to be entered.

|  |  | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages * | | | |
|  | (1) Special . . . . . . . . . . . . . . . . | $ | $ | $ |
|  | (2) General . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs (see reverse) . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | TOTALS . . . . . . . . . . . . . . . | $ | $ | $ |

   g. Daily damages were demanded in complaint at the rate of $         per day beginning (date):
   (* Personal injury or wrongful death actions, Code Civ. Proc. § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on
      the reverse (complete item 4).

Date: March 19, 2015

David M. Zeff
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [✓] Default entered as requested on (date): 3/20/15<br>(2) [ ] Default NOT entered as requested (state reason): | |
|---|---|---|
| | Clerk, by Nadita Mason | Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585, 587, 1169
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CIV-100

| PLAINTIFF/PETITIONER: Frederick C. Fiechter | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: Carl Wescott | CGC 10 496091 |

4  Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant [ ] did [ ] did not   for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state)*

    a.  Assistant's name:
    b.  Street address. city, and zip code.

    c.  Telephone no.
    d.  County of registration
    e  Registration no.:
    f.  Expires on *(date)*:

5. [X]  **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a))*. This action

    a.  [ ] is  [X] is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
    b.  [ ] is  [X] is not   on a conditional sales contract subject to Civ Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
    c.  [ ] is  [X] is not   on an obligation for goods. services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6.  **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was

    a  [ ]  not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

    b.  [X]  mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

      (1) Mailed on *(date)*:      (2) To *(specify names and addresses shown on the envelopes)*:
      March 19, 2015      Carl Wescott, San Pedro Sula, Honduras
      March 19, 2015      Carl Wescott P.O. Box 191273. San Francisco. CA 94119

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: March 19. 2015

    David M. Zeff     ▶
    (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

7  **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

    a.  Clerk's filing fees  . . . . . . . . . . . . . . . . .  $
    b.  Process server's fees  . . . . . . . . . . . . . . .  $
    c.  Other *(specify)*:  . . . . . . . . . . . . . . . . . .  $
    d.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $
    e.  TOTAL . . . . . . . . . . . . . . . . . . . . . . . . .  $
    f.  [ ]  Costs and disbursements are waived.

    g.  I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct
Date:

    ▶
    (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

8  [X]  **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: March 19. 2015

    David M. Zeff     ▶
    (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]     **REQUEST FOR ENTRY OF DEFAULT**     Page 2 of 2
    **(Application to Enter Default)**

*LexisNexis Automated California Judicial Council Forms*

# Exhibit K

1  David M. Zeff (SBN 63289)
   Law Offices of David M. Zeff
2  1100 Larkspur Landing Circle, Suite 200
   Larkspur, California 94939
3  Tel: (415) 923-1380
   Fax: (415) 923-1382
4
   Attorneys for Plaintiff Fredrick C. Fiechter
5

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*
**07/27/2015**
**Clerk of the Court**
**BY:MICHAEL RAYRAY**
**Deputy Clerk**

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11  Frederick C. Fiechter,                  ) Case No.  CGC-10-496091
                                            )
12            Plaintiff,                     )
                                            )
13      v.                                   ) **NOTICE OF ENTRY OF JUDGMENT**
                                            )
14  CARL WESCOTT, an individual,            )
    MONETTE STEPHENS, individually          )
15  and as Trustee of the Wescott-Stephens  )
    Family Trust; POOK SNOOK DOOK,          )
16  LP; and Does 1 thorugh 25, inclusive    )
                                            )
17            Defendants.                    )
                                            )
18  _____     )
                                            )
19  AND RELATED CROSS-ACTION                )
    _____     )
20

TO CARL WESCOTT:

21      PLEASE TAKE NOTICE that on July 14, 2015, the attached **JUDGMENT FOR**

22  **PLAINTIFF AND AGAINST DEFENDANT CARL WESCOTT AKA CARL A.**

23  **WESCOTT** was entered in the above matter.

24  Dated: July 24, 2015              LAW OFFICES OF DAVID M. ZEFF

25

26                                    By_____
                                          David M. Zeff, Attorneys For
27                                        Frederick C. Fiechter

28

---

PAGE 1 —    NOTICE OF ENTRY OF JUDGMENT

                                  Law Offices Of David M. Zeff
                                  1100 Larkspur Landing Crcl. # 200
                                  Larkspur, CA 94939
                                  Tel: (415) 923-1380

1  David M. Zeff (SBN 63289)
   Law Offices of David M. Zeff
2  1100 Larkspur Landing Circle, Suite 200
   Larkspur, California 94939
3  Tel: (415) 923-1380
   Fax: (415) 923-1382
4
5  Attorneys for Plaintiff Fredrick C. Fiechter

6

7

**F I L E D**

San Francisco County Superior Court

JUL 1 4 2015

CLERK OF THE COURT
BY: _____
              Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11  FREDERICK C. FIECHTER,                    ) Case No.  CGC-10-496091
                                              )
12            Plaintiff,                      )
                                              )
13       v.                                   ) JUDGMENT FOR PLAINTIFF AND
                                              ) AGAINST DEFENDANT CARL
14  CARL WESCOTT, an individual,              ) WESCOTT AKA CARL A. WESCOTT
    MONETTE STEPHENS, individually            )
15  and as Trustee of the Wescott-Stephens    )
    Family Trust; POOK SNOOK DOOK,            )
16  LP; and Does 1 thorugh 25, inclusive      )
                                              )
17            Defendants.                     )
                                              )
18  _____ )
                                              )
19  AND RELATED CROSS-ACTION                  )
    _____ )
20

21

22            This matter was called for trial on June 29, 2015, pursuant to the Notice of Time

23  and Place of Trial served upon the parties by the Court Clerk on February 11, 2015.

24            Plaintiff Frederick C. Fiechter ("Fiechter") and his counsel of record, David M.

25  Zeff ("Zeff") appeared and called ready at the trial call of this matter.

26            Cross-Complainant Carl Wescott, aka Carl A. Wescott ("Wescott") failed to

27  appear for the trial call, having failed to seek a continuance or otherwise inform the Court

28  of any reason the trial should not proceed.  By reason of the failure to appear for trial by

---

PAGE 1 —    JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

                                        Law Offices Of David M. Zeff
                                        1100 Larkspur Landing Crcl. # 200
                                        Larkspur, CA 94939
                                        Tel: (415) 923-1380

1  Carl A. Wescott, and good cause appearing, the Cross-Complaint of Carl Wescott filed

2  herein on May 5, 2010, is hereby dismissed with prejudice.

3       Plaintiff's counsel advised, and the Court takes judicial notice, of the fact that

4  defendants Monette Stephens and POOK SNOOK DOOK, LP, have been dismissed from

5  this action without prejudice by Plaintiff on February 24 2015. Consequently this default

6  prove up is proceeding only against defendant Carl A. Wescott.

7       Plaintiff has agreed to dismiss without prejudice the Second Cause of Action for

8  Common Counts and the Fourth Cause of Action for Fraudulent Conveyance and proceed

9  only on the First Cause of Action for Breach of Contract and the Third Cause of Action

10  for Fraud.

11       Plaintiff provided to the Court and requested that the Court take judicial notice of

12  the following documents filed in this Court, the U. S. Bankruptcy Court for the Northern

13  District of California, and the Ninth Judicial District Court of the State of Nevada:

14       1) Complaint filed on June 18, 2010, in this action, San Francisco Superior Court

15  no. CGC 10-496091;

16       2) Order Deeming Admitted Truth of Facts and Genuineness of Documents and

17  Imposing Monetary Sanctions entered in this action on September 28, 2010;

18  Complaint;

19       3) Order Imposing Issue and Evidence Sanctions Against Defendant Carl Wescott

20  entered in this action on May 11, 2011;

21       4) Judgment Entered Pursuant to Code of Civil Procedure Section 1710.25 in the

22  matter entitled *Frederick C. Fiechter v. Carl Wescott,* S. F. Superior Court No. CPF-11-

23  511547.

24       5) Third Amended Complaint filed in this action on November 1, 2011;

25       6) Summons Issued on the Third Amended Complaint in this action issued

26  November 2, 2011;

27       7) Errata To Plaintiff's Third Amended Complaint Filed November 1, 2011, filed

28  in this action on January 3, 2012;

PAGE 2—   JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1     8) Copy of the complete four page of the Docket in U. S. Bankruptcy Court, N.D.

2     Cal, No. 11-34426 *In re Debtors Carl Alexander Wescott and Monette Rosemarie*

3     *Stephens*, commenced December 13, 2011, which was terminated without discharge as to

4     all debtors on January 27, 2012;

5     9) Copy of the first page of the Docket in U. S. Bankruptcy Court, N.D. Cal, No.

6     12-30143, *In re Debtors Carl Alexander Wescott and Monette Rosemarie Stephens*,

7     commenced January 17, 2012;

8     10) Order Granting Summary Judgment on Trustee's motion to deny discharge to

9     Debtor Carl Alexander Wescott filed May 3, 2013, in U. S. Bankruptcy Court, N.D. Cal,

10     No. 12-30143;

11     11) Notice of Time and Place of Trial served by the Clerk of this Court upon the

12     parties in this action on February 11, 2015;

13     12) Proof of Service of Summons and Third Amended Complaint with Errata Filed

14     in this action on February 13, 2015;

15     13) Default of Carl Wescott entered as requested filed in this action on March 20,

16     2015.

17     The Court having reviewed the aforesaid documents, it takes judicial notice of

18     their contents and incorporates the contents of said documents as facts supporting the

19     factual findings stated below in support of this judgment.

20     Plaintiff also submitted the Declaration of David M. Zeff, Counsel for Plaintiff, to

21     which were attached true copies of PLAINTIFF'S AND CROSS-DEFENDANT'S

22     REQUESTS FOR ADMISSIONS TO DEFENDANT AND CROSS-COMPLAINANT

23     CARL A. WESCOTT, to which item no. 3, above, the Order Imposing Issue and

24     Evidence Sanctions Against Defendant Carl Wescott entered in this action on May 11,

25     2011, applies.  Said Declaration also contained a calculation of the interest due on the

26     Promissory Note subject to the operative Third Amended Complaint, and Zeff's

27     testimony, as counsel for Plaintiff, that the attorneys fees and costs incurred by Plaintiff in

28     this proceeding and the resulting Bankruptcy proceeding were reasonable and necessary

PAGE 3 —   JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

1    to this successful prosecution.

2         Plaintiff also submitted a Certified copy of the deposition testimony taken under

3    oath of Carl Wescott in the 341 examination on March 21, 2012, in the bankruptcy

4    proceeding entitled In Re: Carl Wescott, U.S. Bankruptcy Court, N.D. Cal No. 12-30143

5    DM.

6         This Court having entered the default of Carl Wescott to Plaintiff's Third

7    Amended Complaint on March 20, 2015, the trial of this matter was conducted as a

8    default prove-up before the undersigned Judge of the Superior Court.  Said prove-up

9    proceeded to prove-up by way of the above submitted documents and the testimony under

10   oath of Plaintiff Frederick C. Fiechter.

11                          Findings of Fact

12        Based upon the documents which are admitted by way of judicial notice, the

13   testimony of Mr. Feichter and the Discovery Orders previously entered herein the Court

14   makes the following findings of fact:

15   1.   Fiechter had a friendship with Wescott in the years prior to the loan here in issue

16        and to prior loans made to Wescott, some of which were paid and some of which

17        were unpaid and "rolled" into the "Secured Promissory Note" dated May 7, 2008

18        given by Wescott to Fiechter which is Exhibit A to the Third Amended Complaint,

19        RJN No. 5 (Hereafter "the Note").

20   2.   At the time of the loans preceding the Note here in issue, Wescott had represented

21        to Fiechter that Wescott had a personal net worth in excess of $28 million and that

22        Wescott had made this money as a successful tech entrepreneur and real estate

23        investor.

24   3.   At the time of the loans preceding the Note here in issue, Fiechter had done

25        personal research about representations Wescott had made about having been very

26        successful as a tech entrepreneur and real estate investor and that all of the

27        information he had been able to obtain confirmed Wescott's statements.  Fiechter

28        testified that when he did this "due diligence," he found no negative references to

PAGE 4 —    JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1    Wescott which would cause him to distrust Wescott's statements.

2    4.    At the time Wescott sought to roll the prior sums due into a new note, and obtain

3    additional loaned funds from Fiechter to be subject to the Note, Wescott made the

4    following representations to Fiechter:

5    a.  That Wescott had provided to Fiechter a true and accurate personal balance

6    sheet stating his assets, liabilities and accounts receivable, which balance sheet

7    was appended to the Note;

8    b.  That Wescott had a net worth of over $28 Million;

9    c.   That Wescott had the ability and intention to perform and fully repay the sums

10    subject to the Note.

11    5.    The personal balance sheet Wescott had given Fiechter as part of the Note was

12    false in that certain properties listed on the balance sheet were represented by

13    Wescott as owned when they were not owned but optioned, that the values of some

14    of the properties listed on the balance sheet were false in that they were subject to

15    undisclosed encumbrances which made them of little or no value, or the values

16    listed were not current values but instead were Wescott's "projected" values if the

17    property were, in the future, fully and successfully developed.  Said balance sheet

18    was also false in representing certain properties as 100% owned by Wescott when

19    in fact they were only fractionally owned or owned by legal entities in which

20    Wescott had ownership interests, such as LLC's, but not owned wholly by

21    Wescott. Fiechter only learned of the falsity of the representations in the balance

22    sheet and the concealment of material facts concerning the balance sheet items in

23    the ensuing bankruptcy proceedings filed by Wescott.  Fiechter also learned in the

24    course of said Wescott bankruptcy that Wescott had no ability to repay the sums

25    loaned on the Note at or after Fiechter loaned said funds to Wescott pursuant to the

26    Note.

27    ///

28    ///

PAGE 5 —    JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

6.    Fiechter would not have loaned any of the funds subject to the Note to Wescott if he had known that the above representations by Wescott were false, or that Wescott had concealed material facts, or that Wescott had no ability to repay the sums loaned on the Note.

7.    Wescott has paid nothing of the interest or principal due and owing on the Note.

8.    Fiechter has been forced to pursue this action, including expenses in trying to locate and serve Wescott who avoided service; make multiple motions to obtain pre-judgment attachments all of which turned out worthless, take discovery, compel discovery and, when this action was stayed by reason of Wescott's two bankruptcy filings, Fiechter was forced to incur substantial additional attorneys fees and costs in defending his interests in the bankruptcies and assist the Trustee in having the Bankruptcy Court order that Wescott would be denied a discharge of this and other debts in said proceeding.

<u>Conclusions of Law</u>

The court reaches the following conclusions of law based upon all of the evidence in the record and adduced at trial:

<u>On the First Cause of Action: Breach of Contract</u>

1. Wescott breached  the Secured Promissory Note dated May 7, 2008 given by Wescott to Fiechter which is Exhibit A to the Third Amended Complaint, RJN No. 5.

2. As a direct and proximate consequence of Wescott's breach of contract, Fiechter is entitled to the following recovery:

A.  Principal in the sum of $569,901.33.

B.  Accrued interest at the legal rate of 10% per annum from the date of the Note, May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of the date of trial, and daily interest of $156.14 for each day hereafter.

C.  Reasonable Attorneys fees and costs under paragraph 10 of the Note.  The Court has reviewed the ledger provided by Fiechter of payments made, the declaration of David M. Zeff as to why the attorneys fees and costs incurred were reasonable and

PAGE 6 —    JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1 | necessary and the bills and billing summaries tendered to the Court at the time of trial.

2 | Consequently, the Court makes the award of Attorneys fees and costs as set forth below.

3 |      On the Third Cause of Action: Fraud

4 |      1. The following representations made by Wescott to Fiechter to induce Fiechter

5 | to loan the funds subject to the Note were false when made and Wescott knew them to be

6 | false when he made them:

7 |      a. That prior to the loan, Wescott had provided to Fiechter a personal balance

8 | sheet which purportedly stated Wescott's assets, liabilities and accounts receivable at the

9 | time of the loan, and appended the balance sheet to the Note;

10 |      b. That Wescott represented to Fiechter that the balance sheet was a true and

11 | accurate reflection of his personal net worth at the time of the loan;

12 |      b. That Wescott had a net worth of over $28 Million;

13 |      c. That Wescott had the ability and intention to perform and fully repay the sums

14 | subject to the Note.

15 |      2. That Fiechter relied upon Wescott's above representations, including the

16 | financial information contained in the balance sheet, in loaning the funds to Wescott

17 | subject to the Note, and that Fiechter's reliance was reasonable.

18 |      3. The representations were material, false and made to induce Fiechter to loan

19 | Wescott the sum of $569,901.33.

20 |      4. That Wescott had intentionally concealed many material facts concerning the

21 | purported "fixed assets" identified in the balance sheet given to Fiechter as inducement

22 | for the loan in issue.

23 |      5. That Wescott obtained the sums loaned by Fiechter by false pretenses, false

24 | representations and actual fraud by way of false and fraudulent oral representations and

25 | by use of statements in writing that were materially false respecting Wescott's financial

26 | condition on which Fiechter reasonably relied in advancing money and credit as

27 | evidenced by the Note.

28 | ///

PAGE 7—   JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1    6. As a direct and proximate consequence of Wescott's false representations and

2   actual fraud, Fiechter was damaged and is entitled to the following recovery, by way of

3   the benefit of the bargain rule and/or Civil Code §3333:

4       A. Principal in the sum of $569,901.33.

5       B. Accrued interest at the legal rate of 10% per annum from the date of the Note,

6   May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of

7   the date of trial, and daily interest of $156.14 for each day hereafter.

8       C. Reasonable Attorneys fees and costs under paragraph 10 of the Note. The

9   Court has reviewed the ledger provided by Fiechter of payments made, the declaration of

10  David M. Zeff as to why the attorneys fees and costs incurred were reasonable and

11  necessary and the bills and billing summaries tendered to the Court at the time of trial.

12  Consequently, the Court makes the award of Attorneys fees and costs as set forth below.

13      ~~D. Due to Wescott's actual fraud, Fiechter is entitled to recover exemplary~~

14  ~~damages pursuant to Civil Code §3294.a. The Court determines that the proper amount~~

15  ~~of exemplary damages to be imposed upon Wescott for his actual fraud against Fiechter is~~

16  ~~the sum of $_____.~~                                                      ← se

17                                    **JUDGMENT**

18      The Court determines that there shall be no double recovery on the First and Third

19  Causes of Action. Consequently, on both causes of action judgment is hereby entered for

20  Plaintiff Fredrick C. Fiechter and against Defendant Carl Wescott, aka Carl A. Wescott,

21  as follows:

22      1. Principal in the sum of $569,901.33.

23      2. Accrued interest at the legal rate of 10% per annum from the date of the Note,

24  May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of

25  the date of trial, and daily interest of $156.14 for each day hereafter.

26      3. Reasonable Attorneys fees and costs in the following amounts:

27      Attorneys fees:    $_____            CSC

28    $ Costs:    $ 513,080.79

PAGE 8 —    JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1      4. Plaintiff Fredrick C. Fiechter shall recover all post judgment costs of collection,

2  including, attorneys fees and costs.

3  ~~On the Fraud Cause of Action, in addition to the amounts awarded above, Plaintiff~~

4  ~~Frederick C. Fiechter shall recover exemplary damages from Defendant Carl Wescott, aka~~

5  ~~Carl A. Wescott, in the sum of $_____.~~

6      JUDGMENT IS HEREBY ENTERED AS STATED ABOVE.

7

8  Dated:     JUL 1 4 2015

9                     Judge of The Superior Court

10                    CHARLES CROMPTON

11

12

13

14

15

16

17  Case no. CHC-10-496091

18

19  Fiechter

20    vs.

21  Wescott.

22

23

24  5. The Secured Promissory Note

25  dated May 7, 2008, is Cancelled

26  and will be returned to plaintiffs

27  Counsel.

28        CC.

PAGE 9 —   JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

## PROOF OF SERVICE

      I declare that:  I am over the age of 18 years and not a party to the within entitled action; my business address is:

Law  Offices Of David M. Zeff
1100 Larkspur Landing Circle, Suite 200
Larkspur, California  94939

On July 24, 2015,  I served the following document(s):

## NOTICE OF ENTRY OF JUDGMENT

on the following counsel or parties in propria persona:

Carl Wescott                               Carl Wescott
San Pedro Sula                             P.O. Box 191273
Honduras                                   San Francisco, CA 94119
Email: c@carlwescott.com                   Email: c@carlwescott.com

by the following means:

  **XX**   **MAIL:** By placing a true copy thereof enclosed in a sealed envelope, addressed as set forth on the Service List above, with first class postage thereon fully prepaid, in the United States mail at Larkspur, California.

  **XX**   **ELECTRONIC MAIL (email):**  By sending a true copy thereof via electronic mail (email) to the confirmed email address of said party as designated on the Service List above.

      I declare under penalty of perjury that the foregoing is true and correct, and that this Proof Of Service was executed at Larkspur, California.

Dated: July 24, 2015

David M. Zeff

# Exhibit L

Carl A. Wescott
PO Box 191906
San Francisco, CA 94119
*in propria persona*
+1 415 335 5000



FILED
Superior Court of California
County of San Francisco

NOV 12 2019

CLERK OF THE COURT
_____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

FREDERICK C. FIECHTER

Plaintiff,

vs.

CARL A WESCOTT,

Defendant

Case No. CGC-10-496091

**MOTION TO SET ASIDE DEFAULT JUDGMENT**

**Hearing Date: Tuesday December 3, 2019**
**Hearing Time: 9:30 am**
**Dept: 302 (Law and Motion Calendar)**
**RESERVATION NUMBER: 011041203-14**

DEFENDANT Carl A. Wescott proceeding *pro se*, hereby moves this Court, using its inherent equitable power, to overturn the Judgment entered in this matter on July 27th, 2015 by reason of extrinsic fraud or mistake. In support of his Motion, the Defendant offers this concise Memorandum of Points & Authorities.

1. Introduction

The Defendant contends that the Judgment issued on July 27, 2015 was procured by fraud as no serious attempt was made to serve the Defendant with the Third Amended Complaint, nor to provide the Defendant ongoing discovery and other case papers. A proof of service (attached hereto as Exhibit "A") was filed by attorney David Zeff that contended the Defendant was "served" care of *a city and a country*: (with a CC to an obsolete email address):

Carl Wescott San Pedro Sula Honduras

MOTION TO SET ASIDE DEFAULT JUDGMENT                                    1

The Plaintiff's case was non-meritorious but that was taken care of by a fraud on the Court. The judgment thus obtained should not have been legally or morally collectable, but the Plaintiff was more interested in harassing and tormenting the Defendant than he was actually collecting on the judgment. The Default Judgment is properly subject to collateral attack. Now that Defendant is aware of this particular aspect of fraud on the part of Plaintiff and his attorneys, the judgment will be attacked by a proper CCP 473 Motion and hopefully will be rescinded. The matter should have been decided on the merits (or demerits as the case may be), and not fraudulently engineered by Mr. Zeff's fraudulent proof of service.

With respect to the Plaintiff's present Motion (for Assignment and Charging Orders) that Plaintiff is acting based on information provided by a third-party witness, Robert J. Block ("Block"), who is Defendant's paralegal who was and is under an obligation of confidentiality not only statutorily but also by written agreement. The Defendant, a humble logician, cannot afford an attorney but has needed legal help from professionals, and Mr. Block has been helpful in advising him on aspects of California law and drafting parts of his needed filings. Unfortunately, Mr. Block suffers from substance abuse issues, namely alcohol, and Mr. Zeff preyed upon Mr. Block's sensibilities by offering him alcohol money in a time of need, to bribe Mr. Block and induce a fiduciary breach.

Mr. Block is prominently, though somewhat selectively mentioned in the Plaintiff's Motion. California legal authorities caution practitioners against accepting such voluntary assistance, especially by witnesses who charge for their trouble as Block did. The reasons should have been obvious to Mr. Zeff. The witness may have stolen the information – and the attorney has a professional duty not to facilitate a crime. As in this case, the witness may be under a fiduciary or contractual duty of non-disclosure – and the attorney has a professional duty to

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

respect the rights of third parties as his client does not to burden or interfere with contractual rights. The Defendant is covering these issues in considerable detail in a collateral Motion to Disqualify attorney Zeff.  The Defendant will be providing such for this Court not only for its anticipated hearing date of Monday, December 2nd, 2019, but also as further reasoning that he invites the Court to reference in relation to this Opposition as the documents are based on a common argument: Mr. Zeff obtained the information by turning the Rules of Professional Conduct into a sieve and committing acts of bribery. The Plaintiff should not be permitted to benefit from unethical and likely illegal acts by his attorney which he has appeared to ratify.

Indeed, *All* of the information/evidence the Plaintiff cites in support of his Motion was obtained as a result of communications with said Mr. Block, who directly solicited payment from attorney Zeff and was also offered payment by Mr. Zeff and was in fact directly paid by Mr. Zeff's firm.  Mr. Block tipped Mr. Zeff off to Defendant's PayPal account, with funds to be used for a Child Support payment.  Defendant had emailed his ex-wife's attorney (Mr. Terry Szucsko) about making such a payment with those funds.

Mr. Block also tipped off Mr. Zeff (with an accompanying bribe) as to the Defendant's job with SparkLabs, a fund accelerator, and consulting assignment with Salveo Capital, a venture capital fund, as well as a third entity which was a Puerto Rico domiciled hedge fund.  After being bribed by Mr. Zeff, who wished to steal confidential and privileged information from a legal adversary's paralegal, and did indeed do so, Mr. Block also provided Mr. Zeff confidential and privileged insider information as to the details of cases the Defendant was pursuing.  Mr. Zeff bribed Mr. Block to offer his expert opinion on the merits of those cases; and provided a Bank of America account number for Side Coast Inc., a corporate bank account in to which Mr. Zeff

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

would not have had visibility in to  (See Sworn Declaration of Carl Wescott attached hereto as

Exhibit "A" and sub-exhibits thereto)

The Defendant subsequently informed and reconfirmed to Mr. Zeff that Mr. Block had

been his paralegal for almost two years vehemently objected to Mr. Zeff's acts of bribery and

misappropriation. See, Exhibit "B" and sub-exhibits. Mr. Zeff deals with this in his filings with a

single conclusory paragraph in his affidavit:

> In a phone conversation with me, Mr. Block informed
> me that he has known Mr. Wescott for more than two years, that Block was once a
> licensed attorney but has not been one for many years, that at no time that he was a
> licensed attorney did Block provide any legal services of any kind for Mr. Wescott,
> and that Block has not had and currently does not have a confidential, fiduciary or
> contractual relationship with Mr. Wescott which would cause Block to owe Wescott
> any duty of confidentiality. This was confirmed by Block in **Exhibit 7** hereto. Mr.
> Block further informed me that he has provided Mr. Wescott technical writing and
> copy-editing services and, on occasion, non-regulated financial consulting services.

Mr. Zeff admits that he is aware Block is a former licensed attorney. However, Mr. Zeff

accepts the glib self-serving conclusion of Block who successfully solicited payments from Zeff,

that Block has no fiduciary obligations or obligations of confidentiality. Indeed, the "technical

writing" and "copy-editing" services as well as the "financial consulting services" could be

sufficient to give rise to a duty of confidentiality in and of themselves.  But in point of fact,

Block is a *disbarred Illinois attorney* as Mr. Zeff well knows or should have known had he

conducted the most cursory research.  Mr. Zeff directly paid a disbarred attorney to obtain

confidences about a client for whom the disbarred attorney was performing paralegal services,

subject to the confidentiality strictures of Business & Professions 6068. Block sent Mr. Zeff

portions of legal pleadings that he in fact had drafted (see Exhibit A). Mr. Zeff was either aware

of or willfully blind to the fact that he was receiving highly sensitive and confidential

information from an alcoholic legal advisor having delirium tremens.  Mr. Zeff induced a breach

4

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

of Mr. Block's fiduciary duty, breaching his own ethical duties as well as the need to inform the Court of his possession of stolen confidential and privileged information. Mr. Zeff should never have carried out these tortious acts and crimes (including wrongfully stealing a Child Support payment from Defendant's children). Having carried out these crimes, Mr. Zeff's further obligations besides disclosure to the Court would have included withdrawal.

This Court is in a unique position to apply the understanding of an expert to Mr. Zeff's situation. He had discussions with a disbarred lawyer and induced him to peddle sensitive financial and litigation information. Mr. Zeff paid the disbarred lawyer, the Defendant's paralegal, and bribed him to steal sensitive information  The Defendant appeals to the expert judgment of this Court: should the situation not have set off deafening ethical alarm bells?  Was Mr. Zeff justified in presenting this Motion without even mentioning the vociferous protests of the Defendant that his reasonable expectations of confidentiality had been breached. Would this information have been material to the Court's decision? Are California collection lawyers a sub-species of professionals to whom the California Code of Ethics and that of the ABA does not apply?

Mr. Block was the Defendant's paralegal. California has disqualified attorneys who were privy to confidences from non-attorney employees with access to confidential litigation related information. Block was employed and paid by the Defendant to assist him with litigation and he was afforded the trust and confidence of a fiduciary. He prepared legal briefs, related correspondence, advised the Defendant on litigation strategy and on potential transactions. He functioned as an in-house lawyer would function.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

5

1    In all candor with the Court, the Defendant is absolutely convinced that Mr. Zeff was on

2    actual notice – that he was in point of fact bribing a fiduciary to betray his fiduciary duty. This

3    type of bottom-of-the-barrel ethics should not be and cannot be countenanced by this Court. Mr.

4    Zeff's conduct arguably justifies *terminating* sanctions but it undoubtedly justifies the

5

6    disqualification of Mr. Zeff and his firm by reason of the fact that they hired Block and induced

7    him to betray the Defendant.  That is being address in a parallel Motion to disqualify which

8    cannot be heard until Monday, December 2nd, 2019, due to service requirements.  (Ironically, the

9

10    Defendant, a legal layperson and pro se, is following California law with respect to service, after

11    Mr. Zeff, a licensed attorney – hopefully not for long – induced a default judgment in the instant

12    case by purposely **not** serving the Defendant).

13    The Defendant hereby records his Opposition and the basis therefore.  The Plaintiff

14    should quite simply not be allowed to exploit information that he obtained as the result of bribing

15

16    the Defendant's legal advisor. As a Court of Equity, the Court should deny the Plaintiff's

17    Motion. In setting out the further basis for his Opposition the Defendant will discuss

18    Disqualification and Terminating Sanctions and will shortly file the appropriate Motions seeking

19    such relief. The Defendant will also be filing a Motion pursuant to CCP 473 to overturn the

20    Judgment in this matter, also obtained by extrinsic fraud upon this Honorable Court.

21

22    The Plaintiff's prosecution of this case has been an outrageous and egregious fraud from

23    start to finish. But first, the Defendant is anxious to get the most important facts in front of the

24    Court in connection with this Opposition so that the Court can properly deny the Plaintiff's

25    Motion and then go on to fashion appropriate relief even if that involves the filing of separate

26

27    Motions by the Defendant.  Paraphrasing Kurt Vonnegut, referring to Mr. Zeff's impending exit,

28    "And so it shall go."

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

6

The Defendant regrets the need to frame it this way, but the Plaintiff has pursued a corrupt case, brought by a corrupt lawyer, and seeks to upend the Defendant's life and business with betrayed confidences bought and paid for by a disbarred lawyer from out of state. Quite frankly, the Plaintiff's case and his lawyer's license should be forfeit as a result of their misbehavior and dishonesty before this Tribunal.

The Defendant will take a moment to comment on the quality of the evidence presented by the Plaintiff in support of his Motion. The Plaintiff has produced PayPal records that might impute an annual income of perhaps $25,000 per year to the Defendant, if he had earned the monies in those Paypals rather than having sought loans.  Forgetting the facts for a moment, had Defendant actually earned those monies, they would hardly be evidence of solvency let alone prosperity.  In San Francisco, an income of US $129,000 is below the poverty line, and those with such incomes cannot afford to live in this august city until they have already secured a rent-controlled apartment years ago or own a home outright.  Of course, the Plaintiff has no way of knowing how much of the money transmitted represents actual income, as opposed to the loans they are.  The Defendant provided information to Mr. Zeff as to his lack of income and the fact that he was on food stamps, and even provided his EBT card in suggesting that collection efforts on behalf of his client should be unavailing.  (Exhibit "C").  Further, Mr. Fiechter has no right to any monies (even if his judgment were not obtained by fraud) under California law as the Defendant owes consideration sums to his ex-wife for Child Support, Spousal Support, and Other Payments to Spouse.  The Defendant provided this information to Mr. Zeff as well (Exhibit "D").  Thus, as per California law, Defendant must first pay Child Support off, and the other categories to Spouse, before any other creditors can collect anything.  Mr. Zeff (and

therefore, legally, Mr. Fiechter) had constructive notice of all of these facts, but yet blithely proceeded forward without even considering much less following California law.

2. <u>The Plaintiff's Motion Should be Denied, Because the Plaintiff Wrongfully Obtained & Misused the Defendant's Confidential Information</u>

Under the law of California, when a California attorney receives confidential and/or privileged information of an adverse party, they are to (1) refrain from examining the information any more than is essential to ascertain if the information is privileged, (2) immediately notify the holder of the privilege, and (3) proceed to resolve the situation by agreement or with the guidance of the court. *Rico v. Mitsubishi Motors Corp.*, 116 Cal.App.4th 51 (Cal.App. 2004). Indeed, the Court pointed out:

> A brief look and a simple phone call could have resolved the matter. Instead, Johnson, as the court found, "studied the document carefully, made his own notes on it, dispensed the information to his associates and experts, discussed the meaning of the notes with the experts and based his litigation strategy and expert witness cross-examination upon the information contained in the document."

Zeff was thus professionally and ethically obligated to consult with the Defendant concerning the nature of his relationship with Block and the confidentiality of the materials that were being provided. If the parties could not reach agreement, he was alternatively required to seek the guidance of the Court. He did neither. He paid a disbarred lawyer for the Defendant's most sensitive confidential information and attempted to "paper over" the breach by having the alcoholic disbarred lawyer parrot the *conclusion* that he was not a fiduciary. This behavior does not comply with California law.

The fact that Block was not an attorney at the time he made the overture is not controlling. Block disclosed that he was a former attorney, and a search by Zeff of the Illinois

8

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ASSIGNMENT AND CHARGING ORDERS**

ARDC web site would have disclosed that he was a disbarred attorney, a circumstance which bespeaks caution. Moreover, it is not essential that confidences be obtained from an attorney to be disqualifying. In the recent case of *O'Gara Coach v. Ra* 286730 1/7/19 (Cal.App.) the Court disqualified an attorney who had been provided access to litigation confidences as a non-attorney executive. The Court pointed out:

> Attorney disqualification to support the fundamental principle of protecting client confidences is not limited to situations in which an adversary's privileged communications have been acquired through a prior attorney-client relationship: "a law firm that hires a nonlawyer who possesses an adversary's confidences creates a situation, similar to hiring an adversary's attorney, which suggests that confidential information is at risk". *In Re Complex Asbestos Litigation* (1991)

Thus, Zeff's self-serving pablum about Block being an unregistered financial consultant or a so-called "technical writer" is irrelevant. As Mr. Zeff saw from brief drafts provided by Mr. Block, said writing was actually paralegal document drafting such as motions, briefs, and pleadings. Block had access to the Defendant's confidences. The Plaintiff, through Zeff's firm, paid Block many hundreds of dollars to obtain that confidential information. The transaction is corrupt as a matter of California law.

The Plaintiff is aware that the Court will wish to proceed in an orderly manner and he is not attempting to confuse any issues. Motions to Disqualify are disfavored and the Defendant will require reasonable time to put together an appropriate Motion to Disqualify. At this point, the Defendant is pointing out to the Court that the Plaintiff's Motion is entirely based on information that was obtained improperly and unethically and that the violations are serious enough to warrant Disqualification. Block was the source of the Plaintiff's information about the

9

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

Defendant's PayPal account; Block was the source of the information about Sparks Labs as well as all of the other business prospects identified in the Plaintiff's Motion[1].

Momentarily embarred counsel for the Plaintiff Zeff conspired with disbarred attorney Block for the purpose of obtaining information that the Defendant had confided to Block as his Paralegal, subject to the strictures of Business & Professions 6068. The Defendant did not believe that the Plaintiff could top his opening act of fraudulently serving the Defendant in care of a country (Honduras) of 43,433 square miles with a population of 9.265 million but the Defendant now believes that the Plaintiff has done precisely that by bribing his Paralegal.

The Defendant is arguing that this Court should deny, or at least Stay the Plaintiff's Motion pending an inquiry into the ethical and possible criminal infractions of Plaintiff's attorney Zeff.

3.  <u>Under California Law, the Misconduct of Plaintiff's Counsel Would Justify Terminating Sanctions</u>

In *Slesinger v. Disney*, (2007) 155 Cal.App.4[th] 736 the Court, confronted with (less egregiously) improperly obtained confidential information observed:

> The rationale of Bauguess does not apply here.   Far from being unnecessary, the existence of inherent power to terminate litigation for deliberate and egregious misconduct-conduct which makes lesser sanctions inadequate to ensure a fair trial-is essential for the court to preserve the integrity of its proceedings. Such power does not "imperil the independence of the bar" and "undermine the adversary system."  (Bauguess, supra, 22 Cal.3d at p. 638, 150 Cal.Rptr. 461, 586 P.2d 942.)   Rather, it restores balance to the adversary system when the misconduct of one party has destroyed it.   And, as illustrated by the instant case, such power can be exercised with full procedural due process:  the trial court held a noticed evidentiary hearing, and SSI makes no claim that the procedure violated its due process rights. Bauguess is simply inapposite.

---

[1] The Defendant does not concede the accuracy of all the information provided to the Court by the Plaintiff but he stresses the common provenance: disbarred attorney Block.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSIGNMENT AND CHARGING ORDERS**

The recognition that California courts have inherent power to terminate litigation for deliberate and egregious misconduct when no other remedy can restore fairness is consistent with the overwhelming weight of authority from federal courts and courts of other states. (See Meador, supra, 73 Texas Law Review at p. 1815 [terminating sanctions are "generally acknowledged to be within a court's inherent power," to be imposed only when lesser sanctions are inadequate].) Although nuances of analysis exist among these decisions, the general theory supporting them is straightforward: "Courts cannot lack the power to defend their integrity against unscrupulous marauders; if that were so, it would place at risk the very fundament of the judicial system." (Aoude, supra, 892 F. 2d at p. 1119.)

In *Slesinger* a private detective, loosely supervised by litigation attorneys, scavenged confidential Disney business and litigation documents from dumpsters during the interlude before the garbage was hauled off. While this conduct was despicable, there was no argument that the Plaintiff's *attorney* had countenanced it and, indeed, it was undisputed that counsel had instructed the detective to stay within the law in his investigation.

The Court in *Slesinger* recognized that once information is improperly obtained it is all but impossible to erase that information from the minds of a parties' litigation team:

> In its statement of decision on Disney's motion for a terminating sanction, the trial court concluded that it had no confidence that SSI would obey any prophylactic order, and that it was not convinced SSI had either produced or discarded all the illicitly-obtained documents it possessed. The court also stated that SSI's principals knew information gleaned from stolen Disney documents that could not be purged. In its statement of decision on SSI's motion for new trial, in which it rejected SSI's proposal of Document Review Counsel (see fn. 15, ante ), the court reiterated the substance of these findings: **"No power the Court possesses . can purge SSI's knowledge. The full extent of SSI's knowledge remains uncertain as does the potential impact of application of that knowledge to potential future litigation decisions and events.** No power the Court possesses short of termination can fully guard against the conscious or subconscious application of SSI's knowledge in shaping the future course of the litigation and its outcome." On this reasoning, the court rejected SSI's proposal for Document Review Counsel. (Emphasis added).

The Defendant believes that the bribery of a paralegal (himself a former attorney) for the purpose of gaining a strategic advantage is uniquely detestable. It is uniquely so because it involves a calculated corruption of the very office of attorney. The reason this case would afford

an appropriate fact pattern for a terminating sanction is that corruption of the office of attorney is a corruption of the adversary system and the proceedings of this Court itself. *How much more offensive is it to bribe an adversary to switch sides than to lurk near dumpsters?* The Defendant suggests it is orders of magnitude more invidious because it strikes at the integrity of this Honorable Court and these proceedings themselves.

Because the information leading to the filing of the Plaintiff's Motion was obtained in a manner that would justify terminating sanctions, the Court should deny that Motion or Stay it pending an investigation of the issues raised by this Memorandum and the attached Exhibits.

4. <u>Conclusion</u>

The Defendant has attempted to maintain a dispassionate and measured tone that is calibrated to the dignity of these proceedings. To a degree it has been a struggle to maintain such a tone because the Defendant has been devastated and personally betrayed by the acts of corruption that underlay this case and this Motion. He reposed trust and confidence in Mr. Block and believed that Mr. Block had recovered from the substance abuse problems that had ruined his once promising career. The relationship between client and legal advisor is personal and emotions are invested in the common enterprise. The Defendant asks this Court to bear in mind the emotional harm that is inflicted on a client so callously betrayed as well as the harm inflicted on the dignity of this Court, these proceedings, and the legal profession by Zeff's legal, ethical, and criminal atrocities.

Under the Fair Debt Collection Practices Act, attorneys may be classified as "collectors". Perhaps Zeff thinks of himself primarily as a "collector". But he is also an attorney. He is subject to the Rules of Ethics and of Court.  In discussions with a stranger (at first) about stealing client

12

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ASSIGNMENT AND CHARGING ORDERS**

confidences, later identified as the legal adversary's paralegal, and a disbarred attorney, Mr. Zeff should have sought agreement with the Defendant or guidance from the Court. Instead, he misused the misappropriated information and presented his Motion to this Court while omitting any reference to a pending protest from the Defendant. The Plaintiff has not merely lacked candor, he has aggressively sought to deceive this Court in violation of California Rule of Professional Conduct 5-200, California Business and Professions Code 6068(d) and California Business and Professions Code 6016. Finally, Mr. Zeff has committed at least two crimes therein, first of all by way of stealing Child Support money and interfering with Child Support payments, and also with regard to California Business and Professions code 6128, which imposes misdemeanor criminal liability on any attorney who "engages in or consents to any deceit or collusion with intent to deceive the Court or any party." (BP 6128(a)). Mr. Zeff has deceived this Court and also lied to Defendant, who as a pro se is treated as an opposing attorney, many times. (Exhibit "E"). California law imposes punishment on such an attorney, of a fine of up to $2500 or up to a 6-month jail sentence, or both, per count.

This Court should exercise its power to deny the Plaintiff's Motion pending a detailed evidentiary review of the manner in which the materials on which the Plaintiff relies were in fact obtained. That issue now transcends any other issue in this case. The Defendant believes he can show that the Plaintiff has pursued this matter in bad faith since its inception and that the Plaintiff's tactics have only gotten more brazen and more degraded over time.

The Plaintiff asks this Court to deny the Plaintiff's Motion and to focus on the issues of Disqualification and Sanctions including Terminating Sanctions (upcoming) for the deceptive

and dishonest acts[2] of Plaintiff's counsel.   Further, after reviewing the evidence, the Defendant asks this Court to refer this matter to the appropriate law enforcement agency for investigation, surely to be followed by prosecution by the appropriate District Attorney.

Respectfully submitted,

Carl A. Wescott, *pro se*

November 4th, 2019
San Francisco, CA

---

[2] The Defendant is put in mind of the words of Edmund Burke: "When was there so much iniquity ever laid to the charge of anyone? No, my lords, you must not look to punish any other such delinquent from India. Warren Hastings has not left substance enough in India to nourish such another delinquent". If attorney Zeff can bribe a member of the Defendant's litigation team, conceal the facts from this Court, and then misuse the ill-gotten data to persecute and harass the Defendant then what delinquency among litigators is left to be punished? Any future litigation abuse would be an anticlimax to this desecration.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ASSIGNMENT AND CHARGING ORDERS**

14

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business address is: *200 W. Jackson Blvd Chgo, IL 60606*

On November 5ᵗʰ, 2019 I served the foregoing document(s) described as: **MOTION TO SET ASIDE DEFAULT JUDGMENT** to the following parties:

**Frederick Fiechter**
**c/o David M. Zeff, esq.**
**1100 Larkspur Landing Circle Suite 350**
**Larkspur, CA 94939**

[X] (By Fedex) I deposited such envelope in Fedex at San Francisco, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  11/05/2019

SIGNATURE OF PERSON

1



FILED
San Francisco County Superior Court

NOV 2 6 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

1

Carl A. Wescott

2

PO Box 191906
San Francisco, CA 94119

3

*in propria persona*
+1 415 335 5000

4

### SUPERIOR COURT OF CALIFORNIA

5

### COUNTY OF SAN FRANCISCO

6

7

8

FREDERICK C. FIECHTER

Case No. CGC-10-496091

9

Plaintiff,

**DEFENDANT'S REQUEST THAT
DEFENDANT'S MOTION TO SET
ASIDE DEFAULT JUDGMENT BE
GRANTED AS UNOPPOSED**

10

vs.

11

CARL A WESCOTT,

12

Defendant

**Date: Tuesday, December 3rd, 2019
Time: 9:30 am
Dept: 302**

13

14

15

Petitioner and Movant Carl Wescott, appearing *pro se*, hereby asks this Court that his

16

Motion to Set Aside Default Judgment should be granted as unopposed by the Respondent. In

17

support of his Request, the Petition offers this concise Memorandum of Points and Authorities.

18

19

20

1.   Introduction

21

The Courts of the State of California prefer resolving cases on the merits. *Rappleyea v.*

22

*Campbell*, (1994) 8 Cal. 4th 978, 982. As the Supreme Court of California stated in an earlier

23

case:

24

It is the policy of the law to favor, wherever possible, a hearing on the merits, and
appellate courts are much more disposed to affirm an order where the result is to
compel a trial upon the merits than they are when the judgment by default is allowed
to stand and it appears that a substantial defense could be made. **Stated another** [63
Cal. 2d 855] **way, the policy of the law is to have every litigated case tried upon
its merits, and it looks with disfavor upon a party, who, regardless of the merits
of the case, attempts to take advantage of the mistake, surprise, inadvertence, or
neglect of his adversary.** (Freeman v. Goldberg, 55 Cal. 2d 622, 625 [12 Cal. Rptr.

25

26

27

28

**DEFENDANT'S REQUEST THAT DEFENDANT'S MOTION TO SET
ASIDE DEFAULT JUDGMENT BE GRANTED AS UNOPPOSED**

668, 361 P.2d 244]; Waybright v. Anderson, 200 Cal. 374, 377 [253 P. 148]; Berri v. Rogero, 168 Cal. 736, 740 [145 P. 95]; Crane v. Kampe, <u>225 Cal. App. 2d 200</u>, 204-205 [37 Cal. Rptr. 220]; Stout v. Bakker, <u>212 Cal. App. 2d 78</u>, 82-83 [27 Cal. Rptr. 661]; see Benjamin v. Dalmo Mfg. Co., <u>31 Cal. 2d 523</u>, 525 [190 P.2d 593].) *Weitz v. Yankosky*, (1966) 63 Cal.2nd 851, 854. (Emphasis added.)

This is a case in which the Plaintiff has obtained a multi-million dollar judgment through surprise and sharp practice. The same Plaintiff has then utilized even more unscrupulous tactics in a putative attempt to enforce the judgement so obtained. This is a Plaintiff who will stop at nothing.

The Plaintiff has failed to respond to the Defendant's Motion to Set Aside, properly noticed and properly served. The Rules permit this Court to construe such a failure as acquiescence. On this record and with the pattern of incivility and duplicity set by the Plaintiff in this case, the Court should not hesitate to exercise its discretion to infer acquiescence to the Defendant's Motion.

2. <u>The Plaintiff has Failed to Respond and the Court May Presume He has Waived his Opposition</u>

CCP 1005(b) very clearly sets out the time frame applicable to California Motion Practice. The Respondent's Opposition, including his Memorandum of Points & Authorities ("MPA") was due nine Court days before the scheduled hearing on Tuesday December 3rd, 2019. No Opposition or MPA has been produced or served consistent with CCP 1005(b) nor has the Respondent filed a timely Motion for a Continuance or to Enlarge Time.

The Defendant in this case has offered a very serious challenge to the Judgment in question based on fraudulent service of process and electronic service to an obsolete email address in violation of California Rule of Court 2.251. The Defendant is not a member of the

Bar and is thus at a disadvantage in facing a skilled and experienced attorney adversary.
Nevertheless, the Defendant has extended an effort to educate himself on the applicable law and
has cited case law and statutes in support of his Motion. The Defendant has also been open and
transparent with counsel for the Plaintiff, sending him courtesy copies and making sure he was
fully informed and in possession of all required paperwork in advance of statutory deadlines. The
Defendant attaches his Federal Express Receipt and his Proof of Service as Exhibits "A" and "B"
hereto respectively.

Despite the Defendant's good faith and diligent effort, the Plaintiff has – apparently
disrespectfully – left both the Defendant and the Court to guess at the Plaintiff's legal position.
California Rule of Court 8.54 (c) reads as follows:

**c) Failure to oppose motion**

A failure to oppose a motion may be deemed a consent to the granting of the
motion.

This rule was specifically applied by the Court in *Mbanugo v. California Regional Water Quality*
*Board* Court of Appeals, First District, 2011). It is a sensible and salutary rule and the inverse
mirror image of Rule of Court 3113 (failure to file an MPA in Support of Motion may be taken
as a concession that the Motion has no merit).

3. The Plaintiff's Scorched Earth Tactics & Incivility Justify the Granting of this Motion

The Defendant has conjunctively filed a Motion to Strike and a Motion to Disqualify,
based respectively on:

(a) Plaintiff Counsel's violation of California Rule of Court 9.4 *and his oath of office*
(amended in 2014 by the California Supreme Court to include a civility pledge) in

**DEFENDANT'S REQUEST THAT DEFENDANT'S MOTION TO SET**
**ASIDE DEFAULT JUDGMENT BE GRANTED AS UNOPPOSED**

failing to confer in good faith regarding scheduling, failing to respect the Defendant's

Notice of Unavailability and failing to make reasonable efforts to accommodate the

Defendant's schedule (as well as rudely questioning the Defendant's Notice of

Unavailability);

(b) Counsel's violation of Rules of Professional Conduct 1.12, 3.3, 4.1, 4.4 and 8.4

arising out of the utilization and bribery of a witness who provided counsel with

confidential information and perjurious testimony.

The Defendant will not belabor these points factually as they have been amply supported

in the record, by exhibit, and by affidavit in the referenced filings. But it is clear enough to the

Defendant that he is opposing a skilled and experienced lawyer who has, at a minimum, engaged

in sharp practice in relation to the service of process; the scheduling of hearings; the

misappropriation of confidential and privileged information and, disclosures to the Court and to

the Defendant concerning those acts of misappropriation and related acts of witness tampering

and bribery.

Under these cumulatively damning circumstances: the Plaintiff simply should not receive

the benefit of the doubt.


4. Conclusion

Because of the Plaintiff's failure to respond, the Defendant is under a disadvantage in

preparing for what can only be surprise arguments at the hearing. This is a litigation trick that is

unworthy of Plaintiff's experienced and skillful counsel. But, sadly, it is not the first trick that

Plaintiff's counsel has pulled out of his bag. The Defendant asks the Court to view the pattern of

bad faith established by this Plaintiff and to give the Defendant his day in Court and his chance

**DEFENDANT'S REQUEST THAT DEFENDANT'S MOTION TO SET
ASIDE DEFAULT JUDGMENT BE GRANTED AS UNOPPOSED**

to resolve this case on the merits, consistent with the policy and preference of the California

Supreme Court.

      This Court should exercise its authority and discretion and grant the Defendant's Motion

as unopposed by the Plaintiff.


RESPECTFULLY SUBMITTED


_____

Carl A. Wescott


November 25th, 2019


**DEFENDANT'S REQUEST THAT DEFENDANT'S MOTION TO SET
ASIDE DEFAULT JUDGMENT BE GRANTED AS UNOPPOSED**

1

## **PROOF OF SERVICE**

2

I am over the age of 18 and not a party to this action.

3

I am a resident of or employed in the county where the mailing occurred; my business

4

address is: 726 Market St SF, CA

5

On November 26th, 2019 I served the foregoing document(s) described as: **DEFENDANT'S**

6

**REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISQUALIFY LAW OFFICES OF DAVID M. ZEFF; and**

7

**DEFENDANT'S REQUEST THAT DEFENDANT'S MOTION TO SET ASIDE DEFAULT**
**JUDGMENT GRANTED AS UNOPPOSED; NOTICE OF INTENT TO APPEAR BY**

8

**TELEPHONE** to the following parties:

9

**Frederick Fiechter**

10

**c/o David M. Zeff, esq.**
**1100 Larkspur Landing Circle Suite 350**

11

**Larkspur, CA 94939**

12

13

[X] (By Fedex) I deposited such envelope in Fedex at San Francisco, California with
postage thereon fully prepaid. I am aware that on motion of the party served, service is

14

presumed invalid if postal cancellation date or postage meter date is more than one
day after date of deposit for mailing in affidavit.

15

16

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

17

18

DATED:  11/26/2019

19

20

SIGNATURE OF PERSON

21

22

23

24

25

26

27

28

1

# Exhibit M

Minute Order
From court register:


2019-12-03    LAW AND MOTION, DEPT. 302, DEC-03-2019 HEARING RE: DEFENDANT
CARL WESCOTT'S MOTION TO SET ASIDE DEFAULT JUDGMENT IS OFF CALENDAR.
DEFENDANTS DID NOT SERVE AND FILE THE MOTION AT LEAST 16 COURT DAYS
BEFORE THE HEARING PLUS 5 DAYS FOR SERVICE BY MAIL, AS REQUIRED BY
CODE CIV. PROC. 1005(B). JUDGE: RICHARD B. ULMER JR., CLERK: M. GOODMAN,
COURT REPORTER: MARIA TORREANO, CSR#8600,
MARIA.TORREANO@GMAIL.COM, REPORTED. (302/RBU)

# Exhibit N

Entered on Docket
January 16, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  CRAIG K. WELCH # 078546
2  LAW OFFICE OF CRAIG K. WELCH
   809 Petaluma Boulevard North
3  Petaluma, Ca.  94952
   Telephone (707) 782-1790
4  Facsimile (707) 782-1795
5  Email: cwelch@craigwelchlegal.com

6  Attorneys for Plaintiff,
7  Frederick C. Fiechter

**Signed and Filed: January 16, 2019**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

8              UNITED STATES BANKRUPTCY COURT

9          FOR THE NORTHERN  DISTRICT OF CALIFORNIA
10

11 In re                                    Case No. 16-10975-HLB7
                                            Chapter 7
12 CARL ALEXANDER WESCOTT
                                            AP No. 18-01031-HLB
13
           Debtor.
14 _____

15 FREDERICK C. FIECHTER,

16                        Plaintiff,
17         v.
18 CARL ALEXANDER WESCOTT, Debtor
19                        Defendant.
20

21              **JUDGMENT BY DEFAULT**

22     Default was entered against defendant CARL ALEXANDER WESCOTT on

23 October 30, 2018, and the Plaintiff filed a motion for judgment by default, and good cause

24 appearing, judgment is entered against defendant CARL ALEXANDER WESCOTT in favor of

25 Plaintiff, FREDERICK C. FIECHTER as follows:
26

27     IT IS ORDERED, ADJUDGED AND DECREED that the claims of Plaintiff,

28 FREDERICK C. FIECHTER, against Defendant, CARL ALEXANDER WESCOTT, which

_____
1
Judgment by Default

were, or could have been, scheduled or filed in case number 12-30143-DM-7 are not

dischargeable and are excepted from discharge in this case and any other bankruptcy case that

has been, or might be, filed by the Debtor, including the following:

    a.    A Judgment in favor of Plaintiff and against the Defendant in the amount of $1,352,254.00 entered in the California Superior Court for the County of San Francisco, case number GPF-11-511547, with additional interest accruing at the annual rate of 10% on principal of $1,305,058 through January 17, 2012.

    b.    A judgment in favor of Plaintiff against the Defendant in the amount of $1,490,032.31, plus daily interest after June 29, 2015 at the daily rate of $156.14, arising from a promissory note dated May 7, 2008, which was entered in the Superior Court of California Court for the County of San Francisco in case number CGC-10-496091.

    c.    A $55,000 profit share from a joint venture loan retained by the Debtor with a balance due of $73,553.00, with additional interest accruing at the annual rate of 10% on principal of $55,000 from January 17, 2012.

***END OF ORDER***