**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
  E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant
ROBERT N. WEAVER, ESQ.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT, | Case No. CV22-4288-VC |
| Plaintiff, | **DECLARATION OF ALEX A. GRAFT IN SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES** |
| vs. | |
| FREDERICK C. FIECHTER, IV; DAVID M. ZEFF, ESQ.; ROBERT N. WEAVER, ESQ. + DOES 1 through 25, | Date:      January 19, 2023<br>Time:      10:00 a.m.<br>Courtroom: 4, 17th Floor |
| Defendants. | |

## DECLARATION OF ALEX A. GRAFT

I, Alex A. Graft, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant ROBERT N. WEAVER, ESQ.("Attorney Weaver").  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      As lead counsel for Attorney Weaver, I have read and am familiar with the documents that were filed and/or served in this case. I was responsible for the initial preparation of Attorney Weaver's anti-SLAPP Motion, the Declaration in support thereof, and the related supporting documents.  I now make this declaration in support of Attorney Weaver's motion for anti-SLAPP attorneys' fees pursuant to Code of Civil Procedure section 425.16, subdivision (c).

3.      On behalf of Attorney Weaver, I caused to be filed an anti-SLAPP motion on November 16, 2022, a true and correct copy of the points and authorities and supporting declaration of which is attached hereto as Exhibit A.  The motion was initially set for hearing on December 16, 2022. On December 1, 2022, the case was reassigned.  Before a new hearing date could be set, Plaintiff filed a voluntary dismissal, without prejudice, on December 6, 2022, a true and correct copy of which is attached hereto as Exhibit B.

4.      I was admitted to the California bar in 2005, and I have 17 years of experience of defending legal malpractice and professional liability cases. I am a Certified Specialist in Legal Malpractice Law by the State Bar of California Board of Legal Specialization. I've prepared and handled numerous anti-SLAPP motions with corresponding fee awards, including most recently, *Gregory v. Efting*, U.S.D.C., Northern District, Case No. 5:21-cv-03311, in which my client was awarded $17,505, based on an hourly rate for me of $450 per hour.  Additional examples of successful anti-SLAPP motions resulting in fee awards on behalf of my client include *The Belle Rose Claremont LLC., et al. v. Kate Fried,* Superior Court of Alameda County Case No. RG18898140, in which my client was awarded in 2019 $42,676 in attorney's fees based upon an hourly rate of  $350 per hour for myself and $270 per hour for my associate, *Mehrdad Elie v. Paul B. Justi et al.*, Superior Court of County of Napa, Case No. 26-59137, in which my client was awarded $40,000 in attorneys' fees in 2016 based upon an hourly rate of $400 per hour for myself, *Patti Stevenson v. Sophita Feterman, et al.,* Superior Court of Santa Clara County, Case No. 17-CV307335, in which my client was awarded $45,045.89 in attorneys' fees again based upon an hourly rate for myself of $400 per hour in 2017, and *Smith v. Entrepreneur Media, Inc.*, Superior Court of Orange County, Case No. 30-2020-01172678-CU-PO-CJC, awarded $24,281 in attorneys' fees and costs based upon hourly rate of $450 per hour this past year.  I estimate that I have prevailed on behalf of my client well in excess of ten cases using the anti-SLAPP procedure.

5.      Based upon my experience, I believe $450 is a reasonable hourly rate for myself. If anything, this rate is actually on the low side for someone at my level of experience and accomplishment.  The 30 hours of attorney time already spent and anticipated 5 hours required to reply to Plaintiff's expected opposition, and appear at the hearing, at that rate would equal a total

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   mandatory fee award to Attorney Weaver in the amount of $15,750.

2       6.      In assessing the nature of allegations in the operative Complaint, I knew from the

3   very beginning of our involvement on behalf of Attorney Weaver in this action that there was a very

4   high probability that we would be filing an anti-SLAPP motion under Code of Civil Procedure

5   section 425.16. Thus, I am informed and believe, and thereon declare, that all of the legal services

6   that we performed on this case, and for which we billed time (up to and including the voluntary

7   dismissal) were at least indirectly related to the anti-SLAPP motion that we prepared and filed on

8   behalf of Attorney Weaver.

9       7.      However, we are only seeking a portion of that time on this motion for fees; just the

10  time for the tasks directly related to the anti-SLAPP motion and the present motion- 30 hours, plus

11  another anticipated 5 hours addressing Plaintiff's opposition and appearing for the hearing, if any.

12  All of those hours were incurred in relation to analysis of Plaintiff's claims and formulation of

13  strategy specific to the anti-SLAPP motion, including assessment of Attorney Weaver's

14  involvement as it pertained to Plaintiff's claims, conferring with him (by telephone, and by email)

15  to understand the facts of the case, review of recent authorities, the drafting of the anti-SLAPP

16  Motion itself (including revising and finalizing), and preparation of the instant fee motion,

17  including at least 6 hours on the present motion and more than 14 hours directly preparing the

18  anti-SLAPP motion.

19      8.      I've excluded time totaling five and one half hours which was not directly related

20  to the preparation for, and of, the anti-SLAPP motion, such as time reporting case updates to my

21  clients, and addressing case management issues, including alternative dispute resolution and

22  consent to a magistrate, as well as more than two hours spent getting up to speed on developments

23  involving underlying litigation filed in Illinois.

24      9.      I record my time spent on this matter contemporaneously in increments of one-

25  tenth of an hour. A detailed time record of the services rendered and the time I expended are

26  entered by me into a computer database maintained by the firm's billing department. We bill for

27  our time, with the fee determined by multiplying the hours recorded by the hourly rate of the

28  professional. According to my records, the total number of hours I billed on this matter as of this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4889-2724-5122.1                                    3                      Case No. CV22-4288-VC
DECLARATION OF ALEX A. GRAFT IN SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

filing (not including time I spent on this motion) was no less than 35 hours, and we are only seeking to have those 30 hours included in the calculation of attorneys' fees to be awarded on this motion. That 30 hours is time that I actually spent between August 3, 2022 to the present working on tasks directly related to obtaining the order granting our anti-SLAPP motion.

10. On December 8, 2022, I visited the website www.laffeymatrix.com, and I printed a copy of the current Laffey Matrix. A true and correct copy of this print-out is attached hereto as Exhibit C.

11. Attached hereto as Exhibit D is a true and correct copy of email correspondence with Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 14th day of December, 2022, at Danville, California.


                                                  /s/ Alex A. Graft
                                                  Alex A. Graft

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit A

1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    ALEX A. GRAFT, SB# 239647
2      E-Mail: Alex.Graft@lewisbrisbois.com
    45 Fremont Street, Suite 3000
3   San Francisco, California 94105
    Telephone: 415.362.2580
4   Facsimile: 415.434.0882

5   Attorneys for Defendant
    ROBERT N. WEAVER, ESQ.

6

7

8                    UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  CARL A. WESCOTT,                    Case No. CV22-4288-AGT

12          Plaintiff,                  **MEMORANDUM OF POINTS AND
                                        AUTHORITIES IN SUPPORT OF
13      vs.                             DEFENDANT ROBERT N. WEAVER'S
                                        SPECIAL MOTION TO STRIKE (ANTI-
14  FREDERICK C. FIECHTER, IV;          SLAPP) PLAINTIFF'S COMPLAINT
    DAVID M. ZEFF, ESQ.;                PURSUANT TO CAL. CODE OF CIVIL
15  ROBERT N. WEAVER, ESQ. + DOES 1     PROCEDURE § 425.16**
    through 25,
16                                      Date:      December 16, 2022
            Defendants.                 Time:      10:00 a.m.
17                                      Courtroom: A - 15th Floor
                                        Magistrate Judge Alex G. Tse
18

19

20

21

22

23

24

25

26

27

28



4876-6559-1358.1                                        Case No. CV22-4288-AGT

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.     INTRODUCTION...................................................................................................1

II.    FACTUAL BACKGROUND..............................................................................2

       A.     Underlying Facts....................................................................................2

       B.     Plaintiff's Allegations Against Attorney Weaver...................................4

III.   REQUEST FOR JUDICIAL NOTICE ............................................................4

IV.    LEGAL ARGUMENT .........................................................................................5

       A.     The Anti-SLAPP Statute Applies to Plaintiff's Claims Against Attorney
              Weaver.....................................................................................................5

              1.     The Anti-SLAPP Statute Generally ............................................5

              2.     An Anti-SLAPP Motion May be Brought in Federal Court.........7

       B.     Attorney Weaver has Met His Burden Under Anti-SLAPP First Prong.................7

       C.     Plaintiffs Cannot Establish a Reasonable Probability of Success on His
              Claim(s) Against Attorney Weaver ........................................................9

              1.     Plaintiff Fails to State Facts Comprising an Actionable Claim
                     Against Attorney Weaver.............................................................9

              2.     The Litigation Privilege Serves As An Absolute Bar To Plaintiff's
                     Complaint.....................................................................................10

              3.     The Applicable Statute Of Limitations Bars Plaintiff's Claim, No
                     Matter How it is Characterized....................................................13

              4.     Civil Code Section 1714.10 Also Bars Plaintiff's Complaint as He
                     Failed to Obtain Pre-Filing Authorization..................................15

V.     CONCLUSION....................................................................................................16


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                               <u>**TABLE OF AUTHORITIES**</u>

2                                                                   **Page**

3

4 **STATE CASES**

5 *Alberston v. Raboff* (1956) 46 Cal.2d 375 .................................................................. 13

6 *Bergstein v. Stroock & Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793.............................. 9

7 *Briggs v. Eden Council for Hope & Opportunity* (2009) 19 Cal.4th 1106.................................... 9

8 *Cabral v. Martins* (2009) 177 Cal. App. 4th 471 ............................................................... 8

9 *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557...................................... 16

10 *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628.........................................9, 10

11 *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394 ............................................................. 9

12 *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445................................................................ 18

13 *Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777.................................... 10

14 *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 .................................................... 15

15 *Equilon Enters., LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53 ....................................... 8

16 *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599 ............................................ 17

17 *Finton Construction, Inc. v.Bidna & Keys. APLC* (2015) 238 Cal.App.4th 200,........................... 9

18 *Friedman v. Knecht* (1967) 248 Cal.App.2d 455 ............................................................... 13

19 *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th 39.........................................12, 14

20 *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132.............................................................. 14

21 *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339.........................17, 18

22 *Laird v. Blacker* (1992) 2 Cal.4th 606 ......................................................................... 16

23 *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8............................................................ 9

24 *McGee v. Weinberg* (1979) 97 Cal.App.3d 798 ............................................................... 15

25 *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416.............................. 14

26 *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28.................................................................... 7

27 *Rubin v. Green* (1993) 4 Cal.4th 1187 .......................................................................... 13

28 *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048 ..................................................................... 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54 .................................................... 14

*Silberg v. Anderson* (1990) 50 Cal. 3d 205 ............................................................. 12

*Smith v. Hatch* (1969) 271 Cal.App.2d 39.............................................................. 13

*State Farm General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974....................................... 6

*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106 Cal.App.4th 1219 ............................................................................... 11

*Vafi v. McCloskey* (2011) 193 Cal.App.4th 874 ........................................................ 16

*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 ..................................... 1

*Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809 ................................................ 6

*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 ...................................10, 11


**FEDERAL CASES**

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ................................................................ 11

*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449......................................................... 5

*Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006)...............................12, 14

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127 (N.D. Cal. 1999)............................................................................................... 7

*Moss v. U.S. Secret Serv.* (9th Cir. 2009) 572 F.3d 962 .............................................. 11

*Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997).............................................. 8

*Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342 ..................... 15

*United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999)..........5, 6, 7

*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097 ......................................... 8


**STATE STATUTES**

Civil Code § 47(b)(2)................................................................................... 12

Civil Code § 1714.10...............................................................................10, 18

Civil Code § 47(b)..................................................................................12, 14

Civil Code § 1714.10...............................................................................2, 17, 18

Civil Code §1788 ...................................................................................... 1


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1  Code of Civil Procedure § 340.6 ....................................................................10, 15

2  Code of Civil Procedure § 473 .........................................................................3, 17

3  Code of Civil Procedure § 425.16 .....................................................................1, 19

4  Civil Code § 425.16, Subd. (b)(c) ...................................................................... 10

5

6  **FEDERAL STATUTES**

7  11 U.S.C. § 523 ...................................................................................................2, 3

8  Federal Debt Collection Practices Act ................................................................. 1

9  Federal Rules of Evidence, Rule 201 ................................................................... 5

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## I.   __INTRODUCTION__

Plaintiff CARL A. WESCOTT ("Plaintiff"), already deemed a vexatious litigant under California Code of Civil Procedure §391(b), just does not seem to get it, as here he is again in this action, pursuing unmeritorious claims, including against Defendant ROBERT N. WEAVER ("Attorney Weaver"), Plaintiff's adversary in collection proceedings against Plaintiff.  In fact, the present action is more than unmeritorious, but also SLAPP (the acronym for "strategic litigation against public participation") which is precluded under Code of Civil Procedure §425.16 ("anti-SLAPP statute")), as it is premised on Attorney Weaver's protected litigation conduct against Plaintiff.  Like so many of his prior baseless actions, the present one also has no prospects of prevailing, and therefore, should be summarily dismissed under the anti-SLAPP statute.

It is well-settled that claims premised upon the exercise of protected activity—here, Attorney Weaver's litigation conduct—fall under the purview of the anti-SLAPP statute.  Indeed, "the point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 193.)  Yet Plaintiff's Complaint seeks to hold Attorney Weaver liable for representing his client in litigation adverse to Plaintiff, activity that is directly and unequivocally protected by the anti-SLAPP statute.  Indeed, Plaintiff readily concedes that Attorney Weaver represented Defendant FREDERICK C. FIECHTER, IV ("Mr. Fiechter") "pursuing their client's debt collection via legal complaints" against Plaintiff, which is the predicate for Plaintiff's two causes of action in the Complaint for alleged violations of the Federal Debt Collection Practices Act ("FDCPA," codified at 15 U.S.C. §1692) and the Rosenthal Act, California Civil Code §1788, et. seq.  (Complaint, paragraph 35.)   The first prong under the anti-SLAPP statute is therefore met, shifting the burden to Plaintiff to produce competent, admissible evidence demonstrating a probability of prevailing.

He will never be able to do so for at least four distinct reasons:  First, because Plaintiff fails to even allege a legally cognizable claim; second, the litigation privilege bars Plaintiff's claims; third, Plaintiff's claim is barred by the statute of limitations; and fourth, Plaintiff failed to obtain pre-filing permission under Civil Code §1714.10 relating to claims of alleged conspiracy with a

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    client. Because the activities on which Plaintiff's Complaint is based constitute protected conduct

2    under the anti-SLAPP Statute, and Plaintiff cannot establish a probability of prevailing on his

3    claims, Attorney Weaver respectfully requests that the Court grant his Anti-SLAPP motion.

4    **II.    FACTUAL BACKGROUND**

5            This case arises from collection efforts by Attorney Weaver on behalf of a creditor client,

6    Mr. Fiechter, against Plaintiff, who owes Mr. Fiechter well over $2.75 million comprised of two

7    unsatisfied judgments. (Declaration of Robert Weaver ("Weaver Decl.", ¶ 3.) Attorney Weaver

8    represented Fiechter in a bankruptcy and adversary proceedings against Plaintiff seeking a

9    judgment determining the amount and dischargeability of Plaintiff's debt to Fiechter. (Id. at ¶¶ 3,

10   5, 6, 8; see also Complaint, ¶ 35.) Defendant David Zeff ("Attorney Zeff") served as counsel for

11   Mr. Fiechter in his California collections action against Plaintiff. (Complaint, ¶¶ 3, 39.)

12           **A.    Underlying Facts**

13           Attorney Weaver was initially retained in December of 2011 by Mr. Fiechter to assist

14   attorney Guy Kornblum in addressing a Chapter 7 bankruptcy petition filed by Plaintiff and his

15   spouse. (Weaver Decl., ¶ 4.) The month prior, Attorney Kornblum had filed an amended

16   complaint against Plaintiff in civil court adding fraudulent conveyance claims to the collection

17   action that had been filed on behalf of Mr. Fiechter. (Declaration of Alex Graft ["Graft Decl."],

18   Exh. A.) In the course of his engagement, Mr. Weaver uncovered evidence of fraud on the part of

19   Plaintiff which would support the basis for an adversary complaint establishing that the judgments

20   obtained by Mr. Fiechter against Plaintiff were not dischargeable under 11 U.S.C. § 523. (Weaver

21   Decl., ¶ 5.) But before he could file an adversary complaint on behalf of Mr. Fiechter on that

22   basis, Plaintiff's bankruptcy petition was dismissed due to Plaintiff's failure to file the required

23   schedules. (Graft Decl., Exh. B.)

24           Plaintiff again filed for Chapter 7 bankruptcy on January 17, 2012 ("Underlying

25   Bankruptcy Action II"), prompting the subsequent filing of the adversary complaint by Attorney

26   Weaver, properly alleging fraud on the part of Plaintiff, and seeking a determination that

27   application of 11 U.S.C. § 523 required denial of bankruptcy discharge in favor of Plaintiff. (Exh.

28   C to Graft Decl.) While the adversary complaint was pending, Attorney Weaver worked closely

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                                    2                              Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

with the bankruptcy trustee and his attorney, who filed their own adversary complaint against Plaintiff and later prevailed on summary judgment.  (Weaver Decl., ¶ 6; Exhs. D and E to Graft Decl.)  On May 1, 2013, judgment denying discharge was entered against Plaintiff.  (Graft Decl., Exh. F; Complaint, ¶ 37.)  Accordingly, since discharge was denied, the adversary complaint filed by Attorney Weaver was moot.  (Weaver Decl., ¶ 7.)

Meanwhile, in the civil collection action, in which Attorney Zeff was now representing Mr. Fiechter, Plaintiff's counsel withdrew.  (Graft Decl., Exh. G.)  The withdrawal order provided two means of contacting Plaintiff—an email address and "San Pedro Sula, Honduras." (*Ibid.*)  It also specified that the next hearing in the case was set in September 2013.  (*Ibid.*)  The September hearing was continued by court order to late November 2013, and notice was sent by the Court to Plaintiff at both the provided address in Honduras and to his former attorney, but not to Plaintiff's email address.  (Exh. H to Graft Decl.)  The Court repeatedly continued the case management conference through February 2015, until it set the case for trial on June 29, 2015.  (Exh. I to Graft Decl.)  In March 2015, Attorney Zeff filed a request for entry of default, which was served to San Pendro Sula, Honduras, and to a San Francisco, California P.O. Box.  (Ibid.; Exh. J to Graft Decl.; see also paragraph 41 to Complaint.)  The clerk entered the default on March 20, 2015, and a default "prove up" hearing was subsequent scheduled.  (Id.)

Plaintiff did not appear for the "prove up" hearing and, after its finding of facts to support the judgment, the Court entered a default judgment of approximately $1.5 million against Plaintiff. (Exh. K to Graft Decl.)  The Notice of Entry of Judgment was served on Plaintiff at the Honduras address, a San Francisco P.O. box, and via an email address supplied by Plaintiff on contemporaneously filed federal court records.  (*Ibid.*)  Plaintiff became aware of the entry of the judgment, as he filed a motion to vacate the judgment pursuant to Code of Civil Procedure § 473, on November 12, 2019, which was denied in a minute order entered December 3, 2019.  (Exhs. L and M to Graft Decl.)

Plaintiff again filed for bankruptcy in 2016 ("Underlying Bankruptcy Action III") - neglecting to provide notice to his creditors - and was initially granted a discharge, but Attorney Weaver later arranged with an associated counsel, located close to the court where that bankruptcy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   action had been filed, to vacate the discharge order.  (Weaver Decl., ¶ 8; Exh. N to Graft Decl.)

2   Collection, however, continued to present difficulties, as Plaintiff owed substantial amounts of

3   spousal maintenance and child support as a result of Plaintiff's apparently contentious divorce

4   through which he maintained that he lacked any assets.  (Weaver Decl., ¶ 9.)

### B.   Plaintiff's Allegations Against Attorney Weaver

6            The only allegations which seem directed at Attorney Weaver is that he "advise[d] [Mr.]

7   Fiecther to add allegations of fraud to his legal complaint to 'bankrupt-proof' his then-future-

8   judgment" which "were false." (Complaint, ¶37, 38; see also ¶ 58 [in which Plaintiff characterizes

9   his "largest source of harm . . . lay in [Mr.] Fiechter's false allegations of fraud."]; but see ¶ 12 of

10  Weaver Decl.)  Plaintiff asserts he lost a job as a result of a "fraudulent judgment for fraud" as his

11  employer, SparkLabs, used the judgment as cover to fire Plaintiff for "whistleblowing" about SEC

12  violations.  (Complaint, ¶ 67.)  In attempting to fit his claims within the debt collection statutes, he

13  refers to "abusing the legal process" and points to the "resulting judgment" as "deceptive acts," as

14  well as "later acts to bribe the law office of opposing counsel to steal confidential and privileged

15  information were further such deceptive acts.[1]" (Complaint, ¶ 79.)

16           Of course, it cannot be disputed that it is Plaintiff who regularly uses legal process to

17  harass, and has been declared a vexatious litigant by the San Francisco Superior Court pursuant to

18  the Section 391 of the California Code of Civil Procedure for abuse of process and harassing

19  litigation.  (Exh. A to Weaver Decl. [California Vexatious Litigant List Excerpt, retrieved

20  November, 2022].)  Plaintiff has also filed no less than twenty-five cases in federal and state

21  courts throughout the country since January 2021 (Weaver Decl., Exh. B.)

## III.   REQUEST FOR JUDICIAL NOTICE

23           Pursuant to Federal Rules of Evidence, Rule 201, Attorney Weaver requests that the Court

24  take judicial notice of the following Court documents for the purpose of this Motion. (See, *Branch*

25  *v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454.)  These documents are attached to the Declaration of

---

[1]  The latter aspect of that claim lacks any context.  Its blamed on "Defendants" but no actual facts are alleged which explain what Plaintiff means.  Needless to say, Attorney Weaver did not "bribe" anyone and there are no facts pled that he did.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Alex A. Graft ("Graft Decl."), filed concurrently herewith:

2      Exhibit A:      Third Amended Complaint, filed November 1, 2011, in San Francisco

3  Superior Court, Case No. CGC-10-496091 ("San Francisco Action");

4      Exhibit B:      Order dismissing bankruptcy petition in United States Bankruptcy Court,

5  Northern District of California, Case No. 11-34426 DM7 ("Underlying Bankruptcy Action");

6      Exhibit C:      Adversary Complaint filed by Attorney Weaver in United States

7  Bankruptcy Court, Northern District of California, Case No. 12-30143 DM ("Underlying

8  Bankruptcy Action II");

9      Exhibit D:      Adversary Complaint filed by the bankruptcy trustee in the Underlying

10  Bankruptcy Action II;

11      Exhibit E:      Summary Judgment Order in Underlying Bankruptcy Action II;

12      Exhibit F:      Judgment denying discharge entered in Underlying Bankruptcy Action II;

13      Exhibit G:      Order authorizing withdrawal of counsel in San Francisco Action;

14      Exhibit H:      Order continuing case management conference in the San Francisco Action;

15      Exhibit I:      Excerpt of the register of actions in the San Francisco Action;

16      Exhibit J:      Request for default filed in the San Francisco Action;

17      Exhibit K:      Notice of entry of default judgment in the San Francisco Action;

18      Exhibit L:      Plaintiff request to set aside the judgment entered in the San Francisco

19  Action, and supplemental briefing;

20      Exhibit M:      Order denying request to set aside the default judgment entered in San

21  Francisco Action;

22      Exhibit N:      Judgment vacating discharge order in United States Bankruptcy Court,

23  Northern District of California, Case No. 16-10975 HLB7 ("Underlying Bankruptcy Action III").

24  **IV.    LEGAL ARGUMENT**

25      **A.    The Anti-SLAPP Statute Applies to Plaintiff's Claims Against Attorney
            Weaver**

26

27          1.    The Anti-SLAPP Statute Generally

28  In 1992, the California Legislature enacted the anti-SLAPP statute in order to combat

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                          5                    Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1   increasing use of lawsuits designed to chill "a party's constitutional right of petition." (*State Farm*

2   *General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974, 975.)  Commonly, "SLAPP suits are brought

3   to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the

4   Plaintiff."  Id. at 1126 (citing *Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809, 815-816.

5       The elements for a special motion to strike under § 425.16 are set out as follows:

> (b)(1) A cause of action against a person arising from any act of that
> person in furtherance of the person's right of petition or free speech
> under the United States or California Constitution in connection
> with a public issue shall be subject to a special motion to strike,
> unless the court determines that the plaintiff has established that
> there is a probability that the plaintiff will prevail on the claim.
>
> (2) In making its determination, the court shall consider the
> pleadings, and supporting and opposing affidavits stating the facts
> upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a
> probability that he or she will prevail on the claim, neither that
> determination nor the fact of the determination shall be admissible
> in evidence at any later stage of the case, or in any subsequent
> action, and no burden of proof or degree of proof otherwise
> applicable shall be effected by that determination in any later stage
> of the case or in any subsequent proceeding.

16      The California Legislature has defined the activities protected by the anti-SLAPP statute,

17   which includes "any written or oral statement made before a legislative, executive, or judicial

18   proceeding, or any other official proceeding authorized by law" as well "as any written or oral

19   statement or writing made in connection with an issue under consideration or review by a

20   legislative, executive, or judicial body, or any other official proceeding authorized by law" or "any

21   other conduct in furtherance of the exercise of the constitutional right of petition or the

22   constitutional right of free speech in connection with a public issue or an issue of public interest."

23   Cal. Code Civ. Proc. § 425.16(e)(1)(2) and (4).

24      Moreover, section 425.16 was amended in January 1997 to prevent conflicting

25   interpretations of the statute issued by the appellate courts.  The Legislature stated that henceforth

26   the statute "**shall be construed broadly**."  (Cal. Code Civ. Proc. § 425.16(a) (emphasis added);

27   see also *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28, 35 ["[S]tatements, writings and pleadings in

28   connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not



1  require any showing that the litigated matter concerns a matter of public interest"].)

2            2.     <u>An Anti-SLAPP Motion May be Brought in Federal Court</u>

3        The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d

4  1127 (N.D. Cal. 1999), determined an anti-SLAPP statute applied in federal court:

5          With respect to the applicability of the anti-SLAPP statute to claims
        filed in federal court, the Court turns to a recent decision from the

6          Ninth Circuit, *United States v. Lockheed Missiles and Space Co.,*
        *Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held

7          that the statute was applicable to state law counterclaims asserted in
        a federal diversity action. The Court concluded that application of

8          the statute to such claims would not result in a 'direct collision' with
        the Federal Rules. The Court went on to perform an *Erie* analysis,

9          concluding that important substantive state interests are furthered by
        the anti-SLAPP statute, that no identifiable federal interest would be

10         undermined by applying the anti-SLAPP statute in diversity actions.
        . . The *Erie* doctrine applies to pendent state law claims to the same

11         extent it applies to state law claims before a federal court on the
        basis of diversity jurisdiction. See *Nathan v. Boeing Co.*, 116 F.3d

12         422, 423 (9th Cir.1997).

13 Accordingly, it appears under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may

14 be applied to state law claims which, as in this case, are asserted pendent to federal question

15 claims. (*Id.* at 1129-1130; accord *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097,

16 1109 ["Motions to strike a state law claim under California's anti-SLAPP statute may be brought

17 in federal court."].)

18     **B.**     <u>**Attorney Weaver has Met His Burden Under Anti-SLAPP First Prong**</u>

19       Under the anti-SLAPP statute, a defendant carries the initial burden to show that the

20 plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free

21 speech." (Cal. Code Civ. Proc. § 425.16(b)(1); *Vess*, 317 F.3d at 1110.) "The defendant need not

22 show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the

23 plaintiff's 'intentions are ultimately beside the point.'" (*Vess*, *supra*. at 1110 (quoting *Equilon*

24 *Enters., LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67).

25       As noted above, an "act" covered by the anti-SLAPP statute includes (1) "any written or

26 oral statement or writing made before a . . . judicial proceeding, or any other official proceeding

27 authorized by law; [or] (2) any written or oral statement or writing made in connection with an

28 issue under consideration or review by a . . . judicial body, or any other official proceeding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                   7                 Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1    authorized by law." (Cal. Code Civ. Proc. § 425.16(e)(1) & (2).)  Under Section 425.16(e)(1) and

2    (2) therefore, "all communicative acts performed by attorneys as part of their representation of a

3    client in a judicial proceeding or other petitioning context are per se protected as petitioning

4    activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal. App. 4th 471, 480; see

5    also *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048, 1056 [anti-SLAPP statute protects

6    "communicative conduct such as the filing, funding, and prosecution of a civil action," including

7    such acts when "committed by attorneys in representing clients in litigation"].)  It is, in fact, well-

8    settled that claims based on "litigation activity" are subject to the anti-SLAPP statute. (*Church of

9    Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648, emphasis added ["A cause of action

10   'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16

11   motion to strike."].)  The anti-SLAPP statute specifically applies to "any act...in furtherance of

12   the...right [to] petition." (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 19; see also,

13   *Rusheen, supra.* at 1056 ["Any act" includes communicative conduct such as the filing, funding,

14   and prosecution of a civil action."].)  Further, statements protected under the litigation privilege

15   (discussed below) are "equally entitled to the benefits of section 425.16." (*Briggs v. Eden Council

16   for Hope & Opportunity* (2009) 19 Cal.4th 1106, 1115.)

17         Here, Plaintiff's claim is premised wholly upon protected conduct, as it seeks to impose

18   liability on Attorney Weaver for "advis[ing] [Mr.] Fiecther to add allegations of fraud to his legal

19   complaint to 'bankrupt-proof' his then-future-judgment." (Complaint, ¶¶ 37, 38.)  The advising of

20   a client regarding the content of pleadings and representation of a client in litigation is prototypical

21   protected conduct under the anti-SLAPP statute.[2]  Thus, the burden shifts to Plaintiff to establish a

22   probability of prevailing on the merits.  As set forth below, Plaintiff cannot make this showing.

23

24

---

25   [2] Plaintiff may contend that Attorney Weaver cannot be protected from advising a client to
     include "false" allegations, as he alleged (see ¶ 38 to Complaint), but he would be wrong.  As the

26   Court explained in *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394, 414, "conduct that would
     otherwise come within the scope of the anti-SLAPP statute does not lose its coverage … simply

27   because it is alleged to have been unlawful or unethical." (See also *Bergstein v. Stroock &
     Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793, 805 [allegedly tortious activity "centered in

28   defendants' role as counsel" was protected litigation activity]; *Finton Construction, Inc. v. Bidna &
     Keys. APLC* (2015) 238 Cal.App.4th 200, 210.)



4876-6559-1358.1                                     8                        Case No. CV22-4288-AGT



MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

C.   **Plaintiffs Cannot Establish a Reasonable Probability of Success on His Claim(s) Against Attorney Weaver**

Under the anti-SLAPP Statute, once a defendant shows that a lawsuit arises from protected conduct, the burden shifts to plaintiff to establish a probability that he will prevail on the claims asserted against the defendant. (*Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777, 784-785.) To meet that burden, the plaintiff must produce competent, admissible evidence supporting his or her claims. (*Church of Scientology, supra*, 42 Cal.App.4th at 658.) A plaintiff cannot rely on allegations in a complaint to satisfy his burden. (*Id.* at 656.)

Although plaintiff has the burden of proof as to the probability of prevailing, evidence presented by the defendant remains relevant, as the California Supreme Court explained in *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821:

> In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff *and the defendant*. (Section 425.16, Subd. (b)(c).) Though the court does not weigh the credibility or comparative probative strength of competing evidence, *it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim*.

(emphasis added.)

Here, Plaintiff's claim against Attorney Weaver fails as a matter of law on at least four independent grounds: because (1) Plaintiff fails to even allege a legally cognizable claim, (2) the litigation privilege serves as an absolute bar to Plaintiff's claim, (3) Plaintiff's claim is barred by the statute of limitations set forth in Cal. Code of Civil Procedure § 340.6, and (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code § 1714.10 relating to claims of conspiracy with a client.

1.   Plaintiff Fails to State Facts Comprising an Actionable Claim Against Attorney Weaver

In addition to the substantive and procedural deficiencies detailed below, each of which prevent Plaintiff from establishing a probability of prevailing on his claim(s), Plaintiff has also failed to even present a "legally sufficient" Complaint, let alone a Complaint which can be substantiated with actual evidence. (See *Wilson, supra*, 28 Cal.4th at 821.) Of course, a plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  must both "state and substantiate" a cause of action to survive an anti-SLAPP motion.  (*Tuchscher*

2  *Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106 Cal.App.4th 1219,

3  1235.)  But Plaintiff's Complaint does not intelligibly allege a cause of action against Attorney

4  Weaver, nor any facts which could comprise a legally cognizable claim.

5          A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the

6  elements of a cause of action will not do."  (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678; see also

7  *Moss v. U.S. Secret Serv.* (9th Cir. 2009)  572 F.3d 962, 969.)  Yet Plaintiff's causes of action are

8  nothing but legal recitals about "deceptive acts" or "fraud" without identifying any facts which

9  actually indicate any other wrongdoing.  Certainly, for reasons discussed above, the filing of

10  pleadings, or advise in connection therewith, is not, itself, grounds for liability.

11          Put another way, the full extent of allegations against Attorney Weaver are included within

12  paragraphs 36-38, and 67 and none of those allegations actually demonstrate any wrongdoing in

13  anything other than conclusory terms.  Discounting Plaintiff's conclusory allegations leaves the

14  Court with nothing which can form a cause of action[3].  Thus, not only is Plaintiff's claim(s)

15  against Attorney Weaver barred by the litigation privilege, and the statute of limitations, and

16  lacking in substantive merit, but it also fails to even meet the threshold of alleging a claim, leaving

17  Plaintiff with no possibility of establishing a probability of prevailing.

18          2.      The Litigation Privilege Serves As An Absolute Bar To Plaintiff's
                    Complaint

19

20          A publication or broadcast made in any judicial proceeding is absolutely privileged

21  according to California law.  (Cal. Civ. Code § 47(b)(2) ["A privileged publication or broadcast is

22  one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . ."].)  This "litigation privilege" affords

23  litigants and witnesses unfettered access to the court without fear of being harassed by derivative

24  tort actions.  (*Silberg v. Anderson* (1990) 50 Cal. 3d 205.)  Although originally enacted with

25  reference to defamation, the privilege is now held applicable to any communication, whether or

26  not it amounts to publication, **and to all torts except malicious prosecution**:

27

28  ────────────
[3]  Plaintiff's failure to even *plead* a claim underscores his inability to actual *substantiate* such a
claim with actual evidence.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

> In furtherance of the public policy purposes it is designed to serve, the **privilege described by § 47(2) has been given broad application**. Although originally enacted with reference to defamation (citations), the privilege is now held applicable to any communication, whether or not it amounts to a publication (citations), and **all torts** except malicious prosecution. (Citations.)

(*Silberg, supra*. at 211-212, emphasis added; see also *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006); see also *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th 39.)

In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements made in the furtherance of justice. The California Supreme Court rejected the application of an "interest of justice" test because such a test was "***inconsistent with the absolute nature of the litigation privilege*** and its underlying policy purposes." (Id. at p. 209; emphasis added.) The *Silberg* decision discusses the important policy concerns furthered by the litigation privilege.

> The principle purpose of § 47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***. (Citations.) . . . .
>
> Given the importance to our justice system of ***insuring free access to the courts***, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and ***avoiding unending litigation***, it is not surprising that § 47(2), the litigation privilege, has been referred to as 'the backbone to an effective and smoothly operating judicial system.' (Citation.) . . . .
>
> ***To effectuate its vital purposes, the litigation privilege is held to be absolute in nature***.

(*Id.* at 213-215, emphasis added.)  Along similar lines, in *Friedman v. Knecht* (1967) 248 Cal.App.2d 455, the Court of Appeal held that any doubt as to the application of the litigation privilege should be resolved in favor of the defendant.

> ***At all events, it is held that doubts are to be resolved in favor of relevancy and pertinency***; that is to say, the matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that there can be no reasonable doubt of its impropriety.  If the privilege is worth having, its purpose would be largely defeated if it were to vanish simply because one possible meaning of a statement made during judicial proceedings does not relate to them.

(emphasis added.)



4876-6559-1358.1

11

Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1    The courts have accordingly given broad application to the litigation privilege. "To be

2  privileged under subdivision 2 of §47, the matter need not be relevant, pertinent or material to any

3  issue before the court, it only need have some connection or some relation to the judicial

4  proceeding." (*Smith v. Hatch* (1969) 271 Cal.App.2d 39, 46.)  In *Rubin v. Green* (1993) 4 Cal.4th

5  1187, the California Supreme Court similarly held:

> For well over a century, communications with 'some relation' to
> judicial proceedings have been ***absolutely immune from tort***
> ***liability*** by the privilege codified as section 47 (b). At least since
> then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46
> Cal.2d 375, California courts have given the privilege an expansive
> reach. . . .
>
> In light of this extensive history, it is late in the day to contend that
> communications with 'some relation' to an anticipated lawsuit are
> not within the privilege.

12  (*Id.* at 1193-1194, emphasis added; see also *Flores*, 416 F. Supp. 2d at 899.)  Accordingly, in

13  *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416, 1430, the appellate

14  court held that a party's perjurious declaration and personal e-mails were within the scope of the

15  litigation privilege because they related to potential and actual litigation, despite Plaintiff's

16  contention that both communications qualified as tortious conduct.  In fact, as the Court noted in

17  *Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54, "[b]ecause the privilege applies without

18  regard to malice or evil motives, it has been characterized as absolute."  In *Hagberg v. California*

19  *Federal Bank FSB* (2004) 32 Cal.4th 39, the California Supreme Court held that a bank

20  employee's statements to the police regarding a customer's possession of an alleged counterfeit

21  check were absolutely privileged.  Likewise, in *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132,

22  1142, the Court noted that even committing a fraud upon the Court is protected by the litigation

23  privilege:  "While we by no means condone intentionally deceptive conduct before the courts, the

24  litigation privilege is absolute."].)

25    Here, Plaintiff contends Attorney Weaver advised his client to include a "false" allegation

26  in a complaint against him.  While not true, it is ultimately immaterial as the litigation privilege

27  would extend to Attorney Weaver even if the allegation he advised to include was false.  (See

28  Weaver Decl., ¶12; also *Herterich*, *supra*.)  Same is true for "abusing the legal process" and/or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"deceptive conduct" leading to the "resulting judgment" all of which still consist of communicative acts undertaken in direct connection with litigation. Accordingly, Plaintiff's unabashed attempt to hold Attorney Weaver liable for merely representing a client in a judicial proceeding is precisely the type of claim that is barred by the litigation privilege set forth in Civil Code § 47(b).

    3. <u>The Applicable Statute Of Limitations Bars Plaintiff's Claim, No Matter How it is Characterized</u>

  Statutes of limitations are the legislative enactments of a public policy "designed to promote justice and prevent the assertion of stale claims after the lapse of long periods of time." (*McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 804.) As the United States Supreme Court explained in *Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342, 349: "[t]he theory is that even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." (See also *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 [statute of limitations strictly enforced even though plaintiff was only one day late due to $3 deficiency with court filing fee].)

  Code of Civil Procedure § 340.6, subdivision (a) provides that:

>  (a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced **within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts giving rise to the wrongful act or omission**, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:
>
>  (1) The plaintiff has not sustained actual injury[;]
>
>  (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred[;]
>
>  (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation[;]

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

> (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.
>
> (5) A dispute between the lawyer and client concerning fees, costs, or both is pending resolution under Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code . . .

(Emphasis added.) The enumerated tolling provisions set forth in CCP §340.6 are the **sole** grounds to toll the limitations period. (*Laird v. Blacker* (1992) 2 Cal.4th 606, 618.) In *Laird*, the Supreme Court expressly held that:

> Section 340.6, subdivision (a), states that 'in no event' shall the prescriptive period be tolled except under those circumstances specified in the statute. Thus, **the Legislature expressly intended to disallow tolling under any circumstances not enumerated in the statute**.

(*Id.* at 618, emphasis added.)

"Based on its plain language, § 340.6 applies to all actions, except those for actual fraud, brought against an attorney 'for a wrongful act or omission' which arise 'in the performance of professional services.'" (See *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 881.) In *Vafi*, the Court of Appeal expressly rejected the assertion that §340.6 was limited to claims of malpractice by an aggrieved client:

> If the Legislature wanted to limit the reach of section 340.6 to malpractice actions between clients and attorneys, it could easily have done so. Absent express legislative intent that it meant client when it used the word plaintiff or that it meant malpractice when it referred to a wrongful act or omission, we are left only to interpret the plain meaning of the words in the statute. [Citation.] In any event, courts have consistently applied section 340.6 to various tort and contract actions.

(*Id.* at 882-83; see also, e.g., *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557, 567, fn 5 [recognizing that a negligent infliction of emotional distress claim is barred by the legal malpractice statute of limitations because the limitations period applies to "all cases other than actual fraud."].)

Plaintiff's allegations assert Attorney Weaver advised his client, Mr. Fiechter to amend the underlying complaint to include fraud claims. That amended complaint was filed in 2011. (Exh. A to Graft Decl.) Moreover, the subject judgment that Plaintiff characterizes as "fraudulent" was


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14

Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1 entered in 2015, and Plaintiff exhibited his discovery of the judgment through his failed attempt to

2 set it aside its entry under Code of Civil Procedure § 473 in 2019. (Exhs L and M to Graft Decl.)

3 Plaintiff unquestionably was aware of the facts constituting his claims against Attorney Weaver no

4 later than his failed attempt to set aside the judgment he claims was procured by fraud, back in

5 2019. (Id.)

6       Any alleged actual injury also must have occurred by the time the judgment was entered

7 and Plaintiff was unable to set it aside, again, in 2019. (Exh. M to Graft Decl.) There is also no

8 other basis to establish tolling, whether on continuous representation grounds (Attorney Weaver

9 having never represented Plaintiff) or either of the three other enumerated tolling bases (willful

10 concealment only applies to the four year limitations period by its own terms, no disability is

11 contended, nor could there have been any fee litigation, again because Attorney Weaver never

12 represented Plaintiff).

13       Because Plaintiff cannot establish any basis for tolling, the statute of limitations had to

14 commence by or before 2019 (probably well before 2015, to be sure), at the latest when Plaintiff

15 sought to set aside the judgment unsuccessfully. Yet, Plaintiff did not file his Complaint until July

16 2022, years after the one-year (and also four year) statute of limitations had expired. Thus, the

17 applicable statute of limitations also bars Plaintiff's claim against Attorney Weaver.

18             **4.**   <u>Civil Code Section 1714.10 Also Bars Plaintiff's Complaint as He Failed to Obtain Pre-Filing Authorization</u>

19

20       Civil Code §1714.10 prohibits the filing of a claim alleging a conspiracy between an

21 attorney and his or her client arising from any attempt to contest or compromise a claim or

22 dispute, based upon the attorney's representation of a client, absent a pre-filing order. Absent

23 compliance, the pleading is defective and subject to dismissal. (See also *Klotz v. Milbank, Tweed,*

24 *Hadley & McCloy* (2015) 238 Cal.App.4th 1339, 1352 [finding section 1714.10 applicable to

25 claim of conspiracy].)

26       In *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599, 604, the court

27 explained that:

28

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Section 1714.10 was intended to weed out the harassing claim of
2  conspiracy that is so lacking in reasonable foundation as to verge on
   the frivolous. [Citation] The weeding tool is the requirement of
3  prefiling approval by the court, which must be presented with a
   verified petition accompanied by a copy of the proposed pleading
4  and "supporting affidavits stating the facts upon which the liability
   is based"; the pleading is not to be filed until the court has
5  determined . . . the party seeking to file the pleading has established
   that there is a reasonable probability that the party will prevail in the
   action.

6

7  Importantly, Civil Code § 1714.10's application is not limited to expressly-pled claims of

8  "conspiracy," but applies to any allegation that an attorney jointly participated in wrongful

9  conduct with a client. (See *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 455 [noting rule

10 applies "without regard to the labels attached to the cause of action or whether the word

11 'conspiracy'—having no talismanic significance—appears in them" and applying Civil Code

12 §1714.10 to claim for active participation in breach of trust].)

13 Here, Plaintiff's claims against Attorney Weaver falls firmly within the confines of

14 §1714.10/agent's immunity rule. The claim is premised entirely on Attorney Weaver's conduct

15 representing a client, Mr. Fiechter, in connection with enforcing the outstanding judgment owed

16 by Plaintiff to Attorney Weaver's client. Section 1714.10 consequently bars the claim unless

17 Plaintiff can establish an exception. There are only two limited exceptions to Civil Code

18 §1714.10: (1) where the agent breaches an independent legal duty owed to the plaintiff or (2) the

19 agent's acts go beyond the performance of a professional duty to the principal and involved a

20 conspiracy to violate a legal duty in furtherance of the agent's personal financial gain. (See *Klotz*,

21 *supra*, 238 Cal.App.4th at 1351.) Neither applies here.

22 **V.    CONCLUSION**

23 Plaintiff's Complaint is precisely the type of suit which the anti-SLAPP statute is intended

24 to address as Plaintiff seeks to hold Attorney Weaver liable for acts undertaken when representing

25 a client adverse to Plaintiff. Where, as here, Plaintiff cannot show a reasonable probability of

26 prevailing on his claim, the Court must strike the Complaint under C.C.P. §425.16, and Attorney

27 Weaver should be deemed prevailing party.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                                    16                    Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1    DATED:  November 16, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                       By:    _____/s/ Alex A. Graft_____

4                                              ALEX A. GRAFT
                                               Attorneys for Defendant
5                                              ROBERT N. WEAVER, ESQ.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
2   E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
3 San Francisco, California 94105
Telephone: 415.362.2580
4 Facsimile: 415.434.0882

5 Attorneys for Defendant
ROBERT N. WEAVER, ESQ.
6

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 CARL A. WESCOTT,                          Case No. CV22-4288-AGT

12            Plaintiff,               **DECLARATION OF ROBERT N.
                                        WEAVER, ESQ. IN SUPPORT OF**
13       vs.                           **DEFENDANT ROBERT N. WEAVER,
                                        ESQ.'S SPECIAL MOTION TO STRIKE**
14 FREDERICK C. FIECHTER, IV;          **(ANTI-SLAPP) PLAINTIFF'S
   DAVID M. ZEFF, ESQ.;                COMPLAINT PURSUANT TO CAL.**
15 ROBERT N. WEAVER, ESQ. + DOES 1     **CODE OF CIVIL PROCEDURE § 425.16**
   through 25,
16                                      Date:        December 16, 2022
            Defendants.                Time:        10:00 a.m.
17                                     Courtroom: A - 15th Floor
                                       Magistrate Judge Alex G. Tse
18

19            <u>**DECLARATION OF ROBERT N. WEAVER, ESQ.**</u>

20       I, ROBERT N. WEAVER, ESQ., declare as follows:

21       1.    I am a party in the above-entitled action.

22       2.    I have personal knowledge of the facts set forth herein, and if called as a witness to

23 testify thereto, I could competently and truthfully do so.

24       3.    I previously represented Defendant FREDERICK C. FIECHTER, IV ("Mr.

25 Fiechter"), a creditor of Plaintiff CARL A. WESCOTT ("Plaintiff"), in a bankruptcy and

26 adversary proceedings against Plaintiff seeking a judgment determining the amount and

27 dischargeability of Plaintiff's debt to Mr. Fiechter. At present, Plaintiff owes Mr. Fiechter well

28 over $2.75 million comprised of two unsatisfied judgments.

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4. I was initially retained in December of 2011 by Mr. Fiechter to assist attorney Guy Kornblum in addressing a Chapter 7 bankruptcy petition filed by Plaintiff and his spouse.

5. In the course of his engagement, I uncovered evidence of fraud on the part of Plaintiff which would support the basis for an adversary complaint establishing that the judgments obtained by Mr. Fiechter against Plaintiff were not dischargeable under 11 U.S.C. §523. I ultimately caused an adversary complaint to be filed on that basis.

6. While the adversary case was pending, I worked closely with the bankruptcy trustee and her attorney, who filed their own adversary complaint against Plaintiff to deny discharge. The trustee later prevailed on summary judgment and Mr. Wescott was denied his bankruptcy discharge.

7. Since discharge was denied, I did not proceed with the adversary complaint because the relief I had sought was mooted.

8. Plaintiff again filed for bankruptcy in 2016 (neglecting to provide notice to his creditors), and was initially granted a discharge, but I arranged with an associated counsel, located close to the court where that bankruptcy action had been filed, to vacate the discharge order as it applied to Mr. Fiechter.

9. Collection on behalf of Mr. Fiechter, however, continued to present difficulties, as Plaintiff owed substantial amounts of spousal maintenance and child support as a result of Plaintiff's apparently contentious divorce. In the aftermath of the divorce and bankruptcy proceedings, he maintained that he lacked any significant assets.

10. I'm aware that Plaintiff has been declared a vexatious litigant by the San Francisco Superior Court pursuant to Section 391 of the California Code of Civil Procedure for abuse of process and harassing litigation. Attached hereto as **Exhibit A** is a copy of a current vexatious litigant list maintained by the office of the judicial council, which I retrieved this month.

11. I'm also aware that Plaintiff has filed no less than twenty-five cases in federal cases throughout the country since January 2021. Attached hereto as **Exhibit B** is a true and correct copy of a list of actions filed by Plaintiff, which I obtained using PACER. He has also filed at least ten other federal cases before 2021. In addition to this he has filed score of cases in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-2278-0734.1     2     Case No. CV22-4288-AGT

DECLARATION OF ROBERT N. WEAVER, ESQ. IN SUPPORT OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT

1 | California State Courts in the same period of time.  Mr. Wescott has obtained relief to proceed in
2 | many (if not most) of the cases *in forma pauperis*.

3 |       12.      I have never advised Mr. Fiechter to include a "false" allegation in a complaint
4 | against Plaintiff.  As alleged in the adversary complaint which I prepared, my investigation of the
5 | transactions between Plaintiff and Mr. Fiechter revealed that Plaintiff had acted fraudulently to
6 | secure substantial amounts of money from Mr. Fiechter.  This was a basis to deny Plaintiff a
7 | bankruptcy discharged pursuant to 13 U.S.C.§523.

8 |       I declare under penalty of perjury under the laws of the United States of America that the
9 | foregoing is true and correct and that this declaration was executed on this 15th day of November,
10 | 2022, at San Francisco, California.

Robert N. Weaver, Esq.

DECLARATION OF ROBERT N. WEAVER, ESQ. IN SUPPORT OF DEFENDANT ROBERT N. WEAVER,
ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit A

VEXATIOUS LITIGANT LIST
From Prefiling Orders Received from California Courts
Prepared and Maintained by the Judicial Council of California
(Orders prohibiting future filings entered through November 1, 2022)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| WANG | George | | Solano Superior Court | FCM159141 | 06/15/21 | aka Chang Wang |
| WANG | George | | Solano Superior Court | FCS054835 | 06/15/21 | aka Chang Wang |
| WANG | Julie | | San Francisco Superior Court | 457890 | 09/23/08 | |
| WANG | Kailin | | San Francisco Superior Court | FDV19814465 | 01/05/21 | |
| WANG | Loli | Victoria | Alameda Superior Court | RG07324365 | 08/14/07 | |
| WANG | Yen | | Solano Superior Court | FCS050690 | 06/15/21 | |
| WANG | Yen | | Solano Superior Court | FCS054835 | 06/15/21 | |
| WANG | Yen | | Solano Superior Court | FCM167700 | 06/15/21 | |
| WANVEER | Lloyd | Marston | San Francisco Superior Court | 964377 | 10/03/95 | |
| WANVEER | Paul | Thomas | San Francisco Superior Court | 964377 | 10/03/95 | |
| WARREN | Richard | | Los Angeles Superior Court | LC61078 | 09/13/02 | |
| WASHINGTON | Roderick | | Court of Appeal, 5th Dist | F050010 | 05/23/06 | |
| WATERS | B. | Benedict | Los Angeles Superior Court | WEC117069 | 03/30/93 | |
| WATERS | B. | Benedict | Los Angeles Superior Court | WEC127394 | 03/30/93 | |
| WATKINS | Michael | W. | San Bernardino Superior Court | VFLVS032196 | 10/20/05 | |
| WATSON | Catherine | Herrera | San Francisco Superior Court | CGC-18-572340 | 06/02/21 | |
| WATSON | Ruby | | San Diego Superior Court | 693308 | 01/26/96 | |
| WEARY | LaColya | | Los Angeles Superior Court | BC019253 | 10/31/91 | |
| WEBB | Arthur | | San Francisco Superior Court | CGC08480801 | 02/10/10 | |
| WEBB | Michael | | El Dorado Superior Court | PFL20170238 | 10/01/20 | |
| WEBBER | Victor | | Santa Clara Superior Court | 1-01-FL-102682 | 12/12/14 | |
| WEI | Claude | | San Diego Superior Court | 37201400010974CLUDCTL | 07/10/14 | |
| WEINER | Lawrence | | Marin Superior Court | 153501 | 08/06/92 | |
| WEINER | Lawrence | | Marin Superior Court | CV085041 | 11/10/08 | |
| WEISS | Michael | | Orange County Superior Court | 30200900331535-PR-PW-CJC | 08/16/17 | |
| WEISS | Valerie | S. | San Diego Superior Court | 695486 | 03/12/96 | |
| WEITZMAN | Arin | Karol | Alameda Superior Court | RG08417951 | 01/27/09 | |
| WELCH (J-07488) | Eugene | Everett | Amador Superior Court | 09CV5842 | 10/15/10 | |
| WELCH | Martha | M. | San Diego Superior Court | 3720170000784 1CUCRCTL | 12/19/17 | |
| WELCH-BROWN | Gaye | | Sacramento Superior Court | 07AS01921 | 10/22/07 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL983906 | 03/30/00 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL951401 | 03/30/00 | |
| WELLS | Frank | | Los Angeles Superior Court | BC518694 | 07/17/14 | |
| WELLS | Lorraine | Althea | Los Angeles (Beverly Hills) Muni | 97U00788 | 10/30/98 | |
| WELLS | William | G. | Court of Appeal, 2nd Dist, Div 2 | B235019 | 12/12/12 | |
| WELSH | Joyce | L. | Contra Costa Superior Court | D0500622 | 05/17/07 | Order states specifics. |
| WELSH | Michael | | Los Angeles Superior Court | EC10390 | 01/06/93 | |
| WESCOTT | Carl | A. | San Francisco Superior Court | FDI14781666 | 05/01/17 | |
| WEST | Anthony | E. | Los Angeles Superior Court | BC714698 | 09/26/19 | |
| WESTIN | Bruce | | Los Angeles Superior Court | YC053041 | 01/22/07 | |
| WESTOVER | Heather | D. | El Dorado Superior Court | SC 20140146 | 11/09/15 | |
| WETZEL | John | Louis | Los Angeles Superior Court | LC018140 | 01/19/93 | |
| WHEELER | John | Frederick | Kern Superior Court | S1500CV264196 | 03/30/09 | |
| WHEELER | Lorenzo | | Los Angeles Superior Court | LC100357 | 04/17/14 | |
| WHITAKER | Fred | A. | Alameda Superior Court | 6873200 | 11/22/91 | |
| WHITAKER | Fred | A. | Court of Appeal, 1st Dist, Div 4 | A057347 | 05/06/92 | |
| WHITE | Arin | | Butte Superior Court | FL041159 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL040850 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL041076 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL039776 | 01/26/12 | |

# Exhibit B

**PACER Maintenance, 11/13/2022**

Our systems will undergo maintenance on Sunday, November 13, 2022, from 5:00 a.m. to 4:00 p.m. ET. Access to certain portions of this site may be temporarily unavailable.

An official website of the United States government. Here's how you know. ⌄

Log in to PACER Systems →



Party Search Results

**Search Criteria:** Party Search; Last Name: [Wescott]; First Name: [Carl]
**Result Count:** 60 (2 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Wescott, Carl | 0:1998cr10153 | Rich, et al v. West Communication, et al | U.S. Court Of Appeals, Fifth Circuit | 02/10/1998 | 07/09/1998 |
| Wescott, Carl (pla) | 3:2020cv06456 | Wescott v. Crowe et al | California Northern District Court | 09/16/2020 | |
| Wescott, Carl (pla) | 3:2021cv00319 | Wescott v. Martin et al | Florida Middle District Court | 03/22/2021 | 07/16/2021 |
| Wescott, Carl &quot;Kalle&quot; (pla) | 3:2017cv07371 | Wescott v. Bushnell et al | California Northern District Court | 12/29/2017 | 05/14/2018 |
| Wescott, Carl A (pla) | 1:2021cv00040 | Wescott v. Global Accelerator Network, LLC et al | Colorado District Court | 01/07/2021 | 06/17/2021 |
| Wescott, Carl A (pla) | 3:2019cv05898 | Wescott v. Upshaw et al | Washington Western District Court | 09/24/2019 | 01/08/2020 |
| Wescott, Carl A (pla) | 3:2020cv05442 | Wescott v. Upshaw et al | Washington Western District Court | 05/11/2020 | 09/14/2020 |
| Wescott, Carl A. (pla) | 2:2022cv01615 | Carl A. Wescott v. Jessica Jackley et al | California Central District Court | 03/09/2022 | 10/04/2022 |
| Wescott, Carl A. (pla) | 2:2022cv08029 | Carl A. Wescott v. Mr. Jay Caplan et al | California Central District Court | 11/02/2022 | |
| Wescott, Carl A. (pla) | 2:2021cv09975 | Carl A. Wescott v. Alex Kaay et al | California Central District Court | 12/27/2021 | |
| Wescott, Carl A. (pla) | 2:2022cv00677 | Carl A. Wescott v. Kathy Fettke et al | California Central District Court | 01/28/2022 | 03/08/2022 |
| Wescott, Carl A. (dft) | 2:2012cv00734 | ATAIN Specialty Insurance Co. v. River Heights Condos, et al., | California Eastern District Court | 03/22/2012 | 03/22/2013 |
| Wescott, Carl A. (pla) | 2:2022cv00179 | (PS) Wescott v. Yee | California Eastern District Court | 01/27/2022 | 05/03/2022 |
| Wescott, Carl A. (dft) | 3:2012ap03086 | Hoskins and Pook Snook Dook Limited Partnership | California Northern Bankruptcy Court | 05/21/2012 | 07/10/2015 |
| Wescott, Carl A. (pla) | 4:2019cv02084 | Wescott v. Smith et al | California Northern District Court | 04/17/2019 | 06/26/2019 |
| Wescott, Carl A. (pla) | 3:2021cv09200 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al | California Northern District Court | 11/29/2021 | 09/21/2022 |
| Wescott, Carl A. (pla) | 3:2021cv10011 | Wescott v. Daniel et al | California Northern District Court | 12/28/2021 | 07/06/2022 |
| Wescott, Carl A. (pla) | 3:2022cv00067 | Wescott v. Beresford Corporation et al | California Northern District Court | 01/05/2022 | 04/20/2022 |
| Wescott, Carl A. (pla) | 3:2022cv00070 | Wescott v. Matusow et al | California Northern District Court | 01/05/2022 | |
| Wescott, Carl A. (pla) | 3:2022cv00543 | Wescott v. Block | California Northern District Court | 01/27/2022 | |
| Wescott, Carl A. (pla) | 3:2022cv02682 | Wescott v. Yee | California Northern District Court | 05/04/2022 | 08/01/2022 |
| Wescott, Carl A. (pla) | 3:2022cv04288 | Wescott v. Weaver et al | California Northern District Court | 07/25/2022 | |
| Wescott, Carl A. (pla) | 4:2022cv04651 | Wescott v. Dunn et al | California Northern District Court | 08/05/2022 | |

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Wescott, Carl A. (pla) | 1:2021cv00462 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al | Delaware District Court | 03/29/2021 | 11/09/2021 |
| Wescott, Carl A. (pla) | 1:2022cv01435 | Wescott v. Summerbio, LLC et al | Delaware District Court | 10/31/2022 | |
| Wescott, Carl A. (pla) | 3:2021cv00318 | Wescott v. Simonetta | Florida Middle District Court | 03/22/2021 | 08/11/2021 |
| Wescott, Carl A. (pla) | 1:2022cv00399 | Wescott v. First American Financial Corporation et al | Illinois Northern District Court | 01/24/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00442 | Wescott v. United Airlines et al | Illinois Northern District Court | 01/21/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00714 | Wescott v. Block et al | Illinois Northern District Court | 02/08/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv04170 | Wescott v. Block et al | Illinois Northern District Court | 08/03/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00785 | Wescott v. Russ et al | Texas Western District Court | 08/04/2022 | |
| Wescott, Carl Alexander (db) | 3:2011bk34426 | Carl Alexander Wescott | California Northern Bankruptcy Court | 12/13/2011 | 01/17/2012 |
| Wescott, Carl Alexander (db) | 3:2012bk30143 | Carl Alexander Wescott and Monette Rosemarie Stephens | California Northern Bankruptcy Court | 01/17/2012 | 07/15/2016 |
| Wescott, Carl Alexander (dft) | 3:2012ap03057 | Fiechter and Wescott | California Northern Bankruptcy Court | 04/20/2012 | 05/22/2013 |
| Wescott, Carl Alexander (dft) | 3:2012ap03058 | Kirk and Wescott | California Northern Bankruptcy Court | 04/20/2012 | 05/22/2013 |
| Wescott, Carl Alexander (dft) | 3:2012ap03062 | Quality Housing Solutions, LLC and Wescott | California Northern Bankruptcy Court | 04/23/2012 | 07/19/2012 |
| Wescott, Carl Alexander (dft) | 3:2012ap03148 | Hoskins and Wescott | California Northern Bankruptcy Court | 10/15/2012 | 01/13/2015 |
| Wescott, Carl Alexander (db) | 1:2016bk10905 | Carl Alexander Wescott | California Northern Bankruptcy Court | 10/24/2016 | 11/30/2016 |
| Wescott, Carl Alexander (db) | 1:2016bk10975 | Carl Alexander Wescott | California Northern Bankruptcy Court | 11/14/2016 | 09/05/2019 |
| Wescott, Carl Alexander (dft) | 3:2017ap03015 | S.C. Anderson, Inc and Wescott | California Northern Bankruptcy Court | 02/13/2017 | 02/07/2019 |
| Wescott, Carl Alexander (pla) | 3:2017ap03034 | Wescott and Arnovick | California Northern Bankruptcy Court | 05/26/2017 | 09/29/2017 |
| Wescott, Carl Alexander (pla) | 3:2017ap03038 | Wescott and City of San Francisco | California Northern Bankruptcy Court | 06/07/2017 | 04/09/2019 |
| Wescott, Carl Alexander (pla) | 3:2017ap03039 | Wescott and State of California | California Northern Bankruptcy Court | 06/07/2017 | 10/31/2017 |
| Wescott, Carl Alexander (pla) | 1:2017ap01024 | Wescott and Szucsko | California Northern Bankruptcy Court | 07/25/2017 | 10/30/2017 |
| Wescott, Carl Alexander (pla) | 3:2017ap03064 | Wescott and SC Anderson, Inc. | California Northern Bankruptcy Court | 09/29/2017 | 02/16/2018 |
| Wescott, Carl Alexander (dft) | 1:2018ap01031 | Fiechter and Wescott | California Northern Bankruptcy Court | 09/26/2018 | 01/31/2019 |
| Wescott, Carl Alexander (pla) | 3:2017cv05676 | Wescott v. SC Anderson, Inc. et al | California Northern District Court | 10/02/2017 | 11/06/2018 |
| Wescott, Carl Alexander (pla) | 3:2017cv05837 | Wescott v. Stephens et al | California Northern District Court | 10/11/2017 | 04/10/2018 |
| Wescott, Carl Alexander (pla) | 4:2017cv06271 | Wescott v. Reisner et al | California Northern District Court | 10/30/2017 | 08/16/2019 |
| Wescott, Carl Alexander (pla) | 4:2017cv07330 | Wescott v. Martin, et al | California Northern District Court | 12/27/2017 | 08/29/2018 |
| Wescott, Carl Alexander (pla) | 3:2018cv02829 | Wescott v. GILA, Inc dba Municipal Services Bureau et al | California Northern District Court | 05/14/2018 | 07/23/2018 |
| Wescott, Carl Alexander (pla) | 3:2018cv05009 | Wescott v. Stephens et al | California Northern District Court | 08/15/2018 | 10/29/2018 |
| Wescott, Carl Alexander (pla) | 4:2018cv05842 | Wescott v. Martin et al | California Northern District Court | 09/21/2018 | 11/08/2018 |
| Wescott, Carl Alexander (pla) | 4:2018cv07104 | Wescott v. Martin et al | California Northern District Court | 11/20/2018 | 03/20/2019 |

| PACER Service Center | | 11/11/2022 13:58:25 |
|---|---|---|
| User | rnweaver | |
| Client Code | Fiechter | |
| Description | All Court Types Party Search | |
| | All Courts; Name Wescott, Carl; All Courts; Page: 1 | |

Billable Pages  1 ($0.10)

PACER FAQ



This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

Privacy & Security

Contact Us

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

# Exhibit B

FILED

DEC 05 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
*in propria persona*
CARLWSOJ@GMAIL.COM
+1 936 937 2688

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

## NORTHERN DISTRICT

| | |
|---|---|
| CARL A. WESCOTT,<br><br>         Plaintiff,<br><br>   vs.<br><br>ROBERT N. WEAVER, ESQ., *et al.*<br><br>         Defendants. | Civil Action No. **22-cv-04288-AGT**<br><br>**PLAINTIFF'S DISMISSAL OF MR. WEAVER WITHOUT PREJUDICE** |

Plaintiff Carl Wescott, proceeding *pro se*, hereby dismisses Defendant Mr. Robert N. Weaver, esq. without prejudice.

RESPECTFULLY SUBMITTED on November 29th, 2022

CARL A. WESCOTT, *pro se*

580025X2746X2425XPRI
Carl Wescott
8210 e via de la escuela
scottsdale, AZ 85258



Sent using
**Docsmit**
www.docsmit.com

First Class
Accepted:
11/29/22, 11:58 AM (EST-05:00)

9*************AUTO**MIXED AADC 480

Clerk of the Court, United States Distri
District of California Northern Distric
450 Golden Gate Ave FL 16
San Francisco, CA 94102-3426

## Document Information:

1 page in the enclosed document
1 single sided sheet of paper

*This page was added by Docsmit and is not part of the document from the sender, which starts on the next page.*



Presorted
First-Class Mail
U.S. Postage Paid
C2M LLC
22202

RECEIVED

DEC 0 5 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# Exhibit C

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

| | | | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/22- 5/31/23 | 1.085091 | $225 | $413 | $508 | $733 | $829 | $997 |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* ï¿½Years Out of Law Schoolï¿½ is calculated from June 1 of each year, when most law students graduate. ï¿½1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). ï¿½4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier ï¿½1-3" from June 1, 1996 until May 31, 1999, would move into tier ï¿½4-7" on June 1, 1999, and tier ï¿½8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# Exhibit D

**Lew-Pham, Nancy**

| | |
|---|---|
| **From:** | Carl Wescott <carlwsoj@gmail.com> |
| **Sent:** | Monday, November 28, 2022 5:41 PM |
| **To:** | Graft, Alex |
| **Cc:** | Lew-Pham, Nancy |
| **Subject:** | Re: Wescott v. Weaver - RE: [EXT] Please email me a digital copy of your filing (Was: Fwd: package from Lewis Brisbois) |



No, Mr. Graft, but after reviewing your motion, I think you have two winning arguments (maybe three) out of your four. I'm planning to dismiss Mr. Weaver.

(It doesn't affect Mr. Weaver, but I'm going to amend the legal complaint and add about 7 causes of action that are stronger than the debt collections practices counts).

As an attorney, Mr. Weaver had a duty, once I notified him, to investigate the fact that I was never served on the Fiechter lawsuit.

Mailing a summons to the address "Carl Wescott c/o San Pedro Sula, Honduras" and emailing old email addresses does not constitute valid personal service. Even had Mr. Zeff, as agent for Fiechter, mailed the summons to a correct address, or emailed me at my actual email address, I would have been aware of the lawsuit but that would not constitute valid service.

We all know that I should have been personally served with the lawsuit and summons. To represent to the Court that mailing a random city in Honduras or emailing me constitutes valid personal service is extrinsic fraud upon the Court.

But that was prior to Mr. Weaver representing Mr. Fiechter in this particular case/matter.

After I notified Mr. Weaver of this issue (lack of service), Mr. Weaver then should have withdrawn (after his investigation), and he should have notified the Court of this issue.

However, since I'm unaware of any action that Mr. Weaver has taken to collect on the fraudulent judgment, I'll dismiss him from the lawsuit.

Mr. Weaver's ethical lapses and refusal to do the right thing are matters for me to complain about to the California bar.

Mr. Weaver apparently wasn't involved in Mr. Zeff bribing the opposing law offices to steal confidential and privileged information about me, either. That's another matter for the California bar, and from looking at other cases, can warrant disbarment. That's also a matter for law enforcement, because in California, kickbacks and commercial bribery with payments of over $1000 are a felony.

You can inform Mr. Weaver, whom I've already notified on multiple occasions, that I'll give him one more chance, until the end of the year (2022) to:

* withdraw from representing Mr. Fiechter related to this case (*Fiechter versus Wescott*) and judgment and the collection thereof

1

and/or

* investigate the matter, and do his duty to inform the Court that I was never served etc.

If Mr. Weaver does neither by 12/31/2022, I will complain to the California bar about Mr. Weaver in January 2023.

If Mr. Weaver does not withdraw, then in the future, the moment he takes a step to attempt to collect on the fraudulent judgment, or renews it, then I will sue Mr. Weaver and Mr. Fiechter.  His client is liable for his tortious acts.

I think your last argument is a non-starter in federal Court, but you wrote an excellent motion/brief.

I'll get the dismissal out to the Court (by mail) in the next 24 hours, and will send you a copy (both served, and digital courtesy copy).

--CAW  +1 936 937 2688

_____

Carl A. Wescott


On Mon, Nov 28, 2022 at 9:46 PM Graft, Alex <Alex.Graft@lewisbrisbois.com> wrote:

Hi Mr. Wescott,


Please see the attached proposed stipulation concerning the initial status conference in the above case.  Are you amenable to modifying the case schedule accordingly?  Please advise.


Thanks,




**Alex A. Graft**
**Partner**
*Certified Specialist, State Bar of California*

*Legal Malpractice*

*Vice Chair of Legal Malpractice Group*
**Alex.Graft@lewisbrisbois.com**

**T: 415.438.6692  F: 415.434.0882**


45 Fremont Street, Suite 3000, San Francisco, CA, 94105|  **LewisBrisbois.com**

2

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**PLEASE NOTE OUR NEW ADDRESS AS OF 10/24/2022:**
**45 Fremont Street, Suite 3000, San Francisco, CA 94105**


**Alex A. Graft**
**Partner**
**Alex.Graft@lewisbrisbois.com**

**T: 415.438.6692 F: 415.434.0882**

45 Fremont Street, Suite 3000, San Francisco, CA 94105 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Carl Wescott <carlwsoj@gmail.com>
**Sent:** Wednesday, November 23, 2022 1:54 PM
**To:** Lew-Pham, Nancy <Nancy.Lew-Pham@lewisbrisbois.com>
**Cc:** Graft, Alex <Alex.Graft@lewisbrisbois.com>
**Subject:** Re: Wescott v. Weaver - RE: [EXT] Please email me a digital copy of your filing (Was: Fwd: package from Lewis Brisbois)

Received, thanks!

_____

Carl A. Wescott  +1 936 937 2688

On Thu, Nov 24, 2022 at 1:30 AM Lew-Pham, Nancy <Nancy.Lew-Pham@lewisbrisbois.com> wrote:

Mr. Wescott, attached please find the following:

Doc 13 – filed Notice of Special Motion (Anti-SLAPP);

Doc 13-1 filed MPA iso Special Motion (Anti-SLAPP);

Doc 13-2 filed Dec of Robert Weaver iso Special Motion (Anti-SLAPP);

Doc 13-3 filed Dec Alex Graft iso Special Motion (Anti-SLAPP); and

Doc 13-4 filed Certificate of Service.

Thank you.

Begin forwarded message:

**PLEASE NOTE OUR NEW ADDRESS AS OF 10/24/2022:**
**45 Fremont Street, Suite 3000, San Francisco, CA 94105**



**Nancy Lew-Pham**
**Secretary**
**Nancy.Lew-Pham@lewisbrisbois.com**

**T: 415.438.6630 F: 415.434.0882**

45 Fremont Street, Suite 3000, San Francisco, CA 94105 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the

intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Carl Wescott <carlwsoj@gmail.com>
**Date:** November 23, 2022 at 11:57:01 AM PST
**To:** "Graft, Alex" <Alex.Graft@lewisbrisbois.com>, Carl Wescott <carlwsoj@gmail.com>
**Subject: [EXT] Please email me a digital copy of your filing (Was: Fwd: package from Lewis Brisbois)**
**Reply-To:** carlwsoj@gmail.com

Mr. Graft, as I'm not home in Scottsdale this week, I can't open the package with your filing (I called Lewis Brisbois and found out it was your filing).

Would you be so kind as to email me, or have someone email me, your filing(s) in *Wescott versus Weaver, et al.*?

I'll send you digital courtesy copies of my filings in the future.

--Carl

_____

Carl A. Wescott  +1 936 937 2688

---------- Forwarded message ---------
From: **Carl Wescott** <carlwsoj@gmail.com>
Date: Wed, Nov 23, 2022 at 11:20 PM
Subject: package from Lewis Brisbois
To: McGourty, Zachary <zachary.mcgourty@lewisbrisbois.com>
Cc: <anthony.barone@lewisbrisbois.com>, <diana.hart@lewisbrisbois.com>

Hello Mr. McGourty, (and/or Mr. Barone and Ms. Hart)-

A package from Lewis Brisbois arrived at my house in Scottsdale yesterday (as I can see via a USPS service.  I assume it came from (mailed) service of something you filed in Court.  But I'm not home at the moment.

Would you be so kind as to send (ermail) me a digital/electronic copy of whatever you sent to me?

Thank you

--CAW  +1 936 937 2688

_____

Carl A. Wescott