**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
   E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
ROBERT N. WEAVER, ESQ.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT, | Case No. CV22-4288-VC |
| Plaintiff, | **DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DEEM HIM PREVAILING PARTY AND FOR MANDATORY ATTORNEY'S FEES OF NO LESS THAN $15,750 UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16** |
| vs. | |
| FREDERICK C. FIECHTER, IV; DAVID M. ZEFF, ESQ.; ROBERT N. WEAVER, ESQ. + DOES 1 through 25, | |
| Defendants. | Date:        January 19, 2023 |
| | Time:        10:00 a.m. |
| | Courtroom: 4, 17th Floor |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Plaintiff CARL A. WESCOTT ("Plaintiff"), a vexatious litigant (as found by the

California courts pursuant to California Code of Civil Procedure §391(b)[1]), is no doubt

accustomed to seeing dismissed the claims he has filed, however he cannot not dismiss this one –

---

[1]  See Exhs. A and B to Weaver Decl. filed in support of anti-SLAPP Motion, docket no. 13 [California Vexatious Litigant List Excerpt, retrieved November, 2022 and list of no less than twenty-five cases Plaintiff has filed in federal and state courts throughout the country since January 2021.].

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a SLAPP[2] claim against ROBERT N. WEAVER, ESQ., the attorney for an opposing party in an underlying bankruptcy matter ("Attorney Weaver") - without consequences. In California there is a presumption that when a voluntary dismissal follows the filing of an anti-SLAPP motion (docket no. 13), the moving party (here, Attorney Weaver) is the prevailing party. The presumption is in accord with Plaintiff's own admission that Attorney Weaver's anti-SLAPP motion[3] (docketed as document no. 13; hereafter "Weaver anti-SLAPP motion") advanced "two winning arguments (maybe three) out of your four" which warranted dismissal of Attorney Weaver. (See Exh. D to Declaration of Alex A. Graft ["Graft Decl."].)

To the victor in that circumstance goes not only a prevailing party determination, but mandatory attorney fees and costs, as Code of Civil Procedure § 425.16 (c) commands that this Court award reasonable attorney fees to the prevailing defendant. Those fees and costs amount to no less than $15,750. (Graft Decl., paragraph 5.) In addition, Attorney Weaver is entitled to be deemed prevailing party, functionally converting the dismissal filed by Plaintiff (docket no. 22) to a, with prejudice, dismissal. (See also Exh. B to Graft Decl.)

## II.     FACTUAL BACKGROUND

This case arises from collection efforts by Attorney Weaver on behalf of a creditor client, Mr. Fiechter, against Plaintiff, who owes Mr. Fiechter well over $2.75 million comprised of two unsatisfied judgments. (See Declaration of Robert Weaver in support of Weaver anti-SLAPP Motion, attached to Graft Decl., as Exh. A ["Weaver Decl."] ¶ 3.) Attorney Weaver represented Fiechter in a bankruptcy and adversary proceedings against Plaintiff seeking a judgment determining the amount and dischargeability of Plaintiff's debt to Fiechter. (Id. at ¶¶ 3, 5, 6, 8; see

---

[2]  SLAPP is an acronym for "strategic lawsuit against public participation." (*Loanvest I v. Utrecht* (2015) 235 Cal.App.4th 496, 499 fn 1.) The statute was enacted in 1993 in response to the legislature's concern about civil action aimed at private citizens to deter or punish them for exercising their political or legal right. (*United States ex re. Newsham v. Lockheed Missiles & Space Company, Inc.,* (9th Cir. 1999) 190 F.3d 963, 970.)

[3]  Anti-SLAPP motions may be brought in Federal Court. (See *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F. Supp. 2d 1127, 1129-30 (N.D. Cal. 1999); *United States v. Lockheed Missiles and Space Co., Inc.,* 171 F.3d 1208 (9th Cir.1999); accord *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1109 ["Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court."].)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   also Complaint, ¶ 35.)

2       Plaintiff asserted in his now dismissed complaint that Attorney Weaver "advise[d] [Mr.]

3   Fiechter to add allegations of fraud to his legal complaint to 'bankrupt-proof' his then-future-

4   judgment" which "were false." (Complaint, ¶37, 38; see also ¶ 58 [in which Plaintiff characterizes

5   his "largest source of harm . . . lay in [Mr.] Fiechter's false allegations of fraud."]; but see ¶ 12 of

6   Weaver Decl.)  In attempting to fit his claims within the debt collection statutes, he further

7   referred to "abusing the legal process" and pointed to the "resulting judgment" as "deceptive acts,"

8   as well as "later acts to bribe the law office of opposing counsel to steal confidential and

9   privileged information were further such deceptive acts. " (Complaint, ¶ 79.)

10      But it was all nonsense, and certainly not actionable, as Plaintiff conceded after Attorney

11  Weaver filed an anti-SLAPP motion.  (See Exh. D to Graft Declaration [". . .after reviewing your

12  motion, I think you have two winning arguments (maybe three) out of your four.  I'm planning to

13  dismiss Mr. Weaver."].)  Actions Attorney Weaver allegedly took on behalf of a client were

14  undeniably protected under Code of Civil Procedure section 425.16, as acts in furtherance of his

15  right to petition on behalf of a client, and of course plainly privileged litigation conduct under Cal.

16  Civil Code section 47(b)(2).  (See Weaver anti-SLAPP motion, generally, attached as Exh. A to

17  Graft Decl.).  They were also barred under Cal. Civil Code § 1714.10 relating to claims of

18  conspiracy with a client and by the statute of limitations set forth in Cal. Code of Civil Procedure

19  section 340.6, and further failed to even state a legally cognizable claim. (Ibid.)

20      Plaintiff essentially agreed, as rather than try to futilely oppose the Weaver anti-SLAPP

21  motion, Plaintiff simply surrendered, unilaterally submitting a request for dismissal, without

22  prejudice, docketed as document 22, on December 6, 2022.  (Exh. B to Graft Decl.)

23  **III.    REQUEST FOR JUDICIAL NOTICE**

24      Pursuant to Federal Rules of Evidence, Rule 201, Attorney Weaver requests that the Court

25  take judicial notice of the following Court documents for the purpose of this Motion, true and

26  correct copies of which are attached to the Graft Decl. (See, *Branch v. Tunnell* (9th Cir. 1994) 14

27  F.3d 449, 454.)

28      Exhibit A: Attorney Weaver's Memorandum of Points and Authorities in Support of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-1128-6082.1                                3                         Case No. CV22-4288-VC
DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

1    Special Motion to Strike and supporting evidence, docket no. 13;

2    Exhibit B: Notice of Voluntary Dismissal by Plaintiff, docket no. 22;

3    Exhibit C: USAO Attorney's Fees Matrix ("Laffey Matrix").

4  **IV.    LEGAL ARGUMENT**

5    **A.   This Court has Jurisdiction to Award Attorney Weaver Attorney's Fees**

6    The voluntary dismissal of a SLAPP suit (in the face of an anti-SLAPP motion) does not

7  strip away this Court's jurisdiction to award the movant attorney's fees and costs. (*eCash Techs.,*

8  *Inc. v. Guagliardo* (C.D.Cal. 2000) 210 F.Supp.2d 1138, 1153-1155 ["The attorney's fees

9  provision of Section 425.16 also applies in federal court, and declares that an award of attorney's

10 fees to a moving party is mandatory if a special motion to strike is granted."]; *Kyle v. Carmon*,

11 (1999) 71 Cal. App. 4th 901, 918-19 [affirming award of attorney's fees following voluntary

12 dismissal]; *Liu v. Moore*, (1999) 69 Cal. App. 4th 745, 755 [voluntary dismissal does not preclude

13 award of attorney's fees]; *accord Coltrain v Shewalter*, (1998) 66 Cal. App. 4th 94, 107-108.)

14 Indeed, the fees incurred in connection with disposing of a SLAPP suit are mandatory upon the

15 determination that Attorney Weaver would have been prevailing party. (*eCash Techs, supra*. at

16 1155 ["However, the law in California is clear that even though these claims were voluntarily

17 dismissed, this does not absolve the Defendants of liability for fees and costs incurred by Plaintiff

18 in striking these counterclaims."].)

19    **B.   Attorney Weaver Would Have Prevailed on The anti-SLAPP Motion**

20    Essentially, a court presented with an attorney's fees motion following a voluntary

21 dismissal in the face of an anti-SLAPP Motion is tasked with determining whether the moving

22 party would have prevailed on the anti-SLAPP motion; if yes, then, reasonable fees shall be

23 awarded. (*eCash*, F. Supp. 2d at 1154) ("[d]iscussion of the merits of the Motion [is] a necessary

24 precursor to discussion of attorney's fees and costs under Section 425.16.") And when a voluntary

25 dismissal follows the filing of a motion to strike, there is a "presumption" that the moving party is

26 the "prevailing party." (*See Coltrain*, 66 Cal. App. 4th at 107-08 (finding entitlement to fees.)

27    Thus, here, there is a presumption that Attorney Weaver would have prevailed on the

28 Weaver anti-SLAPP motion. Should the Court need further proof, it need only turn to Attorney

1   Weaver's memorandum of points and authorities in support of the Weaver anti-SLAPP motion,

2   attached to the Graft Decl. as Exhibit A (and docketed as filing no. 13.).  There, Attorney Weaver

3   demonstrated that Plaintiff's claim against him were premised wholly upon  protected conduct -

4   representing his client in an underlying bankruptcy action - which unquestionably "arises from an

5   act in furtherance of the rights of petition or free speech" - thus shifting the burden to Plaintiff to

6   establish a reasonable probability of success on her claims against Attorney Weaver. (Ibid; see

7   Cal. Code. Civ. Proc. § 425.16(b)).)  Despite that burden shifting upon a showing of protective

8   conduct, Attorney Weaver nevertheless also advanced in the motion four distinct grounds on

9   which he was likely to prevail, including that (1) Plaintiff failed to even allege a legally cognizable

10  claim, (2) the litigation privilege served as an absolute bar to Plaintiff's claim, (3) Plaintiff's claim

11  was barred by the statute of limitations set forth in Cal. Code of Civil Procedure section 340.6, and

12  (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code section 1714.10 relating

13  to claims of conspiracy with a client.

14          Plaintiff ultimately does not dispute that conclusion. As justification for the filing of the

15  voluntary dismissal, Plaintiff conceded "after reviewing your motion, I think you have two

16  winning arguments (maybe three) out of your four." (Exh. D to Graft Decl.)  Attorney Weaver

17  only needed to win on one.  Accordingly, it is functionable unopposed that Attorney Weaver

18  would have prevailed on the Weaver anti-SLAPP motion, and he therefore should be deemed

19  prevailing party for purpose of the present motion.

20          **C.  Attorney Weaver Should Be Awarded No Less Than $15,750 in Attorney's Fees**

21          Cal. Code. Civ. Proc. § 425.16(c) states that "[i]n any action subject to subdivision (b), a

22  prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's

23  fees and costs."  The word "shall" in a fee statute signifies that the fee award is mandatory. (*Belth*

24  *v. Garamendi* (1991) 232 Cal.App.3d 896, 899-900.)

25          As the California Supreme Court noted, the fee provision of the anti-SLAPP law was

26  intended to discourage SLAPP suits "by imposing the litigation costs on the party" filing the

27  SLAPP suit.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) In *Ketchum*, the California

28  Supreme Court expressly stated that a prevailing defendant under the SLAPP statute is entitled to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

1  recover fees incurred in association with a motion for fees:

> 2  [A]n award of fees may include not only the fees incurred with
> 3  respect to the underlying claim, but also the fees incurred in
> enforcing the right to mandatory fees under Code of Civil Procedure
> § 425.16 . . . . [A]bsent circumstances rendering the award unjust,
> 4  fees recoverable . . . ordinarily include compensation for all hours
> reasonably spent, including those necessary to establish and defend
> 5  the claim.

6  (24 Cal.4th at 1141.)

7        In reviewing a motion for fees under the anti-SLAPP statute, the court applies the lodestar

8  method to determine reasonable attorney's fees, multiplying the reasonable time spent by the

9  reasonable hourly compensation for each attorney. (*Ketchum*, *supra*, 24 Cal.4th at 1131; *Malin v.*

10  *Singer* (2013) 217 Cal.App.4th 1283, 1305.)  Under the lodestar method, the Court determines

11  "the number of hours reasonably expended multiplied by the reasonable hourly rate." (*PLCM*

12  *Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; see also *Mann v. Quality Old Time Service,*

13  *Inc.* (2006) 139 Cal.App.4th 328, 342 ["Under [the lodestar] method, a court assesses attorney fees

14  by first determining the time spent and the reasonable hourly compensation of each attorney"].)

15        In determining the reasonableness of hours expended, section 425.16, subdivision (c) "is

16  broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing

17  defendant for expenses incurred in extracting herself from a baseless lawsuit." (*Wilkerson v.*

18  *Sullivan* (2002) 99 Cal.App.4th 443, 446.)  Further, the "reasonable hourly rate" applicable under

19  the lodestar method is the rate "prevailing in the community for similar work." (*PLCM Group,*

20  *Inc., supra*, 22 Cal.4th at 1095.)

21      **1.  The hours spent by Attorney Weaver's counsel are reasonable**

22        As the California Supreme Court has recognized, anti-SLAPP motions are quite often

23  "complex and time consuming." (*Ketchum*, *supra*, 24 Cal.4th at 1139; see also *Premier Medical*

24  *Management Systems, Inc. v. California Insurance Guarantee Association* (2008) 163 Cal.App.4th

25  550, 560-61 (rejecting assertion that spending 217 hours on an anti-SLAPP motion was *per se*

26  excessive and ultimately affirming trial court order awarding fees).)

27        Here, it was almost immediately apparent that an anti-SLAPP motion was warranted, and

28  therefore, essentially all the time spent on the case by Attorney Weaver's counsel (exceeding 35

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-1128-6082.1                                    6                        Case No. CV22-4288-VC
DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

1    hours of attorney time) related to extricating Attorney Weaver from the case through the anti-

2    SLAPP process.  (Graft Decl., paragraph 6.)  That process involved a review and analysis of

3    Plaintiff's complaint, assessment of applicable authorities, and consideration of the implications of

4    the multiple underlying litigations, in order to ascertain and develop the bases underpinning

5    Attorney Weaver's anti-SLAPP motion and supporting declarations, along with at least 14 hours

6    of actual drafting, revising and finalizing the Weaver anti-SLAPP motion and supporting papers.

7    (Ibid., at paragraph 7.)  In addition, the present motion has required more than six hours of

8    attorney time to prepare.  (Ibid.)

9          Even though all the time spent by Attorney Weaver's counsel on the case arguably is

10   recoverable since it was all directed toward the anti-SLAPP strategy, Attorney Weaver has

11   nevertheless excluded from his request for fees five and one half hours of attorney time which did

12   not relate directly to the preparation of the Weaver anti-SLAPP motion or the present motion,

13   including time spent reporting to client(s), addressing general case management issues, including

14   consent to the magistrate and position regarding alternative dispute resolution, as well as more

15   than two hours spent getting up to speed on developments involving underlying litigation filed in

16   Illinois.  (Graft Decl., paragraph 8.)

17         The services performed by the Attorney Weaver's counsel for which reimbursement is

18   sought were all both necessary and reasonable, and amount to 30 hours total.  (Graft Decl.,

19   paragraph 7.)  The declaration supporting this motion is *prima facie* evidence that the hours sought

20   were necessary and are reasonable.  (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th

21   1363, 1375; *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1398; *see also*

22   *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396

23   ["[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence

24   in the absence of a clear indication the records are erroneous"].).

25         **2.   Attorney Weaver's counsel's hourly rates are reasonable**

26         The lodestar method seeks to "fix the fee at the fair market value for the particular action,"

27   and, consequently, "[t]he reasonable hourly rate is that prevailing in the community for similar

28   work."  (*PLCM Group, Inc.*, *supra*, 22 Cal.4th at 1095.)  In Northern California, hourly rates

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-1128-6082.1                                    7                           Case No. CV22-4288-VC
DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

1   higher than $500 are routinely recognized as reasonable.  (See *Huimin Song v. County of Santa*

2   *Clara* (N.D. Cal. 2015 2015 U.S. Dist. LEXIS 168453, at *7, reversed on other grounds in opinion

3   "not appropriate for publication," *Song v. City of Santa Clara* (9th Cir. 2017) 705 Fed. Appx. 492)

4   [noting that reasonable hourly rates for civil rights attorneys in the area encompassed by the

5   Northern District of California included "up to $700 for partners, $350 for associates, and $200 for

6   paralegals and law clerks"]; *In re Celera Corp. Secs. Litig.* (2015) U.S. Dist. LEXIS 157408

7   (noting that "[r]easonable hourly rates for partners in the Bay Area range from $560 to $800");

8   *Armstrong v. Brown* (N.D. Cal. 2011) 805 F. Supp. 2d 918, 920-21 (finding, in 2011, that a range

9   of $560-$800 was a reasonable rate for partners and $285-$510 for associates practicing in the

10   Bay Area).)

11       Moreover, in *Ketchum*, the Supreme Court held that trial courts have the authority to award

12   a fee enhancement under section 425.16, subdivision (c).  In *Nemecek & Cole v. Horn* (2012) 208

13   Cal.App.4th 641, 650-51, the Court of Appeal affirmed an attorney's fees award which was more

14   than double the attorney's fees that were actually incurred by the attorneys, based on a general

15   schedule and pay table for attorneys.  (See also *Malin*, *supra*, 217 Cal.App.4th at 1304-05.)

16       Here, Mr. Graft's submitted hourly rate of $450 per hour is quite reasonable and has, in

17   fact, been previously deemed a reasonable rate by this Court for his services following successful

18   anti-SLAPP motion(s).  (Graft Decl., paragraph 4; see *Gregory v. Efting*, U.S.D.C., Northern

19   District, Case No. 5:21-cv-03311 [awarding $17,505 at an hourly rate of $450 per hour]; see also

20   *Smith v. Entrepreneur Media, Inc*., Superior Court of Orange County, Case No. 30-2020-

21   01172678-CU-PO-CJC, [awarded $24,281 in attorney's fees based upon hourly rate of $450 per

22   hour.)  Mr. Graft was admitted in 2005, is a graduate of UC Hastings College of the Law, is a

23   partner at Lewis Brisbois, is a Certified Specialist in Legal Malpractice Law, and has extensive

24   experience defending lawyers in a variety of actions, including anti-SLAPP proceedings.  (Id.; see

25   also *The Belle Rose Claremont LLC., et al. v. Kate Fried,* Superior Court of Alameda County,

26   Case No. RG18898140; awarded $42,676 in attorney's fees based upon an hourly rate of  $350 per

27   hour in 2019; *Mehrdad Elie v. Paul B. Justi et al.*, Superior Court of County of Napa, Case No.

28   26-59137, awarded $40,000 in attorney's fees based upon an hourly rate of $400 per hour in 2016;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   *Patti Stevenson v. Sophita Feterman, et al.,* Superior Court of Santa Clara County, Case No. 17-

2   CV307335, awarded $45,045.89 in attorney's fees again based upon an hourly rate of $400 per

3   hour in 2017.)  Thus, the $450 per hour rate has already been determined a reasonable rate.  (Ibid.)

4           Furthermore, Mr. Graft's rates are much lower than the rates set forth in the Laffey Matrix

5   (attached as Exhibit C to Graft Decl.) for attorneys of similar experience levels which, although

6   obviously not binding authority, "provides additional guidance and has been cited with approval

7   by other courts in [the Ninth] Circuit."  (*Lakim Indus. v. Linzer Prods. Corp.* (C.D. Cal. 2013)

8   2013 U.S. Dist. LEXIS 58958 at *23; see also *Syers Properties III, Inc. v. Rankin* (2014) 226

9   Cal.App.4th 691, 701-702 (noting that trial court had discretion to credit Laffey Matrix when

10  determining reasonableness of fees).)

11          **3.   Attorney Weaver is entitled to a lodestar amount of $15,750.00.**

12          Attorney Weaver seeks a total award of fees in the amount of $15,750.00, comprising 30

13  hours of attorney time incurred, and an anticipated 5 additional hours replying to Plaintiff's

14  opposition and appearing at the hearing, if any.  (Graft Decl., paragraph 7.)  This figure represents

15  the reasonable fees incurred and reasonably anticipated to be incurred in extricating Attorney

16  Weaver from Plaintiff's SLAPP suit and, in fact, is far below awards in other anti-SLAPP cases.

17  (See e.g*, Metabolife International, Inc. v. Wornick* (S.D. Cal. 2012) 213 F. Supp. 2d 1220, 1228

18  (awarding a total of $318,687.99); *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th

19  628, 658 ($130,506.71 awarded to defendant who prevailed on his anti-SLAPP motion.)

20  **V.      CONCLUSION**

21          Attorney Weaver is the prevailing party in this action for purposes of this motion for

22  attorney's fees under section 425.16.  The number of hours spent by Mr. Graft defending against

23  Plaintiff's unmeritorious SLAPP action and preparing this motion, all predicated on Attorney

24  Weaver's protected exercise of his First Amendment rights, was reasonable under the

25  circumstances, and the hourly rates for that work are reasonable for lawyers of similar skill and

26  experience in the San Francisco Bay Area.  The Court is respectfully requested to grant Attorney

27  Weaver's motion for attorney's fees, deem Attorney Weaver prevailing party, and award the total

28  amount of $15,750.00 against Plaintiff, and therefore respectfully urges the Court to grant this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4893-1128-6082.1                                    9                          Case No. CV22-4288-VC
DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES

1    Motion, deem Attorney Weaver prevailing party, and award fees in the requested amount.

2

3    DATED:  December 14, 2022              LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5                                         By:      /s/ Alex A. Graft

6                                              ALEX A. GRAFT
                                               Attorneys for Defendant
7                                              ROBERT N. WEAVER, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROBERT N. WEAVER, ESQ.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES