**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
  E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant
ROBERT N. WEAVER, ESQ.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>            Plaintiff,<br><br>      vs.<br><br>FREDERICK C. FIECHTER, IV;<br>DAVID M. ZEFF, ESQ.;<br>ROBERT N. WEAVER, ESQ. + DOES 1 through 25,<br><br>            Defendants. | Case No. CV22-4288-VC<br><br>**DECLARATION OF ALEX A. GRAFT IN SUPPORT OF MOTION FOR MANDATORY ATTORNEY'S FEES**<br><br>Date:         January 19, 2023<br>Time:        10:00 a.m.<br>Courtroom: 4, 17th Floor |

**DECLARATION OF ALEX A. GRAFT**

I, Alex A. Graft, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant ROBERT N. WEAVER, ESQ.("Attorney Weaver").  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      As lead counsel for Attorney Weaver, I have read and am familiar with the documents that were filed and/or served in this case. I was responsible for the initial preparation of Attorney Weaver's anti-SLAPP Motion, the Declaration in support thereof, and the related supporting documents.  I now make this declaration in support of Attorney Weaver's motion for anti-SLAPP attorneys' fees pursuant to Code of Civil Procedure section 425.16, subdivision (c).

3. On behalf of Attorney Weaver, I caused to be filed an anti-SLAPP motion on November 16, 2022, a true and correct copy of the points and authorities and supporting declaration of which is attached hereto as Exhibit A. The motion was initially set for hearing on December 16, 2022. On December 1, 2022, the case was reassigned. Before a new hearing date could be set, Plaintiff filed a voluntary dismissal, without prejudice, on December 6, 2022, a true and correct copy of which is attached hereto as Exhibit B.

4. I was admitted to the California bar in 2005, and I have 17 years of experience of defending legal malpractice and professional liability cases. I am a Certified Specialist in Legal Malpractice Law by the State Bar of California Board of Legal Specialization. I've prepared and handled numerous anti-SLAPP motions with corresponding fee awards, including most recently, *Gregory v. Efting*, U.S.D.C., Northern District, Case No. 5:21-cv-03311, in which my client was awarded $17,505, based on an hourly rate for me of $450 per hour. Additional examples of successful anti-SLAPP motions resulting in fee awards on behalf of my client include *The Belle Rose Claremont LLC., et al. v. Kate Fried,* Superior Court of Alameda County Case No. RG18898140, in which my client was awarded in 2019 $42,676 in attorney's fees based upon an hourly rate of $350 per hour for myself and $270 per hour for my associate, *Mehrdad Elie v. Paul B. Justi et al.*, Superior Court of County of Napa, Case No. 26-59137, in which my client was awarded $40,000 in attorneys' fees in 2016 based upon an hourly rate of $400 per hour for myself, *Patti Stevenson v. Sophita Feterman, et al.,* Superior Court of Santa Clara County, Case No. 17-CV307335, in which my client was awarded $45,045.89 in attorneys' fees again based upon an hourly rate for myself of $400 per hour in 2017, and *Smith v. Entrepreneur Media, Inc.*, Superior Court of Orange County, Case No. 30-2020-01172678-CU-PO-CJC, awarded $24,281 in attorneys' fees and costs based upon hourly rate of $450 per hour this past year. I estimate that I have prevailed on behalf of my client well in excess of ten cases using the anti-SLAPP procedure.

5. Based upon my experience, I believe $450 is a reasonable hourly rate for myself. If anything, this rate is actually on the low side for someone at my level of experience and accomplishment. The 30 hours of attorney time already spent and anticipated 5 hours required to reply to Plaintiff's expected opposition, and appear at the hearing, at that rate would equal a total



1  mandatory fee award to Attorney Weaver in the amount of $15,750.

2        6.    In assessing the nature of allegations in the operative Complaint, I knew from the
3  very beginning of our involvement on behalf of Attorney Weaver in this action that there was a very
4  high probability that we would be filing an anti-SLAPP motion under Code of Civil Procedure
5  section 425.16. Thus, I am informed and believe, and thereon declare, that all of the legal services
6  that we performed on this case, and for which we billed time (up to and including the voluntary
7  dismissal) were at least indirectly related to the anti-SLAPP motion that we prepared and filed on
8  behalf of Attorney Weaver.

9        7.    However, we are only seeking a portion of that time on this motion for fees; just the
10 time for the tasks directly related to the anti-SLAPP motion and the present motion- 30 hours, plus
11 another anticipated 5 hours addressing Plaintiff's opposition and appearing for the hearing, if any.
12 All of those hours were incurred in relation to analysis of Plaintiff's claims and formulation of
13 strategy specific to the anti-SLAPP motion, including assessment of Attorney Weaver's
14 involvement as it pertained to Plaintiff's claims, conferring with him (by telephone, and by email)
15 to understand the facts of the case, review of recent authorities, the drafting of the anti-SLAPP
16 Motion itself (including revising and finalizing), and preparation of the instant fee motion,
17 including at least 6 hours on the present motion and more than 14 hours directly preparing the
18 anti-SLAPP motion.

19       8.    I've excluded time totaling five and one half hours which was not directly related
20 to the preparation for, and of, the anti-SLAPP motion, such as time reporting case updates to my
21 clients, and addressing case management issues, including alternative dispute resolution and
22 consent to a magistrate, as well as more than two hours spent getting up to speed on developments
23 involving underlying litigation filed in Illinois.

24       9.    I record my time spent on this matter contemporaneously in increments of one-
25 tenth of an hour. A detailed time record of the services rendered and the time I expended are
26 entered by me into a computer database maintained by the firm's billing department. We bill for
27 our time, with the fee determined by multiplying the hours recorded by the hourly rate of the
28 professional. According to my records, the total number of hours I billed on this matter as of this

filing (not including time I spent on this motion) was no less than 35 hours, and we are only seeking to have those 30 hours included in the calculation of attorneys' fees to be awarded on this motion. That 30 hours is time that I actually spent between August 3, 2022 to the present working on tasks directly related to obtaining the order granting our anti-SLAPP motion.

10. On December 8, 2022, I visited the website www.laffeymatrix.com, and I printed a copy of the current Laffey Matrix. A true and correct copy of this print-out is attached hereto as Exhibit C.

11. Attached hereto as Exhibit D is a true and correct copy of email correspondence with Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 14th day of December, 2022, at Danville, California.

      /s/ Alex A. Graft
Alex A. Graft

