# Exhibit A

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
ALEX A. GRAFT, SB# 239647
    E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
ROBERT N. WEAVER, ESQ.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT, | Case No. CV22-4288-AGT |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT N. WEAVER'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16** |
| vs. | |
| FREDERICK C. FIECHTER, IV; DAVID M. ZEFF, ESQ.; ROBERT N. WEAVER, ESQ. + DOES 1 through 25, | |
| Defendants. | Date:      December 16, 2022<br>Time:      10:00 a.m.<br>Courtroom: A - 15th Floor<br>Magistrate Judge Alex G. Tse |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**TABLE OF CONTENTS**

2

Page

3  I.  INTRODUCTION.............................................................................1

4  II.  FACTUAL BACKGROUND..........................................................2

5  A.  Underlying Facts...............................................................2

6  B.  Plaintiff's Allegations Against Attorney Weaver...............4

7  III.  REQUEST FOR JUDICIAL NOTICE............................................4

8  IV.  LEGAL ARGUMENT ....................................................................5

9  A.  The Anti-SLAPP Statute Applies to Plaintiff's Claims Against Attorney Weaver......................................................5

10  1.  The Anti-SLAPP Statute Generally ......................5

11  2.  An Anti-SLAPP Motion May be Brought in Federal Court..........................................................7

12  B.  Attorney Weaver has Met His Burden Under Anti-SLAPP First Prong...................................................................7

13  C.  Plaintiffs Cannot Establish a Reasonable Probability of Success on His Claim(s) Against Attorney Weaver...........9

14  1.  Plaintiff Fails to State Facts Comprising an Actionable Claim Against Attorney Weaver.........9

15  2.  The Litigation Privilege Serves As An Absolute Bar To Plaintiff's Complaint..................10

16  3.  The Applicable Statute Of Limitations Bars Plaintiff's Claim, No Matter How it is Characterized......................................................13

17  4.  Civil Code Section 1714.10 Also Bars Plaintiff's Complaint as He Failed to Obtain Pre-Filing Authorization........................................15

18  V.  CONCLUSION..............................................................................16



1                              **TABLE OF AUTHORITIES**

2                                                                          **Page**

3

4   **STATE CASES**

5   *Alberston v. Raboff* (1956) 46 Cal.2d 375 ................................................................. 13

6   *Bergstein v. Stroock & Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793 ............................... 9

7   *Briggs v. Eden Council for Hope & Opportunity* (2009) 19 Cal.4th 1106 .................................... 9

8   *Cabral v. Martins* (2009) 177 Cal. App. 4th 471 ......................................................... 8

9   *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557 ..................................... 16

10  *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628 ......................................9, 10

11  *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394 ........................................................ 9

12  *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445 ......................................................... 18

13  *Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777 .................................... 10

14  *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 ............................................... 15

15  *Equilon Enters., LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53 ..................................... 8

16  *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599 .......................................... 17

17  *Finton Construction, Inc. v.Bidna & Keys. APLC* (2015) 238 Cal.App.4th 200, .......................... 9

18  *Friedman v. Knecht* (1967) 248 Cal.App.2d 455 .......................................................... 13

19  *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th 39 ......................................12, 14

20  *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132 ...................................................... 14

21  *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339 ..............................17, 18

22  *Laird v. Blacker* (1992) 2 Cal.4th 606 ................................................................. 16

23  *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8 ...................................................... 9

24  *McGee v. Weinberg* (1979) 97 Cal.App.3d 798 ............................................................ 15

25  *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416 ............................ 14

26  *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28 ........................................................... 7

27  *Rubin v. Green* (1993) 4 Cal.4th 1187 ................................................................. 13

28  *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048 .............................................................. 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54 ................................................................ 14

*Silberg v. Anderson* (1990) 50 Cal. 3d 205 ............................................................................. 12

*Smith v. Hatch* (1969) 271 Cal.App.2d 39 .............................................................................. 13

*State Farm General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974 ........................................... 6

*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106
Cal.App.4th 1219 .................................................................................................... 11

*Vafi v. McCloskey* (2011) 193 Cal.App.4th 874 ...................................................................... 16

*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 .............................................. 1

*Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809 ............................................................. 6

*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 ......................................... 10, 11


**FEDERAL CASES**

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ..................................................................................... 11

*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449 ........................................................................... 5

*Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006) .............................. 12, 14

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127 (N.D. Cal.
1999) ....................................................................................................................... 7

*Moss v. U.S. Secret Serv.* (9th Cir. 2009)  572 F.3d 962 ......................................................... 11

*Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997) ........................................................ 8

*Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342 .................... 15

*United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999) ........ 5, 6, 7

*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097 .................................................. 8


**STATE STATUTES**

Civil Code § 47(b)(2) ................................................................................................................ 12

Civil Code § 1714.10 ........................................................................................................... 10, 18

Civil Code § 47(b) ............................................................................................................... 12, 14

Civil Code § 1714.10 ......................................................................................................... 2, 17, 18

Civil Code §1788 ......................................................................................................................... 1



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                 iii                 Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

Code of Civil Procedure § 340.6 ...............................................................................10, 15

Code of Civil Procedure § 473 .....................................................................................3, 17

Code of Civil Procedure § 425.16 .................................................................................1, 19

Civil Code § 425.16, Subd. (b)(c) .................................................................................. 10

**FEDERAL STATUTES**

11 U.S.C. § 523 ...............................................................................................................2, 3

Federal Debt Collection Practices Act ........................................................................... 1

Federal Rules of Evidence, Rule 201 ............................................................................. 5



4876-6559-1358.1              iv             Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

I.  **INTRODUCTION**

Plaintiff CARL A. WESCOTT ("Plaintiff"), already deemed a vexatious litigant under California Code of Civil Procedure §391(b), just does not seem to get it, as here he is again in this action, pursuing unmeritorious claims, including against Defendant ROBERT N. WEAVER ("Attorney Weaver"), Plaintiff's adversary in collection proceedings against Plaintiff.  In fact, the present action is more than unmeritorious, but also SLAPP (the acronym for "strategic litigation against public participation") which is precluded under Code of Civil Procedure §425.16 ("anti-SLAPP statute")), as it is premised on Attorney Weaver's protected litigation conduct against Plaintiff.  Like so many of his prior baseless actions, the present one also has no prospects of prevailing, and therefore, should be summarily dismissed under the anti-SLAPP statute.

It is well-settled that claims premised upon the exercise of protected activity—here, Attorney Weaver's litigation conduct—fall under the purview of the anti-SLAPP statute.  Indeed, "the point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 193.)  Yet Plaintiff's Complaint seeks to hold Attorney Weaver liable for representing his client in litigation adverse to Plaintiff, activity that is directly and unequivocally protected by the anti-SLAPP statute.  Indeed, Plaintiff readily concedes that Attorney Weaver represented Defendant FREDERICK C. FIECHTER, IV ("Mr. Fiechter") "pursuing their client's debt collection via legal complaints" against Plaintiff, which is the predicate for Plaintiff's two causes of action in the Complaint for alleged violations of the Federal Debt Collection Practices Act ("FDCPA," codified at 15 U.S.C. §1692) and the Rosenthal Act, California Civil Code §1788, et. seq.  (Complaint, paragraph 35.)  The first prong under the anti-SLAPP statute is therefore met, shifting the burden to Plaintiff to produce competent, admissible evidence demonstrating a probability of prevailing.

He will never be able to do so for at least four distinct reasons:  First, because Plaintiff fails to even allege a legally cognizable claim; second, the litigation privilege bars Plaintiff's claims; third, Plaintiff's claim is barred by the statute of limitations; and fourth, Plaintiff failed to obtain pre-filing permission under Civil Code §1714.10 relating to claims of alleged conspiracy with a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   client.  Because the activities on which Plaintiff's Complaint is based constitute protected conduct

2   under the anti-SLAPP Statute, and Plaintiff cannot establish a probability of prevailing on his

3   claims, Attorney Weaver respectfully requests that the Court grant his Anti-SLAPP motion.

4   **II.     FACTUAL BACKGROUND**

5          This case arises from collection efforts by Attorney Weaver on behalf of a creditor client,

6   Mr. Fiechter, against Plaintiff, who owes Mr. Fiechter well over $2.75 million comprised of two

7   unsatisfied judgments.  (Declaration of Robert Weaver ("Weaver Decl.", ¶ 3.)  Attorney  Weaver

8   represented Fiechter in a bankruptcy and adversary proceedings against Plaintiff seeking a

9   judgment determining the amount and dischargeability of Plaintiff's debt to Fiechter.  (Id. at ¶¶ 3,

10  5, 6, 8; see also Complaint, ¶ 35.)  Defendant David Zeff ("Attorney Zeff") served as counsel for

11  Mr. Fiechter in his California collections action against Plaintiff.  (Complaint, ¶¶ 3, 39.)

12         **A.     Underlying Facts**

13         Attorney Weaver was initially retained in December of 2011 by Mr. Fiechter to assist

14  attorney Guy Kornblum in addressing a Chapter 7 bankruptcy petition filed by Plaintiff and his

15  spouse.  (Weaver Decl., ¶ 4.)  The month prior, Attorney Kornblum had filed an amended

16  complaint against Plaintiff in civil court adding fraudulent conveyance claims to the collection

17  action that had been filed on behalf of Mr. Fiechter.  (Declaration of Alex Graft ["Graft Decl."],

18  Exh. A.)  In the course of his engagement, Mr. Weaver uncovered evidence of fraud on the part of

19  Plaintiff which would support the basis for an adversary complaint establishing that the judgments

20  obtained by Mr. Fiechter against Plaintiff were not dischargeable under 11 U.S.C. § 523.  (Weaver

21  Decl., ¶ 5.)  But before he could file an adversary complaint on behalf of Mr. Fiechter on that

22  basis, Plaintiff's bankruptcy petition was dismissed due to Plaintiff's failure to file the required

23  schedules.  (Graft Decl., Exh. B.)

24         Plaintiff again filed for Chapter 7 bankruptcy on January 17, 2012 ("Underlying

25  Bankruptcy Action II"), prompting the subsequent filing of the adversary complaint by Attorney

26  Weaver, properly alleging fraud on the part of Plaintiff, and seeking a determination that

27  application of 11 U.S.C. § 523 required denial of bankruptcy discharge in favor of Plaintiff.  (Exh.

28  C to Graft Decl.)  While the adversary complaint was pending, Attorney Weaver worked closely

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                                    2                          Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

with the bankruptcy trustee and his attorney, who filed their own adversary complaint against Plaintiff and later prevailed on summary judgment. (Weaver Decl., ¶ 6; Exhs. D and E to Graft Decl.) On May 1, 2013, judgment denying discharge was entered against Plaintiff. (Graft Decl., Exh. F; Complaint, ¶ 37.) Accordingly, since discharge was denied, the adversary complaint filed by Attorney Weaver was moot. (Weaver Decl., ¶ 7.)

Meanwhile, in the civil collection action, in which Attorney Zeff was now representing Mr. Fiechter, Plaintiff's counsel withdrew. (Graft Decl., Exh. G.) The withdrawal order provided two means of contacting Plaintiff—an email address and "San Pedro Sula, Honduras." (*Ibid.*) It also specified that the next hearing in the case was set in September 2013. (*Ibid.*) The September hearing was continued by court order to late November 2013, and notice was sent by the Court to Plaintiff at both the provided address in Honduras and to his former attorney, but not to Plaintiff's email address. (Exh. H to Graft Decl.) The Court repeatedly continued the case management conference through February 2015, until it set the case for trial on June 29, 2015. (Exh. I to Graft Decl.) In March 2015, Attorney Zeff filed a request for entry of default, which was served to San Pendro Sula, Honduras, and to a San Francisco, California P.O. Box. (Ibid.; Exh. J to Graft Decl.; see also paragraph 41 to Complaint.) The clerk entered the default on March 20, 2015, and a default "prove up" hearing was subsequent scheduled. (Id.)

Plaintiff did not appear for the "prove up" hearing and, after its finding of facts to support the judgment, the Court entered a default judgment of approximately $1.5 million against Plaintiff. (Exh. K to Graft Decl.) The Notice of Entry of Judgment was served on Plaintiff at the Honduras address, a San Francisco P.O. box, and via an email address supplied by Plaintiff on contemporaneously filed federal court records. (*Ibid.*) Plaintiff became aware of the entry of the judgment, as he filed a motion to vacate the judgment pursuant to Code of Civil Procedure § 473, on November 12, 2019, which was denied in a minute order entered December 3, 2019. (Exhs. L and M to Graft Decl.)

Plaintiff again filed for bankruptcy in 2016 ("Underlying Bankruptcy Action III") - neglecting to provide notice to his creditors - and was initially granted a discharge, but Attorney Weaver later arranged with an associated counsel, located close to the court where that bankruptcy

1  action had been filed, to vacate the discharge order.  (Weaver Decl., ¶ 8; Exh. N to Graft Decl.)

2  Collection, however, continued to present difficulties, as Plaintiff owed substantial amounts of

3  spousal maintenance and child support as a result of Plaintiff's apparently contentious divorce

4  through which he maintained that he lacked any assets.  (Weaver Decl., ¶ 9.)

### B.  Plaintiff's Allegations Against Attorney Weaver

6  The only allegations which seem directed at Attorney Weaver is that he "advise[d] [Mr.]

7  Fiecther to add allegations of fraud to his legal complaint to 'bankrupt-proof' his then-future-

8  judgment" which "were false." (Complaint, ¶37, 38; see also ¶ 58 [in which Plaintiff characterizes

9  his "largest source of harm . . . lay in [Mr.] Fiechter's false allegations of fraud."]; but see ¶ 12 of

10  Weaver Decl.)  Plaintiff asserts he lost a job as a result of a "fraudulent judgment for fraud" as his

11  employer, SparkLabs, used the judgment as cover to fire Plaintiff for "whistleblowing" about SEC

12  violations.  (Complaint, ¶ 67.)  In attempting to fit his claims within the debt collection statutes, he

13  refers to "abusing the legal process" and points to the "resulting judgment" as "deceptive acts," as

14  well as "later acts to bribe the law office of opposing counsel to steal confidential and privileged

15  information were further such deceptive acts.[1]" (Complaint, ¶ 79.)

16  Of course, it cannot be disputed that it is Plaintiff who regularly uses legal process to

17  harass, and has been declared a vexatious litigant by the San Francisco Superior Court pursuant to

18  the Section 391 of the California Code of Civil Procedure for abuse of process and harassing

19  litigation.  (Exh. A to Weaver Decl. [California Vexatious Litigant List Excerpt, retrieved

20  November, 2022].)  Plaintiff has also filed no less than twenty-five cases in federal and state

21  courts throughout the country since January 2021 (Weaver Decl., Exh. B.)

## III.  REQUEST FOR JUDICIAL NOTICE

23  Pursuant to Federal Rules of Evidence, Rule 201, Attorney Weaver requests that the Court

24  take judicial notice of the following Court documents for the purpose of this Motion. (See, *Branch*

25  *v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454.)  These documents are attached to the Declaration of

---

[1]  The latter aspect of that claim lacks any context.  Its blamed on "Defendants" but no actual
facts are alleged which explain what Plaintiff means.  Needless to say, Attorney Weaver did not
"bribe" anyone and there are no facts pled that he did.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Alex A. Graft ("Graft Decl."), filed concurrently herewith:

2          Exhibit A:     Third Amended Complaint, filed November 1, 2011, in San Francisco

3   Superior Court, Case No. CGC-10-496091 ("San Francisco Action");

4          Exhibit B:     Order dismissing bankruptcy petition in United States Bankruptcy Court,

5   Northern District of California, Case No. 11-34426 DM7 ("Underlying Bankruptcy Action");

6          Exhibit C:     Adversary Complaint filed by Attorney Weaver in United States

7   Bankruptcy Court, Northern District of California, Case No. 12-30143 DM ("Underlying

8   Bankruptcy Action II");

9          Exhibit D:     Adversary Complaint filed by the bankruptcy trustee in the Underlying

10   Bankruptcy Action II;

11          Exhibit E:     Summary Judgment Order in Underlying Bankruptcy Action II;

12          Exhibit F:     Judgment denying discharge entered in Underlying Bankruptcy Action II;

13          Exhibit G:     Order authorizing withdrawal of counsel in San Francisco Action;

14          Exhibit H:     Order continuing case management conference in the San Francisco Action;

15          Exhibit I:     Excerpt of the register of actions in the San Francisco Action;

16          Exhibit J:     Request for default filed in the San Francisco Action;

17          Exhibit K:     Notice of entry of default judgment in the San Francisco Action;

18          Exhibit L:     Plaintiff request to set aside the judgment entered in the San Francisco

19   Action, and supplemental briefing;

20          Exhibit M:     Order denying request to set aside the default judgment entered in San

21   Francisco Action;

22          Exhibit N:     Judgment vacating discharge order in United States Bankruptcy Court,

23   Northern District of California, Case No. 16-10975 HLB7 ("Underlying Bankruptcy Action III").

24   **IV.**    **LEGAL ARGUMENT**

25         **A.**     **The Anti-SLAPP Statute Applies to Plaintiff's Claims Against Attorney**
26              **Weaver**

27              1.    The Anti-SLAPP Statute Generally

28   In 1992, the California Legislature enacted the anti-SLAPP statute in order to combat

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                  5                Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1  increasing use of lawsuits designed to chill "a party's constitutional right of petition." (*State Farm*

2  *General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974, 975.)  Commonly, "SLAPP suits are brought

3  to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the

4  Plaintiff."  Id. at 1126 (citing *Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809, 815-816.

5      The elements for a special motion to strike under § 425.16 are set out as follows:

6          (b)(1) A cause of action against a person arising from any act of that
           person in furtherance of the person's right of petition or free speech
7          under the United States or California Constitution in connection
           with a public issue shall be subject to a special motion to strike,
8          unless the court determines that the plaintiff has established that
           there is a probability that the plaintiff will prevail on the claim.
9
           (2) In making its determination, the court shall consider the
10         pleadings, and supporting and opposing affidavits stating the facts
           upon which the liability or defense is based.
11
           (3) If the court determines that the plaintiff has established a
12         probability that he or she will prevail on the claim, neither that
           determination nor the fact of the determination shall be admissible
13         in evidence at any later stage of the case, or in any subsequent
           action, and no burden of proof or degree of proof otherwise
14         applicable shall be effected by that determination in any later stage
           of the case or in any subsequent proceeding.
15

16     The California Legislature has defined the activities protected by the anti-SLAPP statute,

17  which includes "any written or oral statement made before a legislative, executive, or judicial

18  proceeding, or any other official proceeding authorized by law" as well "as any written or oral

19  statement or writing made in connection with an issue under consideration or review by a

20  legislative, executive, or judicial body, or any other official proceeding authorized by law" or "any

21  other conduct in furtherance of the exercise of the constitutional right of petition or the

22  constitutional right of free speech in connection with a public issue or an issue of public interest."

23  Cal. Code Civ. Proc. § 425.16(e)(1)(2) and (4).

24     Moreover, section 425.16 was amended in January 1997 to prevent conflicting

25  interpretations of the statute issued by the appellate courts.  The Legislature stated that henceforth

26  the statute "**shall be construed broadly**."  (Cal. Code Civ. Proc. § 425.16(a) (emphasis added);

27  see also *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28, 35 ["[S]tatements, writings and pleadings in

28  connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  require any showing that the litigated matter concerns a matter of public interest"].)

2             **2.**    <u>An Anti-SLAPP Motion May be Brought in Federal Court</u>

3       The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d

4  1127 (N.D. Cal. 1999), determined an anti-SLAPP statute applied in federal court:

5           With respect to the applicability of the anti-SLAPP statute to claims
         filed in federal court, the Court turns to a recent decision from the

6           Ninth Circuit, *United States v. Lockheed Missiles and Space Co.,*
         *Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held

7           that the statute was applicable to state law counterclaims asserted in
         a federal diversity action.  The Court concluded that application of

8           the statute to such claims would not result in a 'direct collision' with
         the Federal Rules.  The Court went on to perform an *Erie* analysis,

9           concluding that important substantive state interests are furthered by
         the anti-SLAPP statute, that no identifiable federal interest would be

10          undermined by applying the anti-SLAPP statute in diversity actions.
         . . The *Erie* doctrine applies to pendent state law claims to the same

11          extent it applies to state law claims before a federal court on the
         basis of diversity jurisdiction. See *Nathan v. Boeing Co.*, 116 F.3d

12          422, 423 (9th Cir.1997).

13 Accordingly, it appears under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may

14 be applied to state law claims which, as in this case, are asserted pendent to federal question

15 claims.  (*Id.* at 1129-1130; accord *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097,

16 1109 ["Motions to strike a state law claim under California's anti-SLAPP statute may be brought

17 in federal court."].)

18      **B.**    <u>Attorney Weaver has Met His Burden Under Anti-SLAPP First Prong</u>

19         Under the anti-SLAPP statute, a defendant carries the initial burden to show that the

20 plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free

21 speech." (Cal. Code Civ. Proc. § 425.16(b)(1); *Vess*, 317 F.3d at 1110.)  "The defendant need not

22 show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the

23 plaintiff's 'intentions are ultimately beside the point.'" (*Vess*, *supra.* at 1110 (quoting *Equilon*

24 *Enters., LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67).

25         As noted above, an "act" covered by the anti-SLAPP statute includes (1) "any written or

26 oral statement or writing made before a . . . judicial proceeding, or any other official proceeding

27 authorized by law; [or] (2) any written or oral statement or writing made in connection with an

28 issue under consideration or review by a . . . judicial body, or any other official proceeding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   authorized by law." (Cal. Code Civ. Proc. § 425.16(e)(1) & (2).)  Under Section 425.16(e)(1) and

2   (2) therefore, "all communicative acts performed by attorneys as part of their representation of a

3   client in a judicial proceeding or other petitioning context are per se protected as petitioning

4   activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal. App. 4th 471, 480; see

5   also *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048, 1056 [anti-SLAPP statute protects

6   "communicative conduct such as the filing, funding, and prosecution of a civil action," including

7   such acts when "committed by attorneys in representing clients in litigation"].)  It is, in fact, well-

8   settled that claims based on "litigation activity" are subject to the anti-SLAPP statute. (*Church of

9   Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648, emphasis added ["A cause of action

10  'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16

11  motion to strike."].)  The anti-SLAPP statute specifically applies to "any act...in furtherance of

12  the...right [to] petition." (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 19; see also,

13  *Rusheen*, *supra.* at 1056 ["Any act" includes communicative conduct such as the filing, funding,

14  and prosecution of a civil action."].)  Further, statements protected under the litigation privilege

15  (discussed below) are "equally entitled to the benefits of section 425.16." (*Briggs v. Eden Council

16  for Hope & Opportunity* (2009) 19 Cal.4th 1106, 1115.)

17      Here, Plaintiff's claim is premised wholly upon protected conduct, as it seeks to impose

18  liability on Attorney Weaver for "advis[ing] [Mr.] Fiecther to add allegations of fraud to his legal

19  complaint to 'bankrupt-proof' his then-future-judgment." (Complaint, ¶¶ 37, 38.)  The advising of

20  a client regarding the content of pleadings and representation of a client in litigation is prototypical

21  protected conduct under the anti-SLAPP statute. [2]  Thus, the burden shifts to Plaintiff to establish a

22  probability of prevailing on the merits.  As set forth below, Plaintiff cannot make this showing.

23

24

---

25  [2]  Plaintiff may contend that Attorney Weaver cannot be protected from advising a client to
    include "false" allegations, as he alleged (see ¶ 38 to Complaint), but he would be wrong.  As the

26  Court explained in *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394, 414, "conduct that would
    otherwise come within the scope of the anti-SLAPP statute does not lose its coverage … simply

27  because it is alleged to have been unlawful or unethical."  (See also *Bergstein v. Stroock &
    Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793, 805 [allegedly tortious activity "centered in

28  defendants' role as counsel" was protected litigation activity]; *Finton Construction, Inc. v. Bidna &
    Keys, APLC* (2015) 238 Cal.App.4th 200, 210.)


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                                    8                        Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

**C.** **Plaintiffs Cannot Establish a Reasonable Probability of Success on His Claim(s) Against Attorney Weaver**

Under the anti-SLAPP Statute, once a defendant shows that a lawsuit arises from protected conduct, the burden shifts to plaintiff to establish a probability that he will prevail on the claims asserted against the defendant. (*Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777, 784-785.) To meet that burden, the plaintiff must produce competent, admissible evidence supporting his or her claims. (*Church of Scientology, supra*, 42 Cal.App.4th at 658.) A plaintiff cannot rely on allegations in a complaint to satisfy his burden. (*Id.* at 656.)

Although plaintiff has the burden of proof as to the probability of prevailing, evidence presented by the defendant remains relevant, as the California Supreme Court explained in *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821:

> In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff **and the defendant**. (Section 425.16, Subd. (b)(c).) Though the court does not weigh the credibility or comparative probative strength of competing evidence, **it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim**.

(emphasis added.)

Here, Plaintiff's claim against Attorney Weaver fails as a matter of law on at least four independent grounds: because (1) Plaintiff fails to even allege a legally cognizable claim, (2) the litigation privilege serves as an absolute bar to Plaintiff's claim, (3) Plaintiff's claim is barred by the statute of limitations set forth in Cal. Code of Civil Procedure § 340.6, and (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code § 1714.10 relating to claims of conspiracy with a client.

**1.** **Plaintiff Fails to State Facts Comprising an Actionable Claim Against Attorney Weaver**

In addition to the substantive and procedural deficiencies detailed below, each of which prevent Plaintiff from establishing a probability of prevailing on his claim(s), Plaintiff has also failed to even present a "legally sufficient" Complaint, let alone a Complaint which can be substantiated with actual evidence. (See *Wilson, supra*, 28 Cal.4th at 821.) Of course, a plaintiff

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1   must both "state and substantiate" a cause of action to survive an anti-SLAPP motion.  (*Tuchscher*

2   *Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106 Cal.App.4th 1219,

3   1235.)  But Plaintiff's Complaint does not intelligibly allege a cause of action against Attorney

4   Weaver, nor any facts which could comprise a legally cognizable claim.

5        A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the

6   elements of a cause of action will not do." (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678; see also

7   *Moss v. U.S. Secret Serv.* (9th Cir. 2009)  572 F.3d 962, 969.)  Yet Plaintiff's causes of action are

8   nothing but legal recitals about "deceptive acts" or "fraud" without identifying any facts which

9   actually indicate any other wrongdoing.  Certainly, for reasons discussed above, the filing of

10  pleadings, or advise in connection therewith, is not, itself, grounds for liability.

11       Put another way, the full extent of allegations against Attorney Weaver are included within

12  paragraphs 36-38, and 67 and none of those allegations actually demonstrate any wrongdoing in

13  anything other than conclusory terms.  Discounting Plaintiff's conclusory allegations leaves the

14  Court with nothing which can form a cause of action[3].  Thus, not only is Plaintiff's claim(s)

15  against Attorney Weaver barred by the litigation privilege, and the statute of limitations, and

16  lacking in substantive merit, but it also fails to even meet the threshold of alleging a claim, leaving

17  Plaintiff with no possibility of establishing a probability of prevailing.

18              2.    The Litigation Privilege Serves As An Absolute Bar To Plaintiff's
                     Complaint
19

20       A publication or broadcast made in any judicial proceeding is absolutely privileged

21  according to California law.  (Cal. Civ. Code § 47(b)(2) ["A privileged publication or broadcast is

22  one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . ."].)  This "litigation privilege" affords

23  litigants and witnesses unfettered access to the court without fear of being harassed by derivative

24  tort actions.  (*Silberg v. Anderson* (1990) 50 Cal. 3d 205.)  Although originally enacted with

25  reference to defamation, the privilege is now held applicable to any communication, whether or

26  not it amounts to publication, **and to all torts except malicious prosecution**:

27

28  _____
[3]  Plaintiff's failure to even *plead* a claim underscores his inability to actual *substantiate* such a
    claim with actual evidence.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  In furtherance of the public policy purposes it is designed to serve,
   the **privilege described by § 47(2) has been given broad**
2  **application**. Although originally enacted with reference to
   defamation (citations), the privilege is now held applicable to any
3  communication, whether or not it amounts to a publication
   (citations), and **all torts** except malicious prosecution. (Citations.)

4

5  (*Silberg, supra*. at 211-212, emphasis added; see also *Flores v. Emerich & Fike*, 416 F. Supp. 2d

6  885, 900 (E.D. Cal. 2006); see also *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th

7  39.)

8      In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements

9  made in the furtherance of justice. The California Supreme Court rejected the application of an

10  "interest of justice" test because such a test was "***inconsistent with the absolute nature of the***

11  ***litigation privilege*** and its underlying policy purposes." (Id. at p. 209; emphasis added.)  The

12  *Silberg* decision discusses the important policy concerns furthered by the litigation privilege.

13  The principle purpose of § 47(2) is to afford litigants and witnesses
    the utmost freedom of access to the courts without fear of being
14  harassed subsequently by ***derivative tort actions***. (Citations.) . . . .

15  Given the importance to our justice system of ***insuring free access***
    ***to the courts***, promoting complete and truthful testimony,
16  encouraging zealous advocacy, giving finality to judgments, and
    ***avoiding unending litigation***, it is not surprising that § 47(2), the
17  litigation privilege, has been referred to as 'the backbone to an
    effective and smoothly operating judicial system.' (Citation.) . . . .

18
    ***To effectuate its vital purposes, the litigation privilege is held to be***
19  ***absolute in nature***.

20  (*Id.* at 213-215, emphasis added.)  Along similar lines, in *Friedman v. Knecht* (1967) 248

21  Cal.App.2d 455, the Court of Appeal held that any doubt as to the application of the litigation

22  privilege should be resolved in favor of the defendant.

23  ***At all events, it is held that doubts are to be resolved in favor of***
    ***relevancy and pertinency***; that is to say, the matter to which the
24  privilege does not extend must be so palpably wanting in relation to
    the subject matter of the controversy that there can be no reasonable
25  doubt of its impropriety.  If the privilege is worth having, its purpose
    would be largely defeated if it were to vanish simply because one
26  possible meaning of a statement made during judicial proceedings
    does not relate to them.

27

28  (emphasis added.)



4876-6559-1358.1

11                                    Case No. CV22-4288-AGT

MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1    The courts have accordingly given broad application to the litigation privilege. "To be

2    privileged under subdivision 2 of §47, the matter need not be relevant, pertinent or material to any

3    issue before the court, it only need have some connection or some relation to the judicial

4    proceeding." (*Smith v. Hatch* (1969) 271 Cal.App.2d 39, 46.)  In *Rubin v. Green* (1993) 4 Cal.4th

5    1187, the California Supreme Court similarly held:

6    > For well over a century, communications with 'some relation' to
     > judicial proceedings have been ***absolutely immune from tort***
7    > ***liability*** by the privilege codified as section 47 (b). At least since
     > then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46
8    > Cal.2d 375, California courts have given the privilege an expansive
     > reach. . . .
9
     > In light of this extensive history, it is late in the day to contend that
10   > communications with 'some relation' to an anticipated lawsuit are
     > not within the privilege.
11

12   (*Id.* at 1193-1194, emphasis added; see also *Flores*, 416 F. Supp. 2d at 899.)  Accordingly, in

13   *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416, 1430, the appellate

14   court held that a party's perjurious declaration and personal e-mails were within the scope of the

15   litigation privilege because they related to potential and actual litigation, despite Plaintiff's

16   contention that both communications qualified as tortious conduct.  In fact, as the Court noted in

17   *Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54, "[b]ecause the privilege applies without

18   regard to malice or evil motives, it has been characterized as absolute."  In *Hagberg v. California*

19   *Federal Bank FSB* (2004) 32 Cal.4th 39, the California Supreme Court held that a bank

20   employee's statements to the police regarding a customer's possession of an alleged counterfeit

21   check were absolutely privileged.  Likewise, in *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132,

22   1142, the Court noted that even committing a fraud upon the Court is protected by the litigation

23   privilege:  "While we by no means condone intentionally deceptive conduct before the courts, the

24   litigation privilege is absolute."].)

25    Here, Plaintiff contends Attorney Weaver advised his client to include a "false" allegation

26   in a complaint against him.  While not true, it is ultimately immaterial as the litigation privilege

27   would extend to Attorney Weaver even if the allegation he advised to include was false.  (See

28   Weaver Decl., ¶12; see also *Herterich*, *supra*.)  Same is true for "abusing the legal process" and/or


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  "deceptive conduct" leading to the "resulting judgment" all of which still consist of

2  communicative acts undertaken in direct connection with litigation.  Accordingly, Plaintiff's

3  unabashed attempt to hold Attorney Weaver liable for merely representing a client in a judicial

4  proceeding is precisely the type of claim that is barred by the litigation privilege set forth in Civil

5  Code § 47(b).

6           3.     <u>The Applicable Statute Of Limitations Bars Plaintiff's Claim, No Matter How it is Characterized</u>

7

8         Statutes of limitations are the legislative enactments of a public policy "designed to

9  promote justice and prevent the assertion of stale claims after the lapse of long periods of time."

10  (*McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 804.)  As the United States Supreme Court

11  explained in *Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342, 349:

12  "[t]he theory is that even if one has a just claim, it is unjust not to put the adversary on notice to

13  defend within the period of limitation and that the right to be free of stale claims in time comes to

14  prevail over the right to prosecute them."  (See also *Duran v. St. Luke's Hospital* (2003) 114

15  Cal.App.4th 457 [statute of limitations strictly enforced even though plaintiff was only one day

16  late due to $3 deficiency with court filing fee].)

17         Code of Civil Procedure § 340.6, subdivision (a) provides that:

18           (a)       An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of

19  professional services shall be commenced **within one year after the plaintiff discovers, or through the use of reasonable diligence**

20  **should have discovered, the facts giving rise to the wrongful act or omission**, or four years from the date of the wrongful act or

21  omission, whichever occurs first.  In no event shall the time for commencement of legal action exceed four years except that the

22  period shall be tolled during the time that any of the following exist:

23           (1)  The plaintiff has not sustained actual injury[;]

24           (2)  The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged

25  wrongful act or omission occurred[;]

26           (3)  The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the

27  attorney, except that this subdivision shall toll only the four-year limitation[;]

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                    13               Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1          (4)  The plaintiff is under a legal or physical disability which
      restricts the plaintiff's ability to commence legal action.

2

3          (5) A dispute between the lawyer and client concerning fees,
      costs, or both is pending resolution under Article 13
      (commencing with Section 6200) of Chapter 4 of Division 3

4          of the Business and Professions Code . . .

5    (Emphasis added.)  The enumerated tolling provisions set forth in CCP §340.6 are the **sole**

6    grounds to toll the limitations period.  (*Laird v. Blacker* (1992) 2 Cal.4th 606, 618.)  In *Laird*, the

7    Supreme Court expressly held that:

8          Section 340.6, subdivision (a), states that 'in no event' shall the
      prescriptive period be tolled except under those circumstances

9          specified in the statute.  Thus, **the Legislature expressly intended
      to disallow tolling under any circumstances not enumerated in**

10         **the statute**.

11   (*Id.* at 618, emphasis added.)

12         "Based on its plain language, § 340.6 applies to all actions, except those for actual fraud,

13   brought against an attorney 'for a wrongful act or omission' which arise 'in the performance of

14   professional services.'"  (See *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 881.)  In *Vafi*, the

15   Court of Appeal expressly rejected the assertion that §340.6 was limited to claims of malpractice

16   by an aggrieved client:

17         If the Legislature wanted to limit the reach of section 340.6 to
      malpractice actions between clients and attorneys, it could easily

18         have done so. Absent express legislative intent that it meant client
      when it used the word plaintiff or that it meant malpractice when it

19         referred to a wrongful act or omission, we are left only to interpret
      the plain meaning of the words in the statute. [Citation.]  In any

20         event, courts have consistently applied section 340.6 to various tort
      and contract actions.

21

22   (*Id.* at 882-83; see also, e.g., *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th

23   557, 567, fn 5 [recognizing that a negligent infliction of emotional distress claim is barred by the

24   legal malpractice statute of limitations because the limitations period applies to "all cases other

25   than actual fraud."].)

26         Plaintiff's allegations assert Attorney Weaver advised his client, Mr. Fiechter to amend the

27   underlying complaint to include fraud claims.  That amended complaint was filed in 2011.  (Exh.

28   A to Graft Decl.)  Moreover, the subject judgment that Plaintiff characterizes as "fraudulent" was



entered in 2015, and Plaintiff exhibited his discovery of the judgment through his failed attempt to set it aside its entry under Code of Civil Procedure § 473 in 2019.  (Exhs L and M to Graft Decl.) Plaintiff unquestionably was aware of the facts constituting his claims against Attorney Weaver no later than his failed attempt to set aside the judgment he claims was procured by fraud, back in 2019.  (Id.)

Any alleged actual injury also must have occurred by the time the judgment was entered and Plaintiff was unable to set it aside, again, in 2019.  (Exh. M to Graft Decl.)  There is also no other basis to establish tolling, whether on continuous representation grounds (Attorney Weaver having never represented Plaintiff) or either of the three other enumerated tolling bases (willful concealment only applies to the four year limitations period by its own terms, no disability is contended, nor could there have been any fee litigation, again because Attorney Weaver never represented Plaintiff).

Because Plaintiff cannot establish any basis for tolling, the statute of limitations had to commence by or before 2019 (probably well before 2015, to be sure), at the latest when Plaintiff sought to set aside the judgment unsuccessfully.  Yet, Plaintiff did not file his Complaint until July 2022, years after the one-year (and also four year) statute of limitations had expired.   Thus, the applicable statute of limitations also bars Plaintiff's claim against Attorney Weaver.

### 4. Civil Code Section 1714.10 Also Bars Plaintiff's Complaint as He Failed to Obtain Pre-Filing Authorization

Civil Code §1714.10  prohibits the filing of a claim alleging a conspiracy between an attorney and his or her client arising from any attempt to contest or compromise a claim or dispute, based upon the attorney's representation of a client, absent a pre-filing order.  Absent compliance, the pleading is defective and subject to dismissal.  (See also *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339, 1352 [finding section 1714.10 applicable to claim of conspiracy].)

In *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599, 604, the court explained that:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1
15
Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1          Section 1714.10 was intended to weed out the harassing claim of
2          conspiracy that is so lacking in reasonable foundation as to verge on
           the frivolous. [Citation] The weeding tool is the requirement of
3          prefiling approval by the court, which must be presented with a
           verified petition accompanied by a copy of the proposed pleading
4          and "supporting affidavits stating the facts upon which the liability
           is based"; the pleading is not to be filed until the court has
5          determined . . . the party seeking to file the pleading has established
           that there is a reasonable probability that the party will prevail in the
6          action.

7       Importantly, Civil Code § 1714.10's application is not limited to expressly-pled claims of

8 "conspiracy," but applies to any allegation that an attorney jointly participated in wrongful

9 conduct with a client. (See *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 455 [noting rule

10 applies "without regard to the labels attached to the cause of action or whether the word

11 'conspiracy'—having no talismanic significance—appears in them" and applying Civil Code

12 §1714.10 to claim for active participation in breach of trust].)

13       Here, Plaintiff's claims against Attorney Weaver falls firmly within the confines of

14 §1714.10/agent's immunity rule. The claim is premised entirely on Attorney Weaver's conduct

15 representing a client, Mr. Fiechter, in connection with enforcing the outstanding judgment owed

16 by Plaintiff to Attorney Weaver's client. Section 1714.10 consequently bars the claim unless

17 Plaintiff can establish an exception. There are only two limited exceptions to Civil Code

18 §1714.10: (1) where the agent breaches an independent legal duty owed to the plaintiff or (2) the

19 agent's acts go beyond the performance of a professional duty to the principal and involved a

20 conspiracy to violate a legal duty in furtherance of the agent's personal financial gain. (See *Klotz*,

21 *supra*, 238 Cal.App.4th at 1351.) Neither applies here.

22 **V.**    <u>**CONCLUSION**</u>

23       Plaintiff's Complaint is precisely the type of suit which the anti-SLAPP statute is intended

24 to address as Plaintiff seeks to hold Attorney Weaver liable for acts undertaken when representing

25 a client adverse to Plaintiff. Where, as here, Plaintiff cannot show a reasonable probability of

26 prevailing on his claim, the Court must strike the Complaint under C.C.P. §425.16, and Attorney

27 Weaver should be deemed prevailing party.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4876-6559-1358.1                 16               Case No. CV22-4288-AGT
MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1   DATED: November 16, 2022       LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                           By:       */s/ Alex A. Graft*

                                   ALEX A. GRAFT

5                                    Attorneys for Defendant

                                   ROBERT N. WEAVER, ESQ.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



MPA ISO OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    ALEX A. GRAFT, SB# 239647
2     E-Mail: Alex.Graft@lewisbrisbois.com
    45 Fremont Street, Suite 3000
3   San Francisco, California 94105
    Telephone: 415.362.2580
4   Facsimile:  415.434.0882

5   Attorneys for Defendant
    ROBERT N. WEAVER, ESQ.

6

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  CARL A. WESCOTT,                          Case No. CV22-4288-AGT

12            Plaintiff,                      **DECLARATION OF ROBERT N.**
                                              **WEAVER, ESQ. IN SUPPORT OF**
13       vs.                                  **DEFENDANT ROBERT N. WEAVER,**
                                              **ESQ.'S SPECIAL MOTION TO STRIKE**
14  FREDERICK C. FIECHTER, IV;                **(ANTI-SLAPP) PLAINTIFF'S**
    DAVID M. ZEFF, ESQ.;                      **COMPLAINT PURSUANT TO CAL.**
15  ROBERT N. WEAVER, ESQ. + DOES 1           **CODE OF CIVIL PROCEDURE § 425.16**
    through 25,
16                                            Date:        December 16, 2022
              Defendants.                     Time:        10:00 a.m.
17                                            Courtroom: A - 15th Floor
                                              Magistrate Judge Alex G. Tse
18

19              <u>**DECLARATION OF ROBERT N. WEAVER, ESQ.**</u>

20       I, ROBERT N. WEAVER, ESQ., declare as follows:

21       1.      I am a party in the above-entitled action.

22       2.      I have personal knowledge of the facts set forth herein, and if called as a witness to

23  testify thereto, I could competently and truthfully do so.

24       3.      I previously represented Defendant FREDERICK C. FIECHTER, IV ("Mr.

25  Fiechter"), a creditor of Plaintiff CARL A. WESCOTT ("Plaintiff"), in a bankruptcy and

26  adversary proceedings against Plaintiff seeking a judgment determining the amount and

27  dischargeability of Plaintiff's debt to Mr. Fiechter.  At present, Plaintiff owes Mr. Fiechter well

28  over $2.75 million comprised of two unsatisfied judgments.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    4.    I was initially retained in December of 2011 by Mr. Fiechter to assist attorney Guy

2    Kornblum in addressing a Chapter 7 bankruptcy petition filed by Plaintiff and his spouse.

3    5.    In the course of his engagement, I uncovered evidence of fraud on the part of

4    Plaintiff which would support the basis for an adversary complaint establishing that the judgments

5    obtained by Mr. Fiechter against Plaintiff were not dischargeable under 11 U.S.C. §523.  I

6    ultimately caused an adversary complaint to be filed on that basis.

7    6.    While the adversary case was pending, I worked closely with the bankruptcy

8    trustee and her attorney, who filed their own adversary complaint against Plaintiff to deny

9    discharge.  The trustee later prevailed on summary judgment and Mr. Wescott was denied his

10   bankruptcy discharge.

11   7.    Since discharge was denied, I did not proceed with the adversary complaint

12   because the relief I had sought was mooted.

13   8.    Plaintiff again filed for bankruptcy in 2016 (neglecting to provide notice to his

14   creditors), and was initially granted a discharge, but I arranged with an associated counsel, located

15   close to the court where that bankruptcy action had been filed, to vacate the discharge order as it

16   applied to Mr. Fiechter.

17   9.    Collection on behalf of Mr. Fiechter, however, continued to present difficulties, as

18   Plaintiff owed substantial amounts of spousal maintenance and child support as a result of

19   Plaintiff's apparently contentious divorce.  In the aftermath of the divorce and bankruptcy

20   proceedings, he maintained that he lacked any significant assets.

21   10.    I'm aware that Plaintiff has been declared a vexatious litigant by the San Francisco

22   Superior Court pursuant to Section 391 of the California Code of Civil Procedure for abuse of

23   process and harassing litigation.   Attached hereto as **Exhibit A** is a copy of a current vexatious

24   litigant list maintained by the office of the judicial council, which I retrieved this month.

25   11.    I'm also aware that Plaintiff has filed no less than twenty-five cases in federal cases

26   throughout the country since January 2021. Attached hereto as **Exhibit B** is a true and correct

27   copy of a list of actions filed by Plaintiff, which I obtained using PACER.  He has also filed at

28   least ten other federal cases before 2021.   In addition to this he has filed score of cases in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-2278-0734.1                                    2                        Case No. CV22-4288-AGT
DECLARATION OF ROBERT N. WEAVER, ESQ. IN SUPPORT OF DEFENDANT ROBERT N. WEAVER,
ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT

California State Courts in the same period of time. Mr. Wescott has obtained relief to proceed in many (if not most) of the cases *in forma pauperis*.

12.     I have never advised Mr. Fiechter to include a "false" allegation in a complaint against Plaintiff. As alleged in the adversary complaint which I prepared, my investigation of the transactions between Plaintiff and Mr. Fiechter revealed that Plaintiff had acted fraudulently to secure substantial amounts of money from Mr. Fiechter. This was a basis to deny Plaintiff a bankruptcy discharged pursuant to 13 U.S.C.§523.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 15th day of November, 2022, at San Francisco, California.

Robert N. Weaver, Esq.

DECLARATION OF ROBERT N. WEAVER, ESQ. IN SUPPORT OF DEFENDANT ROBERT N. WEAVER, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit A

VEXATIOUS LITIGANT LIST
From Prefiling Orders Received from California Courts
Prepared and Maintained by the Judicial Council of California
(Orders prohibiting future filings entered through November 1, 2022)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| WANG | George | | Solano Superior Court | FCM159141 | 06/15/21 | aka Chang Wang |
| WANG | George | | Solano Superior Court | FCS054835 | 06/15/21 | aka Chang Wang |
| WANG | Julie | | San Francisco Superior Court | 457890 | 09/23/08 | |
| WANG | Kailin | | San Francisco Superior Court | FDV19814465 | 01/05/21 | |
| WANG | Loli | Victoria | Alameda Superior Court | RG07324365 | 08/14/07 | |
| WANG | Yen | | Solano Superior Court | FCS050690 | 06/15/21 | |
| WANG | Yen | | Solano Superior Court | FCS054835 | 06/15/21 | |
| WANG | Yen | | Solano Superior Court | FCM167700 | 06/15/21 | |
| WANVEER | Lloyd | Marston | San Francisco Superior Court | 964377 | 10/03/95 | |
| WANVEER | Paul | Thomas | San Francisco Superior Court | 964377 | 10/03/95 | |
| WARREN | Richard | | Los Angeles Superior Court | LC61078 | 09/13/02 | |
| WASHINGTON | Roderick | | Court of Appeal, 5th Dist | F050010 | 05/23/06 | |
| WATERS | B. | Benedict | Los Angeles Superior Court | WEC117069 | 03/30/93 | |
| WATERS | B. | Benedict | Los Angeles Superior Court | WEC127394 | 03/30/93 | |
| WATKINS | Michael | W. | San Bernardino Superior Court | VFLVS032196 | 10/20/05 | |
| WATSON | Catherine | Herrera | San Francisco Superior Court | CGC-18-572340 | 06/02/21 | |
| WATSON | Ruby | | San Diego Superior Court | 693308 | 01/26/96 | |
| WEARY | LaColya | | Los Angeles Superior Court | BC019253 | 10/31/91 | |
| WEBB | Arthur | | San Francisco Superior Court | CGC08480801 | 02/10/10 | |
| WEBB | Michael | | El Dorado Superior Court | PFL20170238 | 10/01/20 | |
| WEBBER | Victor | | Santa Clara Superior Court | 1-01-FL-102682 | 12/12/14 | |
| WEI | Claude | | San Diego Superior Court | 37201400010974CLUDCTL | 07/10/14 | |
| WEINER | Lawrence | | Marin Superior Court | 153501 | 08/06/92 | |
| WEINER | Lawrence | | Marin Superior Court | CV085041 | 11/10/08 | |
| WEISS | Michael | | Orange County Superior Court | 30200900331535-PR-PW-CJC | 08/16/17 | |
| WEISS | Valerie | S. | San Diego Superior Court | 695486 | 03/12/96 | |
| WEITZMAN | Arin | Karol | Alameda Superior Court | RG08417951 | 01/27/09 | |
| WELCH (J-07488) | Eugene | Everett | Amador Superior Court | 09CV5842 | 10/15/10 | |
| WELCH | Martha | M. | San Diego Superior Court | 37201700007841CUCRCTL | 12/19/17 | |
| WELCH-BROWN | Gaye | | Sacramento Superior Court | 07AS01921 | 10/22/07 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL983906 | 03/30/00 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL951401 | 03/30/00 | |
| WELLS | Frank | | Los Angeles (Beverly Hills) Muni | BC518694 | 07/17/14 | |
| WELLS | Lorraine | Althea | Los Angeles (Beverly Hills) Muni | 97U00788 | 10/30/98 | |
| WELLS | William | G. | Court of Appeal, 2nd Dist, Div 2 | B235019 | 12/12/12 | |
| WELSH | Joyce | L. | Contra Costa Superior Court | D0500622 | 05/17/07 | Order states specifics. |
| WELSH | Michael | | Los Angeles Superior Court | EC10390 | 01/06/93 | |
| WESCOTT | Carl | A. | San Francisco Superior Court | FDI14781666 | 05/01/17 | |
| WEST | Anthony | E. | Los Angeles Superior Court | BC714698 | 09/26/19 | |
| WESTIN | Bruce | | Los Angeles Superior Court | YC053041 | 01/22/07 | |
| WESTOVER | Heather | D. | El Dorado Superior Court | SC 20140146 | 11/09/15 | |
| WETZEL | John | Louis | Los Angeles Superior Court | LC018140 | 01/19/93 | |
| WHEELER | John | Frederick | Kern Superior Court | S1500CV264196 | 03/30/09 | |
| WHEELER | Lorenzo | | Los Angeles Superior Court | LC100357 | 04/17/14 | |
| WHITAKER | Fred | A. | Alameda Superior Court | 6873200 | 11/22/91 | |
| WHITAKER | Fred | A. | Court of Appeal, 1st Dist, Div 4 | A057347 | 05/06/92 | |
| WHITE | Arin | | Butte Superior Court | FL041159 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL040850 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL041076 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL039776 | 01/26/12 | |

# Exhibit B

🛈 **PACER Maintenance, 11/13/2022**

Our systems will undergo maintenance on Sunday, November 13, 2022 , from 5:00 a.m. to 4:00 p.m. ET. Access to certain portions of this site may be temporarily unavailable.

An official website of the United States government.  Here's how you know. ⌄                                           Log in to PACER Systems →

 Party Search Results

**Search Criteria:** Party Search; Last Name: [Wescott]; First Name: [Carl]
**Result Count:** 60 (2 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Wescott, Carl | 0:1998cr10153 | Rich, et al v. West Communication, et al | U.S. Court Of Appeals, Fifth Circuit | 02/10/1998 | 07/09/1998 |
| Wescott, Carl (pla) | 3:2020cv06456 | Wescott v. Crowe et al | California Northern District Court | 09/16/2020 | |
| Wescott, Carl (pla) | 3:2021cv00319 | Wescott v. Martin et al | Florida Middle District Court | 03/22/2021 | 07/16/2021 |
| Wescott, Carl &quot;Kalle&quot; (pla) | 3:2017cv07371 | Wescott v. Bushnell et al | California Northern District Court | 12/29/2017 | 05/14/2018 |
| Wescott, Carl A (pla) | 1:2021cv00040 | Wescott v. Global Accelerator Network, LLC et al | Colorado District Court | 01/07/2021 | 06/17/2021 |
| Wescott, Carl A (pla) | 3:2019cv05898 | Wescott v. Upshaw et al | Washington Western District Court | 09/24/2019 | 01/08/2020 |
| Wescott, Carl A (pla) | 3:2020cv05442 | Wescott v. Upshaw et al | Washington Western District Court | 05/11/2020 | 09/14/2020 |
| Wescott, Carl A. (pla) | 2:2022cv01615 | Carl A. Wescott v. Jessica Jackley et al | California Central District Court | 03/09/2022 | 10/04/2022 |
| Wescott, Carl A. (pla) | 2:2022cv08029 | Carl A. Wescott v. Mr. Jay Caplan et al | California Central District Court | 11/02/2022 | |
| Wescott, Carl A. (pla) | 2:2021cv09975 | Carl A. Wescott v. Alex Kaay et al | California Central District Court | 12/27/2021 | |
| Wescott, Carl A. (pla) | 2:2022cv00677 | Carl A. Wescott v. Kathy Fettke et al | California Central District Court | 01/28/2022 | 03/08/2022 |
| Wescott, Carl A. (dft) | 2:2012cv00734 | ATAIN Specialty Insurance Co. v. River Heights Condos, et al., | California Eastern District Court | 03/22/2012 | 03/22/2013 |
| Wescott, Carl A. (pla) | 2:2022cv00179 | (PS) Wescott v. Yee | California Eastern District Court | 01/27/2022 | 05/03/2022 |
| Wescott, Carl A. (dft) | 3:2012ap03086 | Hoskins and Pook Snook Dook Limited Partnership | California Northern Bankruptcy Court | 05/21/2012 | 07/10/2015 |
| Wescott, Carl A. (pla) | 4:2019cv02084 | Wescott v. Smith et al | California Northern District Court | 04/17/2019 | 06/26/2019 |
| Wescott, Carl A. (pla) | 3:2021cv09200 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al | California Northern District Court | 11/29/2021 | 09/21/2022 |
| Wescott, Carl A. (pla) | 3:2021cv10011 | Wescott v. Daniel et al | California Northern District Court | 12/28/2021 | 07/06/2022 |
| Wescott, Carl A. (pla) | 3:2022cv00067 | Wescott v. Beresford Corporation et al | California Northern District Court | 01/05/2022 | 04/20/2022 |
| Wescott, Carl A. (pla) | 3:2022cv00070 | Wescott v. Matusow et al | California Northern District Court | 01/05/2022 | |
| Wescott, Carl A. (pla) | 3:2022cv00543 | Wescott v. Block | California Northern District Court | 01/27/2022 | |
| Wescott, Carl A. (pla) | 3:2022cv02682 | Wescott v. Yee | California Northern District Court | 05/04/2022 | 08/01/2022 |
| Wescott, Carl A. (pla) | 3:2022cv04288 | Wescott v. Weaver et al | California Northern District Court | 07/25/2022 | |
| Wescott, Carl A. (pla) | 4:2022cv04651 | Wescott v. Dunn et al | California Northern District Court | 08/05/2022 | |

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Wescott, Carl A. (pla) | 1:2021cv00462 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al | Delaware District Court | 03/29/2021 | 11/09/2021 |
| Wescott, Carl A. (pla) | 1:2022cv01435 | Wescott v. Summerbio, LLC et al | Delaware District Court | 10/31/2022 | |
| Wescott, Carl A. (pla) | 3:2021cv00318 | Wescott v. Simonetta | Florida Middle District Court | 03/22/2021 | 08/11/2021 |
| Wescott, Carl A. (pla) | 1:2022cv00399 | Wescott v. First American Financial Corporation et al | Illinois Northern District Court | 01/24/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00442 | Wescott v. United Airlines et al | Illinois Northern District Court | 01/21/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00714 | Wescott v. Block et al | Illinois Northern District Court | 02/08/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv04170 | Wescott v. Block et al | Illinois Northern District Court | 08/03/2022 | |
| Wescott, Carl A. (pla) | 1:2022cv00785 | Wescott v. Russ et al | Texas Western District Court | 08/04/2022 | |
| Wescott, Carl Alexander (db) | 3:2011bk34426 | Carl Alexander Wescott | California Northern Bankruptcy Court | 12/13/2011 | 01/17/2012 |
| Wescott, Carl Alexander (db) | 3:2012bk30143 | Carl Alexander Wescott and Monette Rosemarie Stephens | California Northern Bankruptcy Court | 01/17/2012 | 07/15/2016 |
| Wescott, Carl Alexander (dft) | 3:2012ap03057 | Fiechter and Wescott | California Northern Bankruptcy Court | 04/20/2012 | 05/22/2013 |
| Wescott, Carl Alexander (dft) | 3:2012ap03058 | Kirk and Wescott | California Northern Bankruptcy Court | 04/20/2012 | 05/22/2013 |
| Wescott, Carl Alexander (dft) | 3:2012ap03062 | Quality Housing Solutions, LLC and Wescott | California Northern Bankruptcy Court | 04/23/2012 | 07/19/2012 |
| Wescott, Carl Alexander (dft) | 3:2012ap03148 | Hoskins and Wescott | California Northern Bankruptcy Court | 10/15/2012 | 01/13/2015 |
| Wescott, Carl Alexander (db) | 1:2016bk10905 | Carl Alexander Wescott | California Northern Bankruptcy Court | 10/24/2016 | 11/30/2016 |
| Wescott, Carl Alexander (db) | 1:2016bk10975 | Carl Alexander Wescott | California Northern Bankruptcy Court | 11/14/2016 | 09/05/2019 |
| Wescott, Carl Alexander (dft) | 3:2017ap03015 | S.C. Anderson, Inc and Wescott | California Northern Bankruptcy Court | 02/13/2017 | 02/07/2019 |
| Wescott, Carl Alexander (pla) | 3:2017ap03034 | Wescott and Arnovick | California Northern Bankruptcy Court | 05/26/2017 | 09/29/2017 |
| Wescott, Carl Alexander (pla) | 3:2017ap03038 | Wescott and City of San Francisco | California Northern Bankruptcy Court | 06/07/2017 | 04/09/2019 |
| Wescott, Carl Alexander (pla) | 3:2017ap03039 | Wescott and State of California | California Northern Bankruptcy Court | 06/07/2017 | 10/31/2017 |
| Wescott, Carl Alexander (pla) | 1:2017ap01024 | Wescott and Szucsko | California Northern Bankruptcy Court | 07/25/2017 | 10/30/2017 |
| Wescott, Carl Alexander (pla) | 3:2017ap03064 | Wescott and SC Anderson, Inc. | California Northern Bankruptcy Court | 09/29/2017 | 02/16/2018 |
| Wescott, Carl Alexander (dft) | 1:2018ap01031 | Fiechter and Wescott | California Northern Bankruptcy Court | 09/26/2018 | 01/31/2019 |
| Wescott, Carl Alexander (pla) | 3:2017cv05676 | Wescott v. SC Anderson, Inc. et al | California Northern District Court | 10/02/2017 | 11/06/2018 |
| Wescott, Carl Alexander (pla) | 3:2017cv05837 | Wescott v. Stephens et al | California Northern District Court | 10/11/2017 | 04/10/2018 |
| Wescott, Carl Alexander (pla) | 4:2017cv06271 | Wescott v. Reisner et al | California Northern District Court | 10/30/2017 | 08/16/2019 |
| Wescott, Carl Alexander (pla) | 4:2017cv07330 | Wescott v. Martin, et al | California Northern District Court | 12/27/2017 | 08/29/2018 |
| Wescott, Carl Alexander (pla) | 3:2018cv02829 | Wescott v. GILA, Inc dba Municipal Services Bureau et al | California Northern District Court | 05/14/2018 | 07/23/2018 |
| Wescott, Carl Alexander (pla) | 3:2018cv05009 | Wescott v. Stephens et al | California Northern District Court | 08/15/2018 | 10/29/2018 |
| Wescott, Carl Alexander (pla) | 4:2018cv05842 | Wescott v. Martin et al | California Northern District Court | 09/21/2018 | 11/08/2018 |
| Wescott, Carl Alexander (pla) | 4:2018cv07104 | Wescott v. Martin et al | California Northern District Court | 11/20/2018 | 03/20/2019 |

| PACER Service Center | | 11/11/2022 13:58:25 |
|---|---|---|
| User | rnweaver | |
| Client Code | Fiechter | |
| Description | All Court Types Party Search | |
| | All Courts; Name Wescott, Carl; All Courts; Page: 1 | |

Contact Us

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

Privacy & Security

Billable Pages 1 ($0.10)

PACER FAQ

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.