DAVID M. ZEFF
9 Pixley Ave. No. 95
Corte Madera, CA 94925
Tel: 415 726 0000
Fax: 415 923 1382
Email: dmz@zefflaw.com
In Propria Persona

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| CARL A. WESCOTT,<br><br>              Plaintiff,<br><br>        vs.<br><br>FREDERICK C. FIECHTER, IV;<br>DAVID M. ZEFF, ESQ.;<br>ROBERT N. WEAVER, ESQ. + DOES 1<br>through 25,<br><br>              Defendants. | Case No. CV22-4288-VC<br><br>**DEFENDANT DAVID M. ZEFF, ESQ.'S NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date:  February 23, 2023<br>Time:  10:00 a.m.<br>Courtroom 4 – 17th Floor<br>Judge Vince Chhabria |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 23, 2023, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 4, 17th Floor of the above-entitled courthouse, located at United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant DAVID M. ZEFF, ESQ. ("Attorney Zeff") will, and hereby does, move the Court for an Order striking Plaintiff CARL A. WESCOTT's ("Plaintiff") entire Complaint as against DAVID M. ZEFF, ESQ. pursuant to Code of Civil Procedure section 425.16.

This Motion is made on the ground that the claims alleged in Plaintiff's Complaint against Attorney Zeff arise from Attorney Zeff's acts in furtherance of his constitutional rights of petition and speech, triggering the protections of Code of Civil Procedure section 425.16.  Further, Plaintiff's claims against Attorney Zeff are without merit, and Plaintiff thus cannot sustain his

1   burden of demonstrating a probability of prevailing on the merits.

2       This motion is based upon the attached Memorandum of Points and Authorities, the

3   Request For Judicial Notice contained therein, the Declarations of Attorney Zeff, the Declarations

4   of Robert N. Weaver and his counsel, Alex A. Graft previously filed herein, and all papers,

5   records, and documents on file in this action, and such evidence as may be presented at or before

6   the hearing of the motion.

7

8   DATED:     January 18, 2023

9

10

11                          By: _____

                                David M. Zeff
12                              In Propria Persona

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DAVID M ZEFF, ESQ.'S NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
(ANTI-SLAPP) PLAINTIFF'S COMPLAINT

DAVID M. ZEFF
9 Pixley Ave. No. 95
Corte Madera, CA 94925
Tel: 415 726 0000
Fax: 415 923 1382
Email: dmz@zefflaw.com
In Propria Persona

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>        Wescott,<br><br>        vs.<br><br>FREDERICK C. FIECHTER, IV;<br>DAVID M. ZEFF, ESQ.;<br>ROBERT N. WEAVER, ESQ. + DOES 1<br>through 25,<br><br>        Defendants. | Case No. CV22-4288-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID M. ZEFF'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP) WESCOTT'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16**<br><br>Date:  February 23, 2023<br>Time:  10:00 a.m.<br>Courtroom 4 – 17th Floor<br>Judge Vince Chhabria |

1

## <u>TABLE OF CONTENTS</u>

2

3   TABLE OF CONTENTS…………………………………………………………………………..ii

4   TABLE OF AUTHORITIES……………………………………………………………………….iii

5   I.      INTRODUCTION.................................................................................................................1

6   II.     FACTUAL BACKGROUND ...............................................................................................2

7           A.      Underlying Facts ........................................................................................................2

8           B.      Wescott's Allegations Against Attorney Zeff ...........................................................3

9   III.    REQUEST FOR JUDICIAL NOTICE ................................................................................3

10  IV.     LEGAL ARGUMENT .........................................................................................................4

11          A.      The Anti-SLAPP Statute Applies to Wescott's Claims Against Attorney

12                  Zeff .............................................................................................................................4

13                  1.      The Anti-SLAPP Statute Generally .................................................................5

14                  2.      An Anti-SLAPP Motion May be Brought in Federal Court ..........................6

15          B.      Attorney Zeff has Met His Burden Under Anti-SLAPP First Prong ........................6

16          C.      Wescott Cannot Establish a Reasonable Probability of Success on His

17                  Claim(s) Against Attorney Zeff .................................................................................8

18                  1.      Wescott Fails to State Facts Comprising an Actionable Claim

19                          Against Attorney Zeff .....................................................................................8

20                  2.      The Litigation Privilege Serves As An Absolute Bar To Wescott's

21                          Complaint ........................................................................................................9

22                  3.      The Applicable Statute Of Limitations Bars Wescott's Claim, No

23                          Matter How it is Characterized .....................................................................12

24                  4.      Civil Code Section 1714.10 Also Bars Wescott's Complaint as He

25                          Failed to Obtain Pre-Filing Authorization ...................................................14

26  V.      CONCLUSION ..................................................................................................................15

27

28

MPA ISO OF DEFENDANT DAVID M. ZEFF, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
WESCOTT'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1

## **TABLE OF AUTHORITIES**

2

3

**STATE CASES**

4    *Alberston v. Raboff* (1956) 46 Cal.2d 375 ..................................................... …11

5    *Bergstein v. Stroock & Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793 ...............................8

6    *Briggs v. Eden Council for Hope & Opportunity* (2009) 19 Cal.4th 1106 ....................................7

7    *Cabral v. Martins* (2009) 177 Cal. App. 4th 471 ..................................... 7

8    *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557 .................................... 13

9    *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628 .......................................... 7, 8

10   *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394…………………………………………………7

11   *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445 ............................................ 15

12   *Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777 ...................... 8

13   *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 ............................... 12

14   *Equilon Enters., LLC v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53 ............................ 6

15   *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599.................................... 14

16   *Finton Construction, Inc. v.Bidna & Keys. APLC* (2015) 238 Cal.App.4th 200  ……………..……8

17   *Friedman v. Knecht* (1967) 248 Cal.App.2d 455 ....................................... 10

18   *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th 39 ............................... 10, 11

19   *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132.................................... 11

20   *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339 ........................ 14, 15

21   *Laird v. Blacker* (1992) 2 Cal.4th 606 ............................................ 13

22   *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8........................................... 7

23   *McGee v. Weinberg* (1979) 97 Cal.App.3d 798 .......................................... 12

24   *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416........................ 11

25   *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28 ........................................ 5

26   *Rubin v. Green* (1993) 4 Cal.4th 1187 .......................................... 11

27   *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048 ........................................ 7

28   *Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54........................................ 11

1  *Silberg v. Anderson* (1990) 50 Cal. 3d 205 ............................................................. 9, 10

2  *Smith v. Hatch* (1969) 271 Cal.App.2d 39 .................................................................. 11

3  *State Farm General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974 ............................... 5

4  *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106
   Cal.App.4th 1219 .......................................................................................................... 9

5

6  *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874 ......................................................... 13

   *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 .................................. 1

7

8  *Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809 ................................................. 5

   *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 .................................... 8, 9

9

10 **FEDERAL CASES**

11 *Ashcroft v. Iqbal* (2009) 556 U.S. 662 ......................................................................... 9

12 *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449 ............................................................ 3

13 *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006) ................... 10, 11

14 *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127 (N.D. Cal.
   1999).............................................................................................................................. 6

15

16 *Moss v. U.S. Secret Serv.* (9th Cir. 2009)  572 F.3d 962............................................... 9

17 *Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997) ............................................ 6

18 *Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342 ....... 12

19 *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999)... 6

20 *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097 .................................... 6

21

22 **STATE STATUTES**

23 Civil Code § 47(b).................................................................................... 9. 10, 12

24 Civil Code § 1714.10 ............................................................................. 1, 2, 8, 14, 15

25 Civil Code §1788 ........................................................................................................ 1

26 Code of Civil Procedure § 340.6 ..................................................................... 8, 12, 13

27 Code of Civil Procedure § 473 ..................................................................................... 3

28 Code of Civil Procedure §425.16 ..................................................... 1, 5, 6, 7, 8, 15

**<u>FEDERAL STATUTES</u>**

Federal Debt Collection Practices Act ........................................................................................... 1

Federal Rules of Evidence, Rule 201 ............................................................................................ 3

MPA ISO OF DEFENDANT DAVID M. ZEFF, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
WESCOTT'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16

1  I.  **INTRODUCTION**

2  Plaintiff CARL A. WESCOTT ("Wescott"), a vexatious litigant under CCP §391(b), is

3  again pursuing unmeritorious claims in this action against all defendants, including David M. Zeff

4  ("Attorney Zeff"), Wescott's adversary in two State Court judgment collection proceedings.  The

5  present action is more than unmeritorious.  It is a malicious SLAPP, which is precluded under

6  CCP §425.16 ("anti-SLAPP statute"), because it is premised on Attorney Zeff's protected

7  litigation conduct against Wescott.

8  Claims premised upon the exercise of protected activity—here, Attorney Zeff's litigation

9  conduct—fall under the anti-SLAPP statute.  Indeed, "the point of the anti-SLAPP statute is that

10  you have a right not to be dragged through the courts because you exercised your constitutional

11  rights." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 193.)  Yet Wescott's

12  Complaint seeks to hold Attorney Zeff liable for representing his client, Defendant FREDERICK

13  C. FIECHTER, IV ("Mr. Fiechter"), in litigation adverse to Wescott, activity that is directly and

14  unequivocally protected by the anti-SLAPP statute.  Wescott readily concedes that Attorney Zeff

15  represented Mr. Fiechter "pursuing their client's debt collection via legal complaints" against

16  Wescott, which is the predicate for Wescott's two causes of action in the Complaint for alleged

17  violations of the Federal Debt Collection Practices Act ("FDCPA," 15 U.S.C. §1692) and the

18  Rosenthal Act, California Civil Code §1788, et. seq.  (Complaint, paragraph 35.)   The first prong

19  under the anti-SLAPP statute is therefore met, shifting the burden to Wescott to produce

20  competent, admissible evidence demonstrating a probability of prevailing.

21  Wescott will never be able to demonstrate a probability of prevailing for at least four

22  reasons:  First, Wescott fails to even allege a legally cognizable claim; second, the litigation

23  privilege bars Wescott's claims; third, Wescott's claims are barred by the statute of limitations;

24  and fourth, Wescott failed to obtain pre-filing permission under Civil Code §1714.10, relating to

25  claims of alleged conspiracy between an attorney and their client.  Since the activities by Attorney

26  Zeff upon which Wescott's Complaint is based constitute protected conduct under the anti-SLAPP

27  statute, and because Wescott cannot establish a probability of prevailing on his claims, Attorney

28  Zeff respectfully requests that the Court grant his Anti-SLAPP motion.

1    **II.    FACTUAL BACKGROUND**

2        This case arises from collection efforts by Attorney Zeff on behalf of a creditor client, Mr.

3    Fiechter, against Wescott, who owes Mr. Fiechter well over $2.75 million, plus more than $2.0

4    million in interest, two unsatisfied judgments.  Attorney Zeff represented Mr. Fiechter in

5    connection with two lawsuits that had been filed against Wescott-- *Fiechter v. Wescott*, CGC-10-

6    496091, in the Superior Court, County of San Francisco, and *Fiechter v. Wescott*, CPF-11-511547,

7    in the Superior Court, County of San Francisco. Zeff Decl. ¶ 3.   (See also Declaration of Robert

8    Weaver filed 11/16/22 (DKT No. 13#2) ¶ 3. ("Weaver Decl.")

9        **A.    Underlying Facts**

10        Attorney Zeff was initially retained in 2010 by Mr. Fiechter to assist attorney Guy

11    Kornblum to sue Wescott in San Francisco for fraud and breach of a with a promissory note and

12    deed of trust and in Nevada on a Real Estate Transaction.  Zeff Decl. ¶ 3.  Wescott filed multiple

13    fraudulent bankruptcy actions to stay the California and Nevada actions, but his bankruptcy

14    proceedings were all dismissed.  (Declaration of Robert Weaver, supra, ¶ ¶ 4-8.

15        A Nevada law firm obtained a Judgment against Wescott which was recorded as a Sister

16    State Judgment in California by the Kornblum Firm on September 6, 2011, in the sum of

17    $1,305,058.00.  Zeff Decl. Exh. 1.  In the San Francisco action, in which Attorney Zeff was now

18    exclusively representing Mr. Fiechter, Wescott's counsel withdrew.  (Zeff  Decl. ¶ 5; Graft Decl.

19    Exh. G.)  The withdrawal order provided two means of contacting Wescott—an email address and

20    "San Pedro Sula, Honduras."  (Graft Decl. Exh. G; Zeff Decl. Exh. 2.)  That order also specified

21    that the next hearing in the case was set in September 2013.  (*Ibid.*)  The September hearing was

22    continued by court order to late November 2013, ***and notice was sent by the Court*** to Wescott at

23    both the provided address in Honduras and to his former attorney, but not to Wescott's email

24    address.  (Exh. H to Graft Decl.)  The Court continued the case management conference through

25    February 2015, and then set the case for trial on June 29, 2015.  (Exhs. I and J to Graft Decl.; Zeff

26    Decl. ¶ 5)  In March 2015, Attorney Zeff filed a request for entry of default, which was served to

27    San Pedro Sula, Honduras, and to a San Francisco, California P.O. Box (Exhs. I and J to Graft

28    Decl.; (Zeff  Decl. ¶ 6), see also paragraph 41 to Complaint.  The clerk entered the default on

2

1    March 20, 2015, and a default "prove up" hearing was scheduled.  (Exh. J to Graft Decl.; (Zeff
2    Decl. ¶ 6).

3          Wescott did not appear for the "prove up" hearing and, after finding of facts to support the
4    judgment, the Court entered a Fraud Judgment of approximately $1.5 million against Wescott.
5    (Zeff Decl. Exh. 3; Exh. K to Graft Decl.)  Notice of Entry of Judgment was served on Wescott at
6    the Honduras address, a San Francisco P.O. Box, and via an email address supplied by Wescott on
7    contemporaneously filed federal court records.  (*Exh. K to Graft Decl.;* Zeff  Decl. ¶ 7)  Wescott
8    became aware of the entry of the judgment, and filed a motion to vacate the judgment pursuant to
9    Code of Civil Procedure § 473, on November 12, 2019, which was denied in a minute order
10   entered December 3, 2019.  (Exhs. I, L and M to Graft Decl. Zeff Decl. ¶ 7).

11         Upon entry of both Judgments Attorney Zeff commenced collection efforts.  Zeff Decl. ¶
12   8).   Attorney Zeff attempted to locate and identify the assets of Mr. Wescott from which he could
13   collect the judgments against Wescott, and he pursued various third-party discovery, levies and
14   other post-judgment legal proceedings to collect the Judgments. Zeff Decl. ¶ 8).   This is the
15   conduct by Attorney Zeff which is the subject matter of this spurious and vexatious lawsuit.

16         **B.      Wescott's Allegations Against Attorney Zeff**

17         The allegations against Attorney Zeff all stem from Zeff's efforts as an attorney on behalf
18   of his client, Mr. Fiechter, to obtain and then enforce Judgments against Wescott.  This is
19   protected activity.  Wescott regularly uses legal process to harass others. Wescott has been
20   declared a vexatious litigant by the San Francisco Superior Court pursuant to CCP Section  (Exh.
21   A to Weaver Decl. [California Vexatious Litigant List Excerpt, retrieved November, 2022]; Zeff
22   Decl. ¶ 10).  Wescott has also filed no less than twenty-five cases in federal and state courts
23   throughout the country since January 2021 (Zeff Decl ¶ 11; Weaver Decl. Exh. B.)

24   **III.   REQUEST FOR JUDICIAL NOTICE**

25         Pursuant to Federal Rules of Evidence, Rule 201, Attorney Zeff requests that the Court
26   take judicial notice of the following Court documents for the purpose of this Motion. (See, *Branch*
27   *v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454.)

28         The Motion to Dismiss SPECIAL MOTIOIN TO STRIKE (ANTI-SLAPP) WESCOTT'S

1  COMPLAINT filed by Robert N. Weaver on 11/16/2022 (DKT. No. 13), and the Declarations

2  filed in support of that Motion by Mr. Weaver (DKT. No. 13, #2) and Mr. Graft (DKT. No. 13,

3  #3), and the following documents attached to the Declaration of Alex A. Graft ("Graft Decl."),

4  filed in this action on 11/16/22 (DKT No. 13,#3)

5      Exhibit A:      Third Amended Complaint, filed November 1, 2011, in San Francisco

6  Superior Court, Case No. CGC-10-496091 ("San Francisco Action");

7      Exhibit B:      Order dismissing bankruptcy petition in United States Bankruptcy Court,

8  Northern District of California, Case No. 11-34426 DM7 ("Underlying Bankruptcy Action");

9      Exhibit C:      Adversary Complaint filed by Attorney Zeff in United States Bankruptcy

10  Court, Northern District of California, Case No. 12-30143 DM ("Underlying Bankruptcy Action

11  II");

12      Exhibit D:      Adversary Complaint filed by the bankruptcy trustee in the Underlying

13  Bankruptcy Action II;

14      Exhibit E:      Summary Judgment Order in Underlying Bankruptcy Action II;

15      Exhibit F:      Judgment denying discharge entered in Underlying Bankruptcy Action II;

16      Exhibit G:      Order authorizing withdrawal of counsel in San Francisco Action;

17      Exhibit H:      Order continuing case management conference in the San Francisco Action;

18      Exhibit I:      Excerpt of the register of actions in the San Francisco Action;

19      Exhibit J:      Request for default filed in the San Francisco Action;

20      Exhibit K:      Notice of entry of default judgment in the San Francisco Action;

21      Exhibit L:      Wescott request to set aside the judgment entered in the San Francisco

22  Action, and supplemental briefing;

23      Exhibit M:      Order denying request to set aside the default judgment entered in San

24  Francisco Action;

25      Exhibit N:      Judgment vacating discharge order in United States Bankruptcy Court,

26  Northern District of California, Case No. 16-10975 HLB7 ("Underlying Bankruptcy Action III").

27  **IV.    LEGAL ARGUMENT**

28      **A.    The Anti-SLAPP Statute Applies to Wescott's Claims Against Attorney Zeff**

1.     <u>The Anti-SLAPP Statute Generally</u>

In 1992, California enacted the anti-SLAPP statute to combat an increasing use of lawsuits designed to chill "a party's constitutional right of petition." (*State Farm General Ins. Co. v. Majorino* (2002) 99 Cal. 4th 974, 975.) "SLAPP suits are brought to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff." Id. at 1126 (citing *Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809, 815-816.

The elements for a special motion to strike under § 425.16 are set out as follows:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the Wescott has established that there is a probability that the plaintiff will prevail on the claim.
>
> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of the determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be effected by that determination in any later stage of the case or in any subsequent proceeding.

Activities protected by the anti-SLAPP statute include "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" as well "as any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" or "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." CCP§ 425.16(e)(1)(2) and (4).

Moreover, section 425.16 was amended in January 1997 to prevent conflicting interpretations of the statute issued by the appellate courts. The Legislature stated that henceforth the statute "**shall be construed broadly**." (CCP § 425.16(a) (emphasis added); see also *Rohde v. Wolfe* (2007) 154 Cal. App. 4th 28, 35 ["[S]tatements, writings and pleadings in connection with

1   civil litigation are covered by the anti-SLAPP statute, and that statute does not require any

2   showing that the litigated matter concerns a matter of public interest"].)

3              2.      An Anti-SLAPP Motion May be Brought in Federal Court

4       The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d

5   1127 (N.D. Cal. 1999), determined an anti-SLAPP statute applied in federal court:

> With respect to the applicability of the anti-SLAPP statute to claims
> filed in federal court, the Court turns to a recent decision from the
> Ninth Circuit, *United States v. Lockheed Missiles and Space Co.,
> Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held
> that the statute was applicable to state law counterclaims asserted in
> a federal diversity action.  The Court concluded that application of
> the statute to such claims would not result in a 'direct collision' with
> the Federal Rules.  The Court went on to perform an *Erie* analysis,
> concluding that important substantive state interests are furthered by
> the anti-SLAPP statute, that no identifiable federal interest would be
> undermined by applying the anti-SLAPP statute in diversity actions.
> . . The *Erie* doctrine applies to pendent state law claims to the same
> extent it applies to state law claims before a federal court on the
> basis of diversity jurisdiction. See *Nathan v. Boeing Co.*, 116 F.3d
> 422, 423 (9th Cir.1997).

14  Under the *Erie* analysis set forth in *Lockheed,* the anti-SLAPP statute may be applied to state law

15  claims which, as in this case, are asserted pendent to federal question claims.  (*Id.* at 1129-1130;

16  accord *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1109 ["Motions to strike a

17  state law claim under California's anti-SLAPP statute may be brought in federal court."].)

18      **B.      Attorney Zeff has Met His Burden Under Anti-SLAPP First Prong**

19          Under the anti-SLAPP statute, a defendant carries the initial burden to show that Wescott's

20  suit "arises from an act in furtherance of the defendant's rights of petition or free speech."  (Cal.

21  Code Civ. Proc. § 425.16(b)(1); *Vess*, 317 F.3d at 1110.)  "The defendant need not show that the

22  plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's

23  'intentions are ultimately beside the point.'"  (*Vess*, *supra.* at 1110 (quoting *Equilon Enters., LLC

24  v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67).

25          An "act" covered by the anti-SLAPP statute includes (1) "any written or oral statement or

26  writing made before a . . . judicial proceeding, or any other official proceeding authorized by law;

27  [or] (2) any written or oral statement or writing made in connection with an issue under

28  consideration or review by a . . . judicial body, or any other official proceeding authorized by

1  law."  (CCP § 425.16(e)(1) & (2).)  Under Section 425.16(e)(1) and (2), "all communicative acts

2  performed by attorneys as part of their representation of a client in a judicial proceeding or other

3  petitioning context are per se protected as petitioning activity by the anti-SLAPP statute."  (*Cabral*

4  *v. Martins* (2009) 177 Cal. App. 4th 471, 480; see also *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048,

5  1056 [anti-SLAPP statute protects "communicative conduct such as the filing, funding, and

6  prosecution of a civil action," including such acts when "committed by attorneys in representing

7  clients in litigation"].)  It is well-settled that claims based on "litigation activity" are subject to the

8  anti-SLAPP statute.  (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648,

9  emphasis added ["A cause of action 'arising from' defendant's litigation activity may

10  appropriately be the subject of a section 425.16 motion to strike."].)  The anti-SLAPP statute

11  specifically applies to "any act...in furtherance of the...right [to] petition." (*Ludwig v. Superior*

12  *Court* (1995) 37 Cal.App.4th 8, 19; see also, *Rusheen*, *supra.* at 1056 ["Any act" includes

13  communicative conduct such as the filing, funding, and prosecution of a civil action."].)  Further,

14  statements protected under the litigation privilege (discussed below) are "equally entitled to the

15  benefits of section 425.16."  (*Briggs v. Eden Council for Hope & Opportunity* (2009) 19 Cal.4th

16  1106, 1115.)

17      Here, Wescott's claim is premised wholly upon protected conduct, as it seeks to impose

18  liability on Attorney Zeff for "advis[ing] [Mr.] Fiecther to add allegations of fraud to his legal

19  complaint to 'bankrupt-proof' his then-future-judgment" (Complaint, ¶¶ 37, 38.), serving Wescott

20  in the San Francisco actions at the mailing and email addresses Wescott's attorney and Wescott

21  himself gave to the State and Federal Courts, as described above (Complaint ¶¶ 40-45), utilizing

22  judgment collection tools such as third party levies (Complaint ¶¶ 53-57).

23      The advising of a client regarding the content of pleadings, representation of a client in

24  litigation, and judgment enforcement levies are prototypical protected conduct under the anti-

25  SLAPP statute.  Wescott may contend that Attorney Zeff cannot be protected from advising a

26  client to include "false" allegations, as he alleged (see ¶ 38 to Complaint), but he would be wrong.

27  As the Court explained in *Contreras v. Dowling* (2016) 5 Cal. App. 5th 394, 414, "conduct that

28  would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage …

7

simply because it is alleged to have been unlawful or unethical."  (See also *Bergstein v. Stroock & Stroock & Lavan LLP*, (2015) 236 Cal. App. 4th 793, 805 [allegedly tortious activity "centered in defendants' role as counsel" was protected litigation activity]; *Finton Construction, Inc. v.Bidna & Keys. APLC* (2015) 238 Cal.App.4th 200, 210.)  Thus, the burden shifts to Wescott to establish a probability of prevailing on the merits.  Wescott cannot make this showing.

**C.**    **Wescott Cannot Establish a Reasonable Probability of Success on His Claim(s) Against Attorney Zeff**

Under the anti-SLAPP Statute, once a defendant shows that a lawsuit arises from protected conduct, the burden shifts to Wescott to establish a probability that he will prevail on the claims asserted against the defendant.  (*Dove Audio v. Rosenfeld Meyer & Susman* (1996) 47 Cal. App. 4th 777, 784-785.)  To meet that burden, Wescott must produce competent, admissible evidence supporting his claims.  (*Church of Scientology, supra*, 42 Cal.App.4th at 658.)  Wescott cannot rely on allegations in a complaint to satisfy his burden.  (*Id.* at 656.)

Although Wescott has the burden of proof as to the probability of prevailing, evidence presented by the defendant remains relevant, as the California Supreme Court explained in *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821:

> In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the Wescott ***and the defendant***.  (Section 425.16, Subd. (b)(c).)  Though the court does not weigh the credibility of or comparative probative strength of competing evidence, ***it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the Wescott's attempt to establish evidentiary support for the claim***.

(emphasis added.)

Here, Wescott's claims against Attorney Zeff fail as a matter of law on at least four independent grounds:  (1) Wescott fails to even allege a legally cognizable claim, (2) the litigation privilege serves as an absolute bar to his claims, (3) Wescott's claims are barred by the statute of limitations set forth in CCP§ 340.6, and (4) Wescott failed to obtain pre-filing permission under Cal. Civil Code § 1714.10 relating to claims of conspiracy with a client.

**1.**    Wescott Fails to State Facts Comprising an Actionable Claim Against Attorney Zeff

Wescott has failed to present a "legally sufficient" Complaint, let alone a Complaint which

8

can be substantiated with actual evidence.  (See *Wilson, supra*, 28 Cal.4th at 821.)  Wescott must both "state and substantiate" a cause of action to survive an anti-SLAPP motion.  (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port District* (2003) 106 Cal.App.4th 1219, 1235.)  Wescott's Complaint does not intelligibly allege a cause of action against Attorney Zeff, nor any facts which could comprise a legally cognizable claim.

A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678; see also *Moss v. U.S. Secret Serv.* (9th Cir. 2009)  572 F.3d 962, 969.)  Wescott's causes of action are nothing but legal recitals about "deceptive acts" or "fraud" without identifying any facts which actually indicate any wrongdoing.  Attorney Zeff's filing of pleadings, or advice in connection therewith, is not grounds for liability.

Put another way, the full extent of allegations against Attorney Zeff are included within paragraphs 36-57, and 67.  None of those allegations demonstrate wrongdoing in other than conclusory terms.  Discounting Wescott's conclusory allegations leaves the Court with nothing which can form a cause of action[1].

## 2.    The Litigation Privilege Serves As An Absolute Bar To Wescott's Complaint

A publication or broadcast made in any judicial proceeding is absolutely privileged according to California law.  (Cal. Civ. Code § 47(b)(2) ["A privileged publication or broadcast is one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . ."].)  This "litigation privilege" affords litigants and witnesses unfettered access to the court without fear of being harassed by derivative tort actions.  (*Silberg v. Anderson* (1990) 50 Cal. 3d 205.)  Although originally enacted with reference to defamation, the privilege is now held applicable to any communication, whether or not it amounts to publication, **and to all torts except malicious prosecution**:

> In furtherance of the public policy purposes it is designed to serve, the **privilege described by § 47(2) has been given broad application**. Although originally enacted with reference to defamation (citations), the privilege is now held applicable to any

---

[1]  Wescott's failure to even *plead* a claim underscores his inability to actual *substantiate* such a claim with actual evidence.

communication, whether or not it amounts to a publication (citations), and **all torts** except malicious prosecution. (Citations.)

(*Silberg, supra*. at 211-212, emphasis added; see also *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006); see also *Hagberg v. California Federal Bank FSB* (2004) 32 Cal. 4th 39.)

In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements made in the furtherance of justice. The California Supreme Court rejected the application of an "interest of justice" test because such a test was "***inconsistent with the absolute nature of the litigation privilege*** and its underlying policy purposes." (Id. at p. 209; emphasis added.)  The *Silberg* decision discusses the important policy concerns furthered by the litigation privilege.

The principal purpose of § 47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***. (Citations.) . . . .

Given the importance to our justice system of ***insuring free access to the courts***, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and ***avoiding unending litigation***, it is not surprising that § 47(2), the litigation privilege, has been referred to as 'the backbone to an effective and smoothly operating judicial system.' (Citation.) . . . .

***To effectuate its vital purposes, the litigation privilege is held to be absolute in nature***.

(*Id.* at 213-215, emphasis added.)  In *Friedman v. Knecht* (1967) 248 Cal.App.2d 455, the Court held that any doubt as to the application of the litigation privilege should be resolved in favor of the defendant.

***At all events, it is held that doubts are to be resolved in favor of relevancy and pertinency***; that is to say, the matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that there can be no reasonable doubt of its impropriety.  If the privilege is worth having, its purpose would be largely defeated if it were to vanish simply because one possible meaning of a statement made during judicial proceedings does not relate to them.

(emphasis added.)

The courts have given broad application to the litigation privilege. "To be privileged under subdivision 2 of §47, the matter need not be relevant, pertinent or material to any issue before the

court, it only need have some connection or some relation to the judicial proceeding." (*Smith v. Hatch* (1969) 271 Cal.App.2d 39, 46.)  In *Rubin v. Green* (1993) 4 Cal.4th 1187, the California Supreme Court similarly held:

> For well over a century, communications with 'some relation' to judicial proceedings have been ***absolutely immune from tort liability*** by the privilege codified as section 47 (b). At least since then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46 Cal.2d 375, California courts have given the privilege an expansive reach. . . .
>
> In light of this extensive history, it is late in the day to contend that communications with 'some relation' to an anticipated lawsuit are not within the privilege.

(*Id.* at 1193-1194, emphasis added; see also *Flores*, 416 F. Supp. 2d at 899.)  In *Pollock v. University of Southern California* (2003) 112 Cal. App. 4th 1416, 1430, the court held that a party's perjurious declaration and personal e-mails were within the scope of the litigation privilege because they related to potential and actual litigation, despite plaintiff's contention that both communications qualified as tortious conduct.  In fact, the Court noted in *Shafer v. Berger Kahn* (2003) 107 Cal. App. 4th 54, "[b]ecause the privilege applies without regard to malice or evil motives, it has been characterized as absolute."  In *Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 39, the California Supreme Court held that a bank employee's statements to the police regarding a customer's possession of an alleged counterfeit check were absolutely privileged.  Likewise, in *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132, 1142, the Court noted that even committing a fraud upon the Court is protected by the litigation privilege:  "While we by no means condone intentionally deceptive conduct before the courts, the litigation privilege is absolute."].)

Here, Wescott contends Attorney Zeff advised his client to include a "false" allegation in a complaint against him. While not true (Zeff Decl. ¶ 12.), it is immaterial-the litigation privilege would extend to Attorney Zeff even if the allegation were true. (See Weaver Decl., *Ibid*, ¶12; see also *Herterich*, *supra*.)  Wescott's claim that Zeff was defrauding the Court by serving documents to mail and email addresses Wescott's attorneys and Wescott himself had given the Court, and the Court used in serving Wescott, fail to state a claim for "abusing the legal process" and/or

1   "deceptive conduct" leading to the "resulting judgment." And all such actions consist of

2   communicative acts undertaken in direct connection with litigation.  Wescott's attempt to hold

3   Attorney Zeff liable for merely representing a client in a judicial proceeding is precisely the type

4   of claim barred by the litigation privilege in Civil Code § 47(b).

5           3.    The Applicable Statute Of Limitations Bars Wescott's Claims, No Matter
                  How They Are Characterized
6

7           Statutes of limitations are the legislative enactments of a public policy "designed to

8   promote justice and prevent the assertion of stale claims after the lapse of long periods of time."

9   (*McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 804.)  As the United States Supreme Court

10  explained in *Order of R. Telegraphers v. Railway Express Agency, Inc.* (1944) 321 U.S. 342, 349:

11  "[t]he theory is that even if one has a just claim, it is unjust not to put the adversary on notice to

12  defend within the period of limitation and that the right to be free of stale claims in time comes to

13  prevail over the right to prosecute them."  (See also *Duran v. St. Luke's Hospital* (2003) 114

14  Cal.App.4th 457 [statute of limitations strictly enforced even though plaintiff was only one day

15  late due to $3 deficiency with court filing fee].)

16          CCP § 340.6, subdivision (a) provides that:

17              (a)     An action against an attorney for a wrongful act or omission,
            other than for actual fraud, arising in the performance of
18          professional services shall be commenced **within one year after the
            Wescott discovers, or through the use of reasonable diligence
19          should have discovered, the facts giving rise to the wrongful act
            or omission**, or four years from the date of the wrongful act or
20          omission, whichever occurs first.  In no event shall the time for
            commencement of legal action exceed four years except that the
21          period shall be tolled during the time that any of the following exist:

22              (1)   The Wescott has not sustained actual injury[;]

23              (2)   The attorney continues to represent the Wescott
            regarding the specific subject matter in which the alleged
24          wrongful act or omission occurred [;]

25              (3)   The attorney willfully conceals the facts constituting the
            wrongful act or omission when such facts are known to the
26          attorney, except that this subdivision shall toll only the four-
            year limitation[;]

27              (4)   The Wescott is under a legal or physical disability which
            restricts the Wescott's ability to commence legal action.

28

(5) A dispute between the lawyer and client concerning fees, costs, or both is pending resolution under Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code . . .

(Emphasis added.)  The enumerated tolling provisions set forth in CCP §340.6 are the **sole** grounds to toll the limitations period.  (*Laird v. Blacker* (1992) 2 Cal.4th 606, 618.)  In *Laird*, the Supreme Court expressly held that:

Section 340.6, subdivision (a), states that 'in no event' shall the prescriptive period be tolled except under those circumstances specified in the statute.  Thus, **the Legislature expressly intended to disallow tolling under any circumstances not enumerated in the statute**.

(*Id.* at 618, emphasis added.)

"Based on its plain language, § 340.6 applies to all actions, except those for actual fraud, brought against an attorney 'for a wrongful act or omission' which arise 'in the performance of professional services.'"  (See *Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 881.)  In *Vafi*, the Court expressly rejected the assertion that §340.6 was limited to claims of malpractice by an aggrieved client:

If the Legislature wanted to limit the reach of section 340.6 to malpractice actions between clients and attorneys, it could easily have done so. Absent express legislative intent that it meant client when it used the word Wescott or that it meant malpractice when it referred to a wrongful act or omission, we are left only to interpret the plain meaning of the words in the statute. [Citation.]  In any event, courts have consistently applied section 340.6 to various tort and contract actions.
(*Id.* at 882-83; see also, e.g., *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th 557, 567, fn 5 [recognizing that a negligent infliction of emotional distress claim is barred by the legal malpractice statute of limitations because the limitations period applies to "all cases other than actual fraud."].)

Wescott asserts that Attorney Zeff advised his client, Mr. Fiechter, to amend the underlying complaint to include fraud claims, served documents on Wescott at addresses he had given the Courts, and used levies and other judgment collection processes.  The amended complaint Wescott refers to was filed in 2011.  (Exh. A to Graft Decl.)  The judgment that Wescott characterizes as "fraudulent" was entered in 2015, and Wescott attacked that judgment by his failed attempt to set it aside in 2019.  (Exhs L and M to Graft Decl.)  Wescott was aware of the

13

facts constituting his claims against Attorney Zeff no later than his failed attempt to set aside the judgment he claims was procured by fraud back in 2019.  (Id.)

Any alleged actual injury also must have occurred by the time the judgment was entered and Wescott was unable to set it aside in 2019.  (Exh. M to Graft Decl.)  There is also no other basis to establish tolling, whether on continuous representation grounds (Attorney Zeff never represented Wescott) or either of the three other enumerated tolling bases (willful concealment only applies to the four year limitations period by its own terms, no disability is contended, nor could there have been any fee litigation, because Attorney Zeff never represented Wescott).

Wescott cannot establish any basis for tolling.  The statute of limitations had to commence at the latest by or before 2019 (and probably well before 2015), when Wescott sought to set aside the judgment unsuccessfully.  Wescott did not file his Complaint until July 2022, years after the one-year (and also four year) statute of limitations had expired.   Thus, the applicable statute of limitations bars Wescott's claims here.

### 4.    Civil Code Section 1714.10 Bars Wescott's Complaint as He Failed to Obtain Pre-Filing Authorization

Civil Code §1714.10  prohibits the filing of a claim alleging a conspiracy between an attorney and his or her client arising from any attempt to contest or compromise a claim or dispute, based upon the attorney's representation of a client, absent a pre-filing order.  Absent compliance, the pleading is defective and subject to dismissal.  (See also *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339, 1352 [finding section 1714.10 applicable to claim of conspiracy].)

In *Evans v. Pillsbury Madison & Sutro* (1998) 65 Cal.App.4th 599, 604, the court explained that:

> Section 1714.10 was intended to weed out the harassing claim of conspiracy that is so lacking in reasonable foundation as to verge on the frivolous.  [Citation] The weeding tool is the requirement of prefiling approval by the court, which must be presented with a verified petition accompanied by a copy of the proposed pleading and "supporting affidavits stating the facts upon which the liability is based"; the pleading is not to be filed until the court has determined . . . the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.

1

2      Civil Code § 1714.10's application is not limited to expressly-pled claims of "conspiracy,"

3   but applies to any allegation that an attorney jointly participated in wrongful conduct with a client.

4   (See *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 455 [noting rule applies "without regard to

5   the labels attached to the cause of action or whether the word 'conspiracy'—having no talismanic

6   significance—appears in them" and applying Civil Code §1714.10 to claim for active participation

7   in breach of trust].)

8      Wescott's claims against Attorney Zeff fall firmly within the confines of §1714.10/agent's

9   immunity rule.  The claim is premised entirely on Attorney Zeff's conduct representing Mr.

10  Fiechter in connection with obtaining and enforcing the judgments owed by Wescott to Mr.

11  Fiechter.  Section 1714.10 bars the claim unless Wescott can establish an exception.  There are

12  only two limited exceptions to Civil Code §1714.10: (1) where the agent breaches an independent

13  legal duty owed to the Wescott or (2) the agent's acts go beyond the performance of a professional

14  duty to the principal and involved a conspiracy to violate a legal duty in furtherance of the agent's

15  personal financial gain.  (See *Klotz, supra*, 238 Cal.App.4th at 1351.)  Neither applies here.

16  **V.    <u>CONCLUSION</u>**

17     Wescott's Complaint is precisely the type of suit which the anti-SLAPP statute is intended

18  to address as Wescott seeks to hold Attorney Zeff liable for acts undertaken when representing a

19  client adverse to Wescott.  Where, as here, Wescott cannot show a reasonable probability of

20  prevailing on his claim, the Court must strike the Complaint under C.C.P. §425.16, and Attorney

21  Zeff should be deemed prevailing party.

22  DATED: January 18, 2023

23                              By:  _David M. Zeff_____

24                                   David M. Zeff
                                     In Propria Persona
25

26

27

28

MPA ISO OF DEFENDANT DAVID M. ZEFF, ESQ.'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP)
WESCOTT'S COMPLAINT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16