EXHIBIT 3

EXHIBIT 3

David M. Zeff (SBN 63289)
Law Offices of David M. Zeff
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Tel: (415) 923-1380
Fax: (415) 923-1382

Attorneys for Plaintiff Fredrick C. Fiechter

**FILED**
San Francisco County Superior Court

JUL 1 4 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| FREDERICK C. FIECHTER,<br><br>Plaintiff,<br><br>v.<br><br>CARL WESCOTT, an individual, MONETTE STEPHENS, individually and as Trustee of the Wescott-Stephens Family Trust; POOK SNOOK DOOK, LP; and Does 1 thorugh 25, inclusive<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No. CGC-10-496091<br><br>JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT CARL WESCOTT AKA CARL A. WESCOTT |

This matter was called for trial on June 29, 2015, pursuant to the Notice of Time and Place of Trial served upon the parties by the Court Clerk on February 11, 2015.

Plaintiff Frederick C. Fiechter ("Fiechter") and his counsel of record, David M. Zeff ("Zeff") appeared and called ready at the trial call of this matter.

Cross-Complainant Carl Wescott, aka Carl A. Wescott ("Wescott") failed to appear for the trial call, having failed to seek a continuance or otherwise inform the Court of any reason the trial should not proceed. By reason of the failure to appear for trial by

PAGE 1 — JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

Carl A. Wescott, and good cause appearing, the Cross-Complaint of Carl Wescott filed herein on May 5, 2010, is hereby dismissed with prejudice.

Plaintiff's counsel advised, and the Court takes judicial notice, of the fact that defendants Monette Stephens and POOK SNOOK DOOK, LP, have been dismissed from this action without prejudice by Plaintiff on February 24 2015. Consequently this default prove up is proceeding only against defendant Carl A. Wescott.

Plaintiff has agreed to dismiss without prejudice the Second Cause of Action for Common Counts and the Fourth Cause of Action for Fraudulent Conveyance and proceed only on the First Cause of Action for Breach of Contract and the Third Cause of Action for Fraud.

Plaintiff provided to the Court and requested that the Court take judicial notice of the following documents filed in this Court, the U. S. Bankruptcy Court for the Northern District of California, and the Ninth Judicial District Court of the State of Nevada:

1) Complaint filed on June 18, 2010, in this action, San Francisco Superior Court no. CGC 10-496091;

2) Order Deeming Admitted Truth of Facts and Genuineness of Documents and Imposing Monetary Sanctions entered in this action on September 28, 2010; Complaint;

3) Order Imposing Issue and Evidence Sanctions Against Defendant Carl Wescott entered in this action on May 11, 2011;

4) Judgment Entered Pursuant to Code of Civil Procedure Section 1710.25 in the matter entitled *Frederick C. Fiechter v. Carl Wescott*, S. F. Superior Court No. CPF-11-511547.

5) Third Amended Complaint filed in this action on November 1, 2011;

6) Summons Issued on the Third Amended Complaint in this action issued November 2, 2011;

7) Errata To Plaintiff's Third Amended Complaint Filed November 1, 2011, filed in this action on January 3, 2012;

PAGE 2 — JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

8) Copy of the complete four page of the Docket in U. S. Bankruptcy Court, N.D. Cal, No. 11-34426 *In re Debtors Carl Alexander Wescott and Monette Rosemarie Stephens*, commenced December 13, 2011, which was terminated without discharge as to all debtors on January 27, 2012;

9) Copy of the first page of the Docket in U. S. Bankruptcy Court, N.D. Cal, No. 12-30143, *In re Debtors Carl Alexander Wescott and Monette Rosemarie Stephens*, commenced January 17, 2012;

10) Order Granting Summary Judgment on Trustee's motion to deny discharge to Debtor Carl Alexander Wescott filed May 3, 2013, in U. S. Bankruptcy Court, N.D. Cal, No. 12-30143;

11) Notice of Time and Place of Trial served by the Clerk of this Court upon the parties in this action on February 11, 2015;

12) Proof of Service of Summons and Third Amended Complaint with Errata Filed in this action on February 13, 2015;

13) Default of Carl Wescott entered as requested filed in this action on March 20, 2015.

The Court having reviewed the aforesaid documents, it takes judicial notice of their contents and incorporates the contents of said documents as facts supporting the factual findings stated below in support of this judgment.

Plaintiff also submitted the Declaration of David M. Zeff, Counsel for Plaintiff, to which were attached true copies of PLAINTIFF'S AND CROSS-DEFENDANT'S REQUESTS FOR ADMISSIONS TO DEFENDANT AND CROSS-COMPLAINANT CARL A. WESCOTT, to which item no. 3, above, the Order Imposing Issue and Evidence Sanctions Against Defendant Carl Wescott entered in this action on May 11, 2011, applies. Said Declaration also contained a calculation of the interest due on the Promissory Note subject to the operative Third Amended Complaint, and Zeff's testimony, as counsel for Plaintiff, that the attorneys fees and costs incurred by Plaintiff in this proceeding and the resulting Bankruptcy proceeding were reasonable and necessary

PAGE 3— JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

to this successful prosecution.

Plaintiff also submitted a Certified copy of the deposition testimony taken under oath of Carl Wescott in the 341 examination on March 21, 2012, in the bankruptcy proceeding entitled In Re: Carl Wescott, U.S. Bankruptcy Court, N.D. Cal No. 12-30143 DM.

This Court having entered the default of Carl Wescott to Plaintiff's Third Amended Complaint on March 20, 2015, the trial of this matter was conducted as a default prove-up before the undersigned Judge of the Superior Court. Said prove-up proceeded to prove-up by way of the above submitted documents and the testimony under oath of Plaintiff Frederick C. Fiechter.

### Findings of Fact

Based upon the documents which are admitted by way of judicial notice, the testimony of Mr. Feichter and the Discovery Orders previously entered herein the Court makes the following findings of fact:

1. Fiechter had a friendship with Wescott in the years prior to the loan here in issue and to prior loans made to Wescott, some of which were paid and some of which were unpaid and "rolled" into the "Secured Promissory Note" dated May 7, 2008 given by Wescott to Fiechter which is Exhibit A to the Third Amended Complaint, RJN No. 5 (Hereafter "the Note").

2. At the time of the loans preceding the Note here in issue, Wescott had represented to Fiechter that Wescott had a personal net worth in excess of $28 million and that Wescott had made this money as a successful tech entrepreneur and real estate investor.

3. At the time of the loans preceding the Note here in issue, Fiechter had done personal research about representations Wescott had made about having been very successful as a tech entrepreneur and real estate investor and that all of the information he had been able to obtain confirmed Wescott's statements. Fiechter testified that when he did this "due diligence," he found no negative references to

1     Wescott which would cause him to distrust Wescott's statements.

4. At the time Wescott sought to roll the prior sums due into a new note, and obtain additional loaned funds from Fiechter to be subject to the Note, Wescott made the following representations to Fiechter:

    a. That Wescott had provided to Fiechter a true and accurate personal balance sheet stating his assets, liabilities and accounts receivable, which balance sheet was appended to the Note;

    b. That Wescott had a net worth of over $28 Million;

    c. That Wescott had the ability and intention to perform and fully repay the sums subject to the Note.

5. The personal balance sheet Wescott had given Fiechter as part of the Note was false in that certain properties listed on the balance sheet were represented by Wescott as owned when they were not owned but optioned, that the values of some of the properties listed on the balance sheet were false in that they were subject to undisclosed encumbrances which made them of little or no value, or the values listed were not current values but instead were Wescott's "projected" values if the property were, in the future, fully and successfully developed. Said balance sheet was also false in representing certain properties as 100% owned by Wescott when in fact they were only fractionally owned or owned by legal entities in which Wescott had ownership interests, such as LLC's, but not owned wholly by Wescott. Fiechter only learned of the falsity of the representations in the balance sheet and the concealment of material facts concerning the balance sheet items in the ensuing bankruptcy proceedings filed by Wescott. Fiechter also learned in the course of said Wescott bankruptcy that Wescott had no ability to repay the sums loaned on the Note at or after Fiechter loaned said funds to Wescott pursuant to the Note.

///
///

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

6. Fiechter would not have loaned any of the funds subject to the Note to Wescott if he had known that the above representations by Wescott were false, or that Wescott had concealed material facts, or that Wescott had no ability to repay the sums loaned on the Note.

7. Wescott has paid nothing of the interest or principal due and owing on the Note.

8. Fiechter has been forced to pursue this action, including expenses in trying to locate and serve Wescott who avoided service; make multiple motions to obtain pre-judgment attachments all of which turned out worthless, take discovery, compel discovery and, when this action was stayed by reason of Wescott's two bankruptcy filings, Fiechter was forced to incur substantial additional attorneys fees and costs in defending his interests in the bankruptcies and assist the Trustee in having the Bankruptcy Court order that Wescott would be denied a discharge of this and other debts in said proceeding.

## Conclusions of Law

The court reaches the following conclusions of law based upon all of the evidence in the record and adduced at trial:

### On the First Cause of Action: Breach of Contract

1. Wescott breached the Secured Promissory Note dated May 7, 2008 given by Wescott to Fiechter which is Exhibit A to the Third Amended Complaint, RJN No. 5.

2. As a direct and proximate consequence of Wescott's breach of contract, Fiechter is entitled to the following recovery:

A. Principal in the sum of $569,901.33.

B. Accrued interest at the legal rate of 10% per annum from the date of the Note, May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of the date of trial, and daily interest of $156.14 for each day hereafter.

C. Reasonable Attorneys fees and costs under paragraph 10 of the Note. The Court has reviewed the ledger provided by Fiechter of payments made, the declaration of David M. Zeff as to why the attorneys fees and costs incurred were reasonable and

necessary and the bills and billing summaries tendered to the Court at the time of trial. Consequently, the Court makes the award of Attorneys fees and costs as set forth below.

On the Third Cause of Action: Fraud

1. The following representations made by Wescott to Fiechter to induce Fiechter to loan the funds subject to the Note were false when made and Wescott knew them to be false when he made them:

    a. That prior to the loan, Wescott had provided to Fiechter a personal balance sheet which purportedly stated Wescott's assets, liabilities and accounts receivable at the time of the loan, and appended the balance sheet to the Note;

    b. That Wescott represented to Fiechter that the balance sheet was a true and accurate reflection of his personal net worth at the time of the loan;

    b. That Wescott had a net worth of over $28 Million;

    c. That Wescott had the ability and intention to perform and fully repay the sums subject to the Note.

2. That Fiechter relied upon Wescott's above representations, including the financial information contained in the balance sheet, in loaning the funds to Wescott subject to the Note, and that Fiechter's reliance was reasonable.

3. The representations were material, false and made to induce Fiechter to loan Wescott the sum of $569,901.33.

4. That Wescott had intentionally concealed many material facts concerning the purported "fixed assets" identified in the balance sheet given to Fiechter as inducement for the loan in issue.

5. That Wescott obtained the sums loaned by Fiechter by false pretenses, false representations and actual fraud by way of false and fraudulent oral representations and by use of statements in writing that were materially false respecting Wescott's financial condition on which Fiechter reasonably relied in advancing money and credit as evidenced by the Note.

///

1. 6. As a direct and proximate consequence of Wescott's false representations and actual fraud, Fiechter was damaged and is entitled to the following recovery, by way of the benefit of the bargain rule and/or Civil Code §3333:

    A. Principal in the sum of $569,901.33.

    B. Accrued interest at the legal rate of 10% per annum from the date of the Note, May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of the date of trial, and daily interest of $156.14 for each day hereafter.

    C. Reasonable Attorneys fees and costs under paragraph 10 of the Note. The Court has reviewed the ledger provided by Fiechter of payments made, the declaration of David M. Zeff as to why the attorneys fees and costs incurred were reasonable and necessary and the bills and billing summaries tendered to the Court at the time of trial. Consequently, the Court makes the award of Attorneys fees and costs as set forth below.

    D. ~~Due to Wescott's actual fraud, Fiechter is entitled to recover exemplary damages pursuant to Civil Code §3294.a. The Court determines that the proper amount of exemplary damages to be imposed upon Wescott for his actual fraud against Fiechter is the sum of $_____.~~

## JUDGMENT

The Court determines that there shall be no double recovery on the First and Third Causes of Action. Consequently, on both causes of action judgment is hereby entered for Plaintiff Fredrick C. Fiechter and against Defendant Carl Wescott, aka Carl A. Wescott, as follows:

1. Principal in the sum of $569,901.33.

2. Accrued interest at the legal rate of 10% per annum from the date of the Note, May 7, 2008, to the date of Judgment herein, which sum amounts to $407,050.19, as of the date of trial, and daily interest of $156.14 for each day hereafter.

3. Reasonable Attorneys fees and costs in the following amounts:

    Attorneys fees:  } $ ~~———~~
    Costs:           } $ 513,080.79

PAGE 8— JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380

1      4. Plaintiff Fredrick C. Fiechter shall recover all post judgment costs of collection,
2  including, attorneys fees and costs.
3  ~~On the Fraud Cause of Action, in addition to the amounts awarded above, Plaintiff~~
4  ~~Frederick C. Fiechter shall recover exemplary damages from Defendant Carl Wescott, aka~~ *CC*
5  ~~Carl A. Wescott, in the sum of $_____.~~
6      JUDGMENT IS HEREBY ENTERED AS STATED ABOVE.
7
8  Dated:   JUL 1 4 2015                   Judge of The Superior Court
9                               CHARLES CROMPTON

*[handwritten:]* Case no. CHC-10-496091 Fiechter vs. Wescott.

5. The Secured Promising Note dated May 7, 2008, is cancelled and will be returned to plaintiffs counsel. *CC*

PAGE 9 —  JUDGMENT FOR PLAINTIFF AGAINST CARL WESCOTT

Law Offices Of David M. Zeff
1100 Larkspur Landing Crcl. # 200
Larkspur, CA 94939
Tel: (415) 923-1380