UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FREDERICK C. FIECHTER, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04288-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 23 |

The motion for attorney's fees is granted in part. Weaver is awarded $13,950 in fees.

Under California law, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). California courts have applied different standards for determining whether a defendant is entitled to attorney's fees if the plaintiff voluntarily dismisses the claims against the defendant before the anti-SLAPP motion is adjudicated. *Compare Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998), *as modified* (Sept. 4, 1998), *with Moore v. Liu*, 69 Cal. App. 4th 745, 753 (1999), *as modified* (Feb. 5, 1999). Under the more stringent standard, the defendant is entitled to fees if they would have prevailed on the anti-SLAPP motion. *Moore*, 69 Cal. App. at 751.[1] Applying that standard here, Weaver is entitled to the fees.

---

[1] California's anti-SLAPP statute only applies to state law claims, and so it would not apply to Wescott's claim under the Fair Credit Debt Collection Practices Act. *Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 711 F.3d 1136, 1141 (9th Cir. 2013). Wescott nonetheless dismissed both the state and federal claim against Weaver. *See* Dkt. No. 22.

"Consideration of an anti-SLAPP motion requires two steps. The defendant must first show that the claim against it arose from protected activity…If the defendant meets this burden, the plaintiff must then demonstrate that she has a probability of prevailing on the claim." *Gregory v. Harris*, No. 21-CV-03311-VKD, 2022 WL 1136798, at *2 (N.D. Cal. Apr. 18, 2022). Weaver has demonstrated that the claims arose from protected activity. *See, e.g., Cabral v. Martins*, 177 Cal. App. 4th 471, 480 (2009). Wescott has not met his burden of showing a probability of prevailing: the allegations in his complaint are too sparse and conclusory to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2002); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018). And Wescott has not offered any other support for them. *Cf.* Dkt. No. 28-6 at 2. Weaver therefore qualifies as the prevailing party on his anti-SLAPP motion, and he is entitled to fees under California Code of Civil Procedure § 425.16. *See Moore*, 69 Cal. App. 4th at 752–53.

In awarding fees, a court begins with the "lodestar," the number of hours reasonably expended multiplied by a reasonable hourly rate. *Gregory*, 2022 WL 1136798, at *4. Based on that analysis, Weaver is awarded $13,950 in attorney's fees. While Weaver sought $15,750, that amount included an anticipated five hours spent responding to Wescott's opposition to the motion for fees and appearing at the hearing on the motion. Wescott did not file an opposition, so the Court has reduced that requested amount by four hours.

Wescott has now dismissed the remaining two defendants in the case. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
VINCE CHHABRIA
United States District Judge